1  SCOTT J. FERRELL, Bar No. 202091
2  JAMES B. HARDIN, Bar No. 205071
   CALL, JENSEN & FERRELL
3  A Professional Corporation
   610 Newport Center Drive, Suite 700
4  Newport Beach, CA  92660
   Tel:  (949) 717-3000
5  Fax: (949) 717-3100
   sferrell@calljensen.com
6  jhardin@calljensen.com

7
   MARK P. ROBINSON, JR. Bar No. 54426
8  KEVIN F. CALCAGNIE, Bar No. 108994
   JEOFFREY L. ROBINSON, Bar No. 97852
9  ROBINSON, CALCAGNIE & ROBINSON INC.
   620 Newport Center Drive, 7th Floor
10 Newport Beach, CA 92660
   Tel: (949) 720-1288
11 Fax: (949) 720-1292
   mrobinson@rcrlaw.net
12 kcalcagnie@rcrlaw.net
   jrobinson@rcrlaw.net
13
14 Attorneys for Plaintiffs
   and the proposed class
15

16
              **UNITED STATES DISTRICT COURT**
17
            **CENTRAL DISTRICT OF CALIFORNIA**
18

| | |
|---|---|
| 19 MICHAEL RIVERA and DAN ABELL, individually and on Behalf of All Others Similarly Situated,<br>20<br>21              Plaintiff,<br>22<br>              vs.<br>23<br>24 BIO-ENGINEERED SUPPLEMENTS & NUTRITION, INC., d/b/a BSN, INC., a Florida Corporation, CHRISTOPHER FERGUSON, an individual, and DOES 1 through 10, inclusive;<br>26<br>27              Defendants. | Case No.  SACV07-1306 JVS (RNBx)<br><br>**MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:            February 25, 2008<br>Time:            1:30 p.m.<br>Judge:           Hon. James V. Selna<br>Courtroom:       10C<br><br>Complaint Filed: November 6, 2007<br>Trial Date:      None Set |

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008

# TABLE OF CONTENTS

Page

I.   Introduction...........................................................................................................1

II.  Background...........................................................................................................2

     A.   Factual Background.....................................................................................2

     B.   Procedural History......................................................................................4

     C.   Meet and Confer.........................................................................................4

III. Proposed Class definition ..................................................................................5

IV.  The Requirements of Rule 23(a) are Satisfied.................................................5

     A.   Numerosity Is Established As The Class Exceeds 100,000
          Members .....................................................................................................6

     B.   Commonality Is Easily Satisfied Because This Case Is
          Based On A Uniform Misrepresentation And Hinges On
          Several Common Issues ..............................................................................7

     C.   Typicality Is Satisfied Because Plaintiffs' Claims All Are
          Based On The Same Conduct And Involve The Same Injury
          As The Class Members................................................................................9

     D.   Adequacy Of Representation Is Also Satisfied By Plaintiffs
          And Their Counsel .....................................................................................9

          1.   Neither Plaintiffs Nor Their Counsel Has Any
               Conflict Of Interest With The Proposed Class ..................................10

          2.   Plaintiffs And Their Counsel Will Prosecute This
               Action Vigorously.............................................................................11

               a.   Mr. Rivera And Mr. Abell Are Adequate
                    Class Representatives.......................................................11

               b.   Counsel Is Qualified, Experienced And
                    Has The Resources To Vigorously
                    Prosecute This Action ......................................................11

V.   The Court Should Certify A Nationwide Rule 23(b)(2) Class
     Action..................................................................................................................12

     A.   Plaintiffs And The Class Complain Of Standardized
          Conduct Applicable To The Entire Class.................................................12

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                              i                    Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

B.  Plaintiffs' Primary Goal Is Injunctive Relief And An Order Enjoining Further Mislabeling Of The BSN Products ................................... 13

VI.  The Court Should Certify Three Classes Under Rule 23(b)(3) ............................. 14

A.  Common Issues Predominate Over Individual Issues For All Three Causes Of Action ................................................................................. 14

1.  In A Nationwide Unjust Enrichment Class, Common Questions Predominate Because There Are Few, If Any, Individualized Factual Issues And The Law Of Unjust Enrichment Is Remarkably Similar Throughout The Fifty States. .............................................. 15

2.  In A Nationwide Fraud Class, Common Issues Predominate Because There Are Few Individualized Factual Issues And The Law Of Fraud Is Not Materially Different In The Relevant Jurisdictions ........................... 16

3.  The UCL Claim Is Appropriate For Certification Of A California Class Because Common Factual And Legal Issues Clearly Predominate ....................................................... 20

B.  Class Treatment Is A Superior Method Of Adjudication .............................. 20

C.  Plaintiffs' Have Proposed A Manageable Trial Plan For Proceeding With A Nationwide Class Action ............................................... 22

VII.  RC&R and CJ&F Should Be Appointed Class Counsel ....................................... 23

VIII.  Conclusion ............................................................................................................. 24

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                                ii                    Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

# <u>TABLE OF AUTHORITIES</u>

Page

## FEDERAL CASES

*In re Abbott Laboratoriess Norvir Antitrust Litigation*,
2007 WL. 1689899 (N.D. Cal. June 11, 2007) ...................... 6, 15, 16, 20

*Amchem Products, Inc. v. Windsor*,
521 U.S. 591 (1997) ................................................. 14, 15, 21

*Barron Ford Motor Co.*,
965 F.2d 195 (7th Cir. 1992) .........................................22

*Blackie v. Barrack*,
524 F.2d 891 (9th Cir. 1975) ................................. 6, 17, 18

*Blue Cross/Blue Shield of Ala. v. Wyeth Pharms., Inc.*,
2006 WL. 1241019 (Ala. Cir. Ct. Feb. 27, 2006) ...................15

*Brentwood Investors v. Wal-Mart Stores, Inc.*,
1998 WL. 337968 (N.D. Cal. 1998).................................19

*Chamberlan v. Ford Motor Co.*,
402 F.3d 952 (9th Cir. 2005) .......................................21

*Crawford v. Honig*,
37 F.3d 485 (9th Cir. 1994) .......................................10

*Cummings v. Connell*,
316 F.3d 886 (9th Cir. 2003) .......................................10

*Curley v. AMR Corp.*,
153 F.3d 5 (2d Cir. 1998) .........................................23

*In re Complaint of Bankers Trust Co.*,
752 F.2d 874 (3d Cir. 1984) .......................................23

*Dukes v. Wal-Mart, Inc.*,
474 F.3d 1214 (9th Cir. 2007) ................................ 8, 11, 13, 21

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974) .................................................6

*In re First Alliance Mortgage Co.*,
471 F.3d 977 (9th Cir. 2006).....................................17

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

*General Telegraph Co. of Southwest v. Falcon,*
    457 U.S. 147 (1982) ..................................................................................6, 9

*Gulf Oil Co. v. Bernard,*
    452 U.S. 89 (1981) .........................................................................................2

*Haley v. Medtronic, Inc.,*
    169 F.R.D. 643 (C.D. Cal. 1996).................................................................11

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) ........................... 5, 6, 7, 8, 9, 10, 14, 15, 16

*Hanon v. Dataproducts Corp.,*
    976 F.2d 497 (9th Cir.  1992) ........................................................................9

*Matter of Holly's, Inc.,*
    140 B.R. 643 (W.D. Mich. 1992) ...............................................................19

*Medrano v. WCG Holdings, Inc.,*
    2007 WL. 4592113 (C.D. Cal. Oct. 15, 2007)  .........................................6

*Jean v. Dugan,*
    20 F.3d 255 (7th Cir. 1994) .......................................................................22

*Jimenez v. Domino's Pizza, Inc.,*
    238 F.R.D. 241 (C.D. Cal. 2006)................................................................11

*Jordan v. Los Angeles County,*
    669 F.2d 1311 (9th Cir. 1982) ......................................................................7

*In re LILCO Securities Litigation,*
    111 F.R.D. 663 (E.D.N.Y. 1986).................................................................22

*Lerwill v. Inflight Motion Pictures, Inc.,*
    582 F.2d 507 (9th Cir. 1978) ......................................................................10

*Maltz v. Union Carbide Chemical & Plastics Co., Inc.,*
    992 F. Supp. 286 (S.D.N.Y. 1998) .............................................................19

*In re Mego. Finance Corp. Sec. Litigation,*
    213 F.3d 454 (9th Cir. 2000) ........................................................................6

*Molski v. Gleich,*
    318 F.3d 937 (9th Cir. 2003) ......................................................................13

*Morris v. Castle Rock Entertainment, Inc.,*
    246 F. Supp. 2d 290 (S.D.N.Y. 2003) .......................................................19

MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

*Mortimore v. FDIC*, 197 F.R.D. 432 (W.D. Wash. 2000) ..............................7

*Negrete v. Allianz Life Insurance Co. of N. America*,
   238 F.R.D. 482 (C.D. Cal. 2006)...............................................14, 20

*Phillips Petroleum Company v. Shutts*,
   472 U.S. 797 (1985) .............................................................22

*Phillips v. Accredited Home Lenders Holding Co.*,
   2007 U.S. Dist. LEXIS 59880 (C.D. Cal. May 16, 2007)........................8

*Plan; PAI Corp. v. Integrated Science Solutions, Inc.*,
   2006 WL. 1390564 (N.D. Cal. 2006)......................................19

*In re Relafen Antitrust Litigation*,
   221 F.R.D. 260 (D. Mass. 2004) ........................................16

*Reynoso  v. South County Concepts*,
   2007 WL. 452119 (C.D. Cal. Oct. 15, 2007) ........................ 6, 7, 20, 21

*Santana, Inc. v. Levi Strauss and Co.*,
   674 F.2d 269 (D. N.C. 1982).............................................19

*Scherer v. Home Depot U.S.A., Inc.*,
   2006 WL. 931474 (E.D. Cal. 2006) .....................................19

*Simon v. Phillip Morris, Inc.*,
   124 F. Supp. 2d 46 (E.D.N.Y. 2000) .......................................23

*Singer v. AT&T Corp.*,
   185 F.R.D. 681 (S.D. Fla. 1998) .............................................15

*Slaven v. BP America, Inc.*,
   190 F.R.D. 649 (C.D. Cal. 2000).............................................7

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ..................................................8

*In re Syncor Erisa Litigation*,
   227 F.R.D. 338 (C.D. Cal. 2005)............................................2

*In re Terazosin Hydrochloride Antitrust Litigation*,
   220 F.R.D. 672 (S.D. Fla. 2004) ...........................................15

*In re Unioil Sec. Litigation*,
   107 F.R.D. 615 (C.D. Cal. 1985)............................................6

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                    iii                    Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

*Valentino*, 97 F.3d 1227 (C.A. 9 1996) ........................................................21

*Von Collin v. County of Ventura*,
    189 F.R.D. 583 (C.D. Cal. 1999)...................................................6

*Walters v. Reno*,
    145 F.3d 1032 (9th Cir. 1998) ....................................................12

*Westways World Travel, Inc. v. AMR Corp.*,
    218 F.R.D. 223 (C.D. Cal. 2003)...................................................6

*Yamamoto v. Omiya*,
    564 F.2d 1319 (9th Cir. 1977) ......................................................6

*Zinser v. Accufix Research Institute*,
    253 F.3d 1180 (9th Cir. 2001) .............................................5, 6, 14

## STATE CASES

*Mirkin v. Wasserman*,
    5 Cal. 4th 1082 (1993) ...............................................................18

*Pfizer, Inc. v. Superior Court*,
    141 Cal. App. 4th 290 (2006) )....................................................20

*In re Tobacco II Cases*,
    142 Cal.App.4th 891, 900 (2006)................................................20

*Richmond v. Dart Industrial, Inc.*,
    29 Cal. 3d 462 (1981) ..................................................................2

*Vasquex v. Superior Court*,
    4 P.2d  964 (1971) ......................................................................17

*Wash. Mutual Bank v. Superior Court*, 2
    4 Cal. 4th 906 (2001) .................................................................23

*Wilens v. TD Waterhouse Gp., Inc.*,
    120 Cal. App. 4th 746 (2003) ......................................................2

## FEDERAL STATUTES

Fed. R. Civ. P. 23(a) ...................................................................9

Fed. R. Civ. P. 23(a)(1)...............................................................6

MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

Fed. R. Civ. P. 23(a)(2) .................................................................................7, 8

Fed. R. Civ. P. 23(b)(2) ........................................................... 2, 5, 11, 24

Fed. R. Civ. P. 23(b)(3) ......................................... 2, 5, 11, 13, 16, 21, 24

Fed. R. Civ. P. 23(b)(3)(A) ...............................................................21

Fed. R. Civ. P. 23(b)(3)(B) ...............................................................21

Fed. R. Civ. P. 23(b)(3)(C) ...............................................................21

Fed. R. Civ. P. 23(b)(3)(D) ...............................................................21

Fed. R. Civ. P. 23(g) ................................................................. 2, 23, 24

Fed. R. Civ. P. 23(g)(1)(A) ...............................................................23

## OTHER AUTHORITY

Alan M. Mansfield, *Nationwide Class Actions in State Court: Starting With Shutts*, 1172 PLI: Corp. Law and Prac. Course Handbook Series 263, 270 (2000)...........................................................................22

*Newberg on Class Actions* § 3.3  (4th ed. 2002) ................................. 6, 21, 22

MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3    This is a very simple case about one big lie that Defendants tell to every single

4 customer who has purchased its Cellmass, Nitrix, and N.O.-Xplode products.  On every

5 bottle, Defendants proclaim that each product contains a large percentage of a

6 supposedly new and improved form of Creatine called "Creatine Ethyl Ester Malate" or

7 "CEM3."[1]   Based on this uniform misrepresentation, Defendants have sold tens of

8 thousands of bottles of these products, charging over $50 per bottle.   In truth,

9 Defendants' products **do not** contain any CEM3.[2]  Accordingly, this is a case that cries

10 out for a collective remedy for several reasons.

11    First, common factual issues predominate primarily because this case involves

12 the identical written misrepresentation made to every single class member.  Indeed, this

13 case can be largely resolved by considering a handful of factual issues on a classwide

14 basis: (1) Did Defendants claim CEM3 was in every bottle? (this fact is indisputable);

15 (2) Was CEM3 present in the products as claimed? (this fact is readily ascertained); and

16 (3) Have Plaintiffs and the Class been damaged, and if so, the nature and amount of the

17 damages?

18    Second, once those factual issues are resolved, the application of the relevant law

19 should pose no obstacle to certification.   As Plaintiffs have demonstrated in their

20 proposed Trial Plan filed concurrently herewith, the law of unjust enrichment and fraud

21 is largely uniform and the few minor differences in these causes of action in some of the

22 jurisdictions can be easily addressed with modified jury instructions.

23 / / /

24 / / /

25 _____

26 [1] For example, every bottle of Cellmass falsely states that 18% of its net weight is
comprised of CEM3.

27 [2] In response to this lawsuit, Defendants recently changed their website to remove all
prior claims that their products contain Creatine Ethyl Ester Malate or CEM3.  Now
28 Defendants claim only that their products contain Creatine.  (Declaration of James B.
Hardin Decl. "Hardin Decl.," ¶ 14; See also Exh. 3,4 to Hardin Decl.).

CALL, JENSEN
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                    1                    Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

Third, and more fundamentally, Defendants have sold tens of thousands of bottles of its products for over $50 each, based on a patently false representation as to their contents.

Accordingly, tens of thousands of consumers have lost $50 or more and people will continue to be defrauded by Defendants if an injunction does not issue prohibiting their false advertising. The Supreme Court has long recognized that class actions "serve an important function in our system of civil justice." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981). "Class actions are designed to adjudicate the claims of many individuals at the same time, thereby eliminating the possibility of repetitious litigation and providing small claimants with a method of obtaining redress for claims that would otherwise be too small to warrant individual litigation." *Wilens v. TD Waterhouse Gp., Inc.*, 120 Cal.App.4th 746, 752 (2003) (citing *Richmond v. Dart Indus., Inc.*, 29 Cal.3d 462, 469 (1981)). In addition, "allowing these individual claims to move forward separately would create a risk of inconsistent judgments involving identical [misrepresentations by BSN] exactly the problem which class actions are designed to prevent." *In re Syncor Erisa Litig.*, 227 F.R.D. 338, 343 (C.D. Cal. 2005).

Therefore, Plaintiffs Mike Rivera and Dan Abell, on behalf of themselves and the proposed class, respectfully request that the Court issue an order granting this motion for class certification and : (1) certifying a nationwide Rule 23(b)(2) class; (2) certifying a nationwide Rule 23(b)(3) unjust enrichment class; (3) certifying a nationwide fraud Rule 23(b)(3) class; (4) certifying a California UCL Rule 23(b)(3) class; and (5) appointing Robinson, Calcagnie & Robinson and Call, Jensen & Ferrell as class counsel pursuant to Fed. R. Civ. P. 23(g).

## II.    BACKGROUND

### A.    <u>Factual Background</u>

Defendant Bio-Engineered Supplements & Nutrition, Inc. ("BSN") develops, manufactures, and sells nutritional supplements. "BSN is one of the leading sellers of

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                2                Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

1  various nutritional supplements and claims to be one of the fastest growing private
2  companies in the United States." (Compl., ¶ 2) "A key reason for BSN's meteoric
3  growth is its claim that its products are technologically superior to those of competitors
4  and will lead to better results or performance." (Compl., ¶ 16) [3]. Three of BSN's top-
5  selling products are Cellmass, Nitrix, and N.O.-Xplode. (Compl., ¶ 3. *See also* Exh. 1
6  to Hardin Decl.).

7        BSN claims – on each product label – that these products contain an allegedly
8  superior form of creatine it calls "Creatine Ethyl Ester Malate," otherwise referred to as
9  "CEM3™." (Compl., ¶ 3). For example, every bottle of Cellmass states that 18% of its
10  content is comprised of CEM3 a supposedly superior form of creatine (such as Creatine
11  Monohydrate and Creatine Ethyl Ester). Accordingly, BSN and its distributors
12  generally charge at least $50 per bottle for these products. However, that representation
13  is blatantly false. The truth is BSN's products do not contain any CEM3. (Compl., ¶¶
14  4, 6, 18). "Yet, BSN continues to make these clearly false claims in its advertisements,
15  on its website, and on product labels even though it knows such statements are false."
16  (Compl., ¶ 4).

17        Based on this uniform representation, tens of thousands of consumers, including
18  Plaintiffs Mike Rivera and Dan Abell, have purchased and used BSN's Cellmass,
19  Nitrix, and N.O.-Xplode products. As stated in Plaintiffs' declarations submitted
20  herewith, each of them repeatedly purchased and used BSN's products based on the
21  representation that they contained a new and improved form of creatine, i.e., Creatine
22  Ethyl Ester Malate. (Declaration of Michael Rivera "Rivera Decl.," ¶ 3; Declaration of
23  Dan Abell "Abell Decl.," ¶¶ 4-6.)

24        Based upon Defendants' uniform and standardized false and fraudulent
25  mislabeling of the BSN products, Defendants have received money through the sale of

26

27  [3] "In 2006, BSN generated more than $80 million in sales." Ferguson Decl., ¶ 8. *See
also* 2007 WLNR 16424699, *26 Florida Companies Make Inc. 500*, S. Fla. Bus. J.
(Aug. 23, 2007) (noting that BSN "reported 80.8 million in revenue last year.").

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008          3          Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

the Cellmass, Nitrix, and N.O.-Xplode products and have reaped substantial profit by misrepresenting the fact that these products supposedly contain CEM3 when, in fact, they do not.. (Compl., ¶¶ 30, 31).

Apparently in response to this lawsuit, Defendants have begun to change their advertising to remove prior claims that its products contained CEM3. Specifically, Plaintiffs learned that Defendants recently changed their website to remove all of the prior statements that their products contain CEM3. Instead, Defendants now claim that their products simply contain "creatine." (Hardin Decl., ¶ 14; *see also* Exh. 3,4 to Hardin Decl.).

## B.    Procedural History

On November 6, 2007, Plaintiffs filed a class action complaint against BSN and Christopher Ferguson for: (1) unjust enrichment; (2) fraud; and (3) violation of the unfair competition law, on behalf of all persons in the United States who purchased any BSN product purportedly containing CEM3, including BSN's Cellmass, Nitrix, and N.O.-Xplode products, from November 6, 2003 through the date of class certification. (*See* Compl., ¶ 19). On or about December 19, 2007, BSN answered Plaintiffs' complaint, but Ferguson brought a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. That motion is set for hearing on February 1, 2008.

## C.    Meet and Confer

Under Local Rule 23-3, a party alleging a class action must move for class certification within 90 days of filing the initial complaint. Accordingly, the last day for Plaintiffs to move for class certification is February 13, 2007. (*See* Hardin Decl., ¶ 14). Before bringing this motion and consistent with Local Rule 7-3, counsel for Plaintiffs met and conferred with counsel for Defendants regarding the substance of this motion. (*See* Hardin Decl., ¶¶ 11-13; *see also* Exhs. 1, 2 to Hardin Decl.).

/ / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                              4                    Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

## III.    PROPOSED CLASS DEFINITION

Plaintiffs seek to certify the following nationwide class pursuant to Rule 23(a), 23(b)(2) and 23(b)(3):

> Class A: All persons residing in the United States who, from November 6, 2003 to the date of certification, purchased any BSN product labeled as containing "Creatine Ethyl Ester Malate" or "CEM3," including but not limited to "Cellmass," "Nitrix," and "N.O.-Xplode" products.[4]

In addition, Plaintiffs seek class certification under Rule 23(a), 23(b)(2) and 23(b)(3) of the following California class:

> Class B: All persons residing in the State of California who, from November 6, 2003 to the date of certification, purchased any BSN product labeled as containing "Creatine Ethyl Ester Malate" or "CEM3," including but not limited to "Cellmass," "Nitrix," and "N.O.-Xplode" products.

## IV.    THE REQUIREMENTS OF RULE 23(A) ARE SATISFIED

Commonly referred to as the numerosity, commonality, typicality and adequacy requirements, *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998), under Fed. R. Civ. P. 23(a), a district court may certify a class if: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

"As the party seeking class certification," Plaintiffs bear the burden of demonstrating that "each of the four requirements of Rule 23(a) *and* at least one of the requirements of Rule 23(b)" are met. *Zinser v. Accufix Research Inst.*, 253 F.3d 1180, 1186 (9th Cir. 2001) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)(italics added). Courts engage in a "rigorous analysis" to determine whether the

---

[4] Excluded from both Class A and Class B are governmental entities; Defendants; any entity in which Defendants have a controlling interest; Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns; this Court; members of the Court's immediate family, and judicial staff; and counsel for the parties and their staff.

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01: 2.1.2008          5          Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES

1    requirements of Rule 23 are satisfied. *Gen. Tel. of the Sw. v. Falcon*, 457 U.S. 147, 161

2    (1982). However, in analyzing whether plaintiffs have met their burden to show that

3    these requirements are satisfied, the allegations of the plaintiffs' complaint are taken as

4    true. *Blackie v. Barrack*, 524 F.2d 891, 900-01 (9th Cir. 1975); *accord Westways*

5    *World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 230 (C.D. Cal. 2003).

6        Generally, courts do not make a preliminary inquiry regarding the merits, *Eisen v.*

7    *Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974), however, "notwithstanding [the]

8    obligation to take the allegations in the complaint as true, the Court is at liberty to

9    consider evidence which goes to the requirements of Rule 23 even though the evidence

10   may also relate to the underlying merits of the case." *In re Unioil Sec. Litig.*, 107 F.R.D.

11   615, 618 (C.D. Cal. 1985). Ultimately, all that is necessary is enough information "to

12   form a reasonable judgment on each requirement." *Blackie*, 524 F.2d at 901 n. 17.

13   District courts have "broad discretion" to determine whether the Rule 23 requirements

14   are met. *Zinser*, 253 F.3d at 1186. *In re Mego. Fin. Corp. Sec. Litig.*, 213 F.3d 454,

15   461 (9th Cir. 2000); *Yamamoto v. Omiya*, 564 F.2d 1319, 1325 (9th Cir. 1977). Further,

16   the Rule 23(a) requirements are permissive. S*ee e.g.*, *Reynoso v. South County*

17   *Concepts*, 2007 WL 4592119, *3 (C.D. Cal. Oct. 15, 2007); *Medrano v. WCG*

18   *Holdings, Inc.*, 2007 WL 4592113, *3 (C.D. Cal. Oct. 15, 2007).

19

20       **A.    Numerosity Is Established As The Class Exceeds 100,000 Members**

21       "The prerequisite of numerosity is discharged if 'the class is so large that joinder

22   of all members is impracticable.'" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th

23   Cir. 1998) (quoting Fed. R. Civ. P. 23(a)(1)). "Where 'the exact size of the class is

24   unknown, but general knowledge and common sense indicate that it is large, the

25   numerosity requirement is satisfied.'" *In re Abbott Labs. Norvir Antitrust Litig.*, 2007

26   WL 1689899, *6 (N.D. Cal. June 11, 2007) (quoting *Newberg on Class Actions* § 3.3

27   (4th ed. 2002)). *See also Von Collin v. County of Ventura*, 189 F.R.D. 583, 590 (C.D.

28   Cal. 1999).

CALL, JENSEN
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                6                Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

Although the number of class members by itself is not dispositive, as a general matter, courts have found that the numerosity requirement is satisfied when class size exceeds 40 members.  *See Slaven v. BP Am., Inc*., 190 F.R.D. 649, 654 (C.D. Cal. 2000) (citations omitted).  Other facts include geographical diversity, ability of individual claimants to institute separate suits, and whether injunctive or declaratory relief is sought.  *Jordan v. Los Angeles County*, 669 F.2d 1311, 1319 (9th Cir. 1982).

Here, all of the relevant considerations favor class certification.  Although Plaintiffs have not yet had an opportunity to conduct discovery, the total class is estimated to consist of "tens of thousands," and could be larger.  (*see* Compl., ¶¶ 6, 23).  Counsel for Defendants has previously estimated that the class likely consisted of "50,000 to 100,000" members.  (Hardin Decl., ¶ 10; *see also* Exh. 1 to Hardin Decl.).  Furthermore, a substantial part of Defendants' $160,000,000 revenue in 2007 is attributable to sales of the BSN Cellmass, Nitrix and N.O.-Xplode products.  Recently, Defendants issued a press release, denying the allegations in this lawsuit, implying that the class consists of many thousands of members.  (Exh. 3 to Hardin Decl. ("Can millions of customers and numerous awards be wrong?")).

Given the size and geographical diversity of the class members, the numerosity factor is satisfied.  *See Reynoso*, 2007 WL 4592119, *2 ("The sheer number of potential class members justifies the Court's finding that the class in this case meets the numerosity requirement.").

**B.    Commonality Is Easily Satisfied Because This Case Is Based On A Uniform Misrepresentation And Hinges On Several Common Issues**

Under Rule 23(a)(2), there must be questions of law and/or fact common to the proposed class.  Courts have described the showing needed to meet the commonality requirement as "minimal" and "not high." *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1020 (9th Cir. 1998); *accord Mortimore v. FDIC*, 197 F.R.D. 432, 436 (W.D. Wash. 2000).

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                    7                    Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

1   In assessing commonality, "[t]he existence of shared legal issues with divergent

2   factual predicates is sufficient, as is a common core of salient facts coupled with

3   disparate legal remedies within the class." *Hanlon*, 150 F.3d at 1019.    Additionally,

4   "[t]he commonality test is qualitative rather than quantitative – one significant issue

5   common to the class may be sufficient to warrant certification."  *Dukes v. Wal-Mart,*

6   *Inc.*, 474 F.3d 1214, 1225 (9th Cir. 2007).

7       Here, this case is based on a uniform misrepresentation made prominently on

8   every bottle sold to every class member.  Accordingly, the claims of all class members

9   "stem from the same source."  S*ee Hanlon*, 150 F.3d at 1019-20.  Indeed, the case can

10  be boiled down to a few common issues that can easily be resolved according to class-

11  wide proof:

13      Issue 1:      Did Defendants claim CEM3 was in every bottle?

14      Issue 2:      Was CEM3 present in the products as claimed?

15      Issue 3:      Have Plaintiffs and the Class been damaged and if so, the
                      nature and amount of the damages?

17      Issue 4:      Does Defendants' conduct constitute fraud under applicable
                      law?

19      Issue 5:      Does Defendants' conduct constitute unjust enrichment under
                      applicable law?

20      Issue 6:      Does Defendants' conduct constitute unfair competition under
21                    applicable law?

22      Accordingly, there is clearly a common core of salient facts and legal issues.  *See*

23  *Hanlon*, 150 F.3d at 1019; *see also Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir.

24  2003); *Phillips v. Accredited Home Lenders Holding Co.*, 2007 U.S. Dist. LEXIS 59880

25  (C.D. Cal. May 16, 2007) (commonality satisfied where claims arose from "the same

26  solicitations").  Thus, the Rule 23(a)(2) commonality requirement is easily satisfied.

27  / / /

28  / / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                                    8                    Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**C.** **Typicality Is Satisfied Because Plaintiffs' Claims All Are Based On The Same Conduct And Involve The Same Injury As The Class Members**

Third, "[t]he typicality prerequisite of Rule 23(a) is fulfilled if 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" *Hanlon*, 150 F.3d at 1020 (quoting Fed. R. Civ. P. 23(a)(3)). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *accord Dukes*, 474 F.3d at 1232. Under Rule 23(a)'s "permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 140 F.3d at 1020. *See also Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 (1982).

Here, the claims of Mr. Rivera and Mr. Abell are identical to the claims of the proposed Class. Plaintiffs purchased and used BSN's products because they believed that the products contained CEM3 as claimed on the label. (Rivera Decl., ¶ 3; *accord* Abell Decl., ¶¶ 4-6). Plaintiffs' claims pose the same questions of law and fact as the class members and arise from the same label claims that give rise to the claims of the other class members. Plaintiffs suffered the same injury – the loss of the purchase price and seek an injunction on behalf of all Class members. Accordingly, Plaintiffs are well-suited to represent the Class.

**D.** **Adequacy Of Representation Is Also Satisfied By Plaintiffs And Their Counsel**

"The final hurdle interposed by Rule 23(a) is that 'the representative parties will fairly and adequately protect the interests of the class.'" *Hanlon*, 150 F.3d at 1020 (quoting Fed. R. Civ. P. 23(a)(4)).

CALL, JENSEN & FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                    9                    Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

1  "Resolution of two questions determines legal adequacy: (1) do the named

2  plaintiffs and their counsel have any conflicts of interest with other class members and

3  (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf

4  of the class?" *Id.  See also Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512

5  (9th Cir. 1978); *Hanlon*, 150 F.3d at 1021; *Crawford v. Honig*, 37 F.3d 485, 487 (9th

6  Cir. 1994).

7

8  **1.    Neither Plaintiffs Nor Their Counsel Has Any Conflict Of**

9  **Interest With The Proposed Class**

10  The class representatives may not have interests antagonistic to the remainder of

11  the class.  Lerwill v. Inflight Motion Pictures, Inc., 582 F. 2d 507, 512 (9th Cir. 1978).

12  Here, Plaintiffs' claims arise from the same uniform misrepresentation and standardized

13  conduct of Defendants as the Class and Plaintiffs seek remedies equally applicable and

14  beneficial to the Class.  Although Defendants initially issued a press release denying the

15  allegations in this lawsuit and implying that this case is being brought to benefit a

16  "competitor" of BSN (David Lopez, Supplement Direct, and SupplementPolice.com,

17  former clients of Call, Jensen & Ferrell (*See* Exh. 4 to Hardin Decl.), the truth is

18  Plaintiffs have never even heard of David Lopez, Supplement Direct or

19  SupplementPolice.com.  (Rivera Decl., ¶ 5; *accord* Abell Decl., ¶9).

20  Instead, they are bringing this lawsuit to try to stop BSN's false labeling of its

21  products so that consumers know what they are buying and putting into their bodies.

22  (Rivera Decl., ¶ 6; *accord* Abell Decl., ¶11).  In sum, Plaintiffs have no conflict of

23  interest with any members of the Class.  (*See* Rivera Decl., ¶¶ 4-5; see also Abell Decl.,

24  ¶¶ 7-9).  Similarly, Plaintiffs' counsel has no conflicts of interest with the Class.  The

25  fact that Call, Jensen & Ferrell has a former attorney-client relationship with a party

26  BSN previously sued has no bearing on this case and certainly poses no cognizable

27  conflict.  *See Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003) ("this circuit

28  does not favor [t]he denial of class certification on the basis of speculative conflicts.").

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

1  Therefore, the record clearly demonstrates that Plaintiffs and their counsel have no

2  conflicts of interest with the proposed Class.

3

4        **2.**    **Plaintiffs And Their Counsel Will Prosecute This Action**

5              **Vigorously**

6              **a.**    **Mr. Rivera And Mr. Abell Are Adequate Class**

7                  **Representatives**

8       The general rule is that an adequate class representative needs only to have

9  personal experience with the claims of the lawsuit and a general familiarity with the

10  facts, but not necessarily a clear recollection of all facts relevant to their claims.  See

11  e.g., Jimenez v. Domino's Pizza, Inc., 238 F.R.D. 241, 249 (C.D. Cal. 2006).

12       Here, Plaintiffs have personal experience with the claims of the lawsuit and are

13  quite familiar with the underlying facts.  (*See* Rivera Decl., ¶¶ 3-6; see also Abell Decl.,

14  ¶¶ 4-10).  Both Mr. Rivera and Mr. Abell are personal trainers and both purchased and

15  used the BSN products based on BSN's label promises that these products contained

16  CEM3, a supposedly superior form of creatine.  Mr. Rivera and Mr. Abell will actively

17  monitor and control this litigation and protect the interests of the class.

18

19              **b.**    **Counsel Is Qualified, Experienced And Has The Resources**

20                  **To Vigorously Prosecute This Action**

21       In considering the requirement that "Plaintiffs are represented by qualified and

22  competent counsel[,]" *Dukes*, 474 F.3d at 1233, "the Court will look to the professional

23  qualifications, skills, experience and resources of the lawyers."  *Haley v. Medtronic,*

24  *Inc.*, 169 F.R.D. 643, 650 (C.D. Cal. 1996).  Plaintiffs are represented in this case by

25  two prominent law firms with extensive experience in complex and class action

26  litigation.  Robinson, Calcagnie & Robinson ("RC&R") is one of the finest Plaintiffs'

27  litigation firms in the nation, with a remarkable track record of experience and success

28  representing consumers in a variety of complex litigation, class actions, and multi-

MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

1  district litigation.  (*See* Declaration of Jeoffrey L. Robinson "Robinson Decl.," ¶¶ 2-10).

2  Call, Jensen & Ferrell ("CJ&F") is also a well-respected firm with substantial relevant

3  experience in class action litigation.  Over the last five years, CJ&F has participated in

4  at least fifty class action lawsuits in California state and federal courts.  In the past

5  several years alone, CJ&F has obtained over $140 million in verdicts and settlements

6  for its clients. (Hardin Decl., ¶ 3).  As explained in the declaration of Mark P. Robinson,

7  Jr. of RC&R and James B. Hardin of CJ&F, Plaintiffs' counsel has the qualifications,

8  skill, experience and resources to vigorously prosecute this action.  (See generally

9  Robinson Decl.; Hardin Decl.).

10

11  **V.    THE COURT SHOULD CERTIFY A NATIONWIDE RULE 23(b)(2)**

12  **CLASS ACTION**

13      **A.    <u>Plaintiffs And The Class Complain Of Standardized Conduct</u>**

14             **<u>Applicable To The Entire Class</u>**

15  Pursuant to Rule 23(b)(2), a class action is properly certified where the party

16  against whom the relief is sought "has acted or refused to act on grounds generally

17  applicable to a class of persons, thereby making appropriate final injunctive relief . . .

18  with respect to the class as a whole."  Fed. R. Civ. P. 23(b)(2).  Setting forth a minimal

19  standard, for a Rule 23(b)(2) class to be certified, "[i]t is sufficient if class members

20  complain of a pattern or practice that is generally applicable to the class as a whole[,

21  e]ven if some class members have not been injured by the challenged practice."

22  *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998).  "Although common issues must

23  predominate for class certification under Rule 23(b)(3), no such requirement exists

24  under 23(b)(2).  *Id.*

25  Here, Plaintiffs and the class complain of a standard and uniform practice of

26  fraudulent and false labeling of the BSN products that is generally applicable to the

27  Class as a whole.

28  / / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                    12                    Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

**B.**    <u>**Plaintiffs' Primary Goal Is Injunctive Relief And An Order Enjoining**</u>
<u>**Further Mislabeling Of The BSN Products**</u>

"[C]lass actions certified under Rule 23(b)(2) are not limited to actions requesting only injunctive or declaratory relief, but may include cases that also seek monetary damages." *Molski v. Gleich*, 318 F.3d 937, 949 (9th Cir. 2003) (explaining that "the claim for monetary damages must be secondary to the primary claim for injunctive or declaratory relief."). In determining the applicability of Rule 23(b)(2), district courts "examine the specific facts and circumstances of the case, focusing predominantly on the plaintiff's intent in bringing the suit." *Dukes*, 474 F.3d at 1234. The key question is whether the plaintiffs' primary goal is to obtain injunctive relief, not whether plaintiffs will ultimately prevail or the possible size of the damages award. *See id*. at 1234-35.

Here, Plaintiffs have demonstrated that their primary goal in bringing this action is to obtain injunctive relief and stop Defendants' false and misleading label claims regarding CEM3 in the BSN Cellmass, Nitrix and N.O.-Xplode products. (Rivera Decl., ¶ 6; *accord* Abell Decl., ¶ 11). Plaintiffs want to make sure that the labels for the BSN products are accurate so that users of such products can know what they are putting in their bodies. (*See* Rivera Decl., ¶ 5; *see also* Abell Decl., ¶ 11).

The damages component of the claims in this case, though substantial, is secondary to the goal of stopping the false labeling. *Compare Dukes*, 474 F.3d at 1235 (a suit by current and former employees for gender discrimination was primarily motivated by the desire to protect those class members); *Molski*, 318 F.3d at 950 (primary goal was to end practice of disability discrimination by owner and operator of service stations).

Plaintiff's UCL claim alleges that injunctive relief is necessary to prevent further fraudulent and unfair business practices by Defendants, that money damages alone would not afford adequate and complete relief, and that injunctive relief is necessary to restrain Defendants from continuing to commit their fraudulent and unfair policies.

/ / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                13                Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

1    **VI.    THE COURT SHOULD CERTIFY THREE CLASSES UNDER RULE**
2    **23(B)(3)**

3        Class certification pursuant to Rule 23(b)(3) requires that "the questions of law or
4    fact common to the members of the class predominate over any questions affecting only
5    individual members, and that a class action is superior to other available methods for
6    the fair and efficient adjudication of the controversy."   Fed. R. Civ. P. 23(b)(3).
7    "Certification under Rule 23(b)(3) is proper 'whenever the actual interests of the parties
8    can be served best by settling their differences in a single action." *Negrete v. Allianz*
9    *Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 489 (C.D. Cal. 2006) (quoting *Hanlon*, 150
10   F.3d at 1022).

11       Here, as set forth in the Trial Plan submitted with this Motion, Plaintiff proposes
12   the following three classes under Rule 23(b)(3): (1) a nationwide unjust enrichment
13   class; (2) a nationwide fraud class; and (3) a California statewide class for violation of
14   the unfair competition law.

15       **A.    Common Issues Predominate Over Individual Issues For All Three**
16       **Causes Of Action**

17       "The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are
18   sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc.*
19   *v. Windsor*, 521 U.S. 591, 623 (1997). "When common questions present a significant
20   aspect of the case and they can be resolved for all members of the class in a single
21   adjudication, there is a clear justification for handling the dispute on a representative
22   rather than individual basis." *Hanlon*, 150 F.3d at 1022.

23       The Court rests its examination on the legal or factual questions of the individual
24   class members. *Hanlon*, 150 F.3d at 1022.  Central to this inquiry is "the notion that the
25   adjudication of common issues will help achieve judicial economy." *Zinser*, 253 F.3d at
26   1189 (quoting *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996)).
27   "The policy at the very core of the class action mechanism is to overcome the problem

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

1    that small recoveries do not provide the incentive for any individual to bring a solo

2    action prosecuting his or her rights." *Amchem Prods., Inc.*, 521 U.S. at 617.

4    **1.    In A Nationwide Unjust Enrichment Class, Common Questions**

5    **Predominate Because There Are Few, If Any, Individualized**

6    **Factual Issues And The Law Of Unjust Enrichment Is**

7    **Remarkably Similar Throughout The Fifty States**

8    Here, common questions of fact and law predominate over any alleged

9    idiosyncratic differences between proposed class members.

10   Common factual issues predominate because all of Plaintiffs' claims – unjust

11   enrichment, fraud, and violation of the UCL – are based on the identical

12   misrepresentation that BSN uniformly makes on every single supplement bottle it sold

13   to the proposed class members. *See e.g., Hanlon v. Chrysler Corp.*, 140 F. 3d 1011,

14   1022 (9th Cir. 1998). As discussed above in section III.B. regarding "commonality," the

15   factual questions posed by this case are simple – was the misrepresentation on every

16   bottle, was CEM3 in fact contained in the bottles, and what are the damages. These are

17   all common issues that can be easily proven on a classwide basis. Indeed, there are few,

18   if any, individualized factual issues posed by a nationwide unjust enrichment claim.

19   Common legal issues also predominate primarily because, as the analysis in the

20   Trial Plan demonstrates, the law of unjust enrichment is remarkably similar throughout

21   the fifty states and the District of Columbia. "[S]tate law claims of unjust enrichment

22   'are universally recognized causes of action that are materially the same throughout the

23   United States.'" *In re Terazosin Hydrocholoride Antitrust Litig.*, 220 F.R.D. 672, 697 n.

24   40 (S.D. Fla. 2004) (quoting *Singer v. AT&T Corp.*, 185 F.R.D. 681, 692 (S.D. Fla.

25   1998). "[U]njust enrichment is recognized in a virtually identical fashion in every

26   jurisdiction in the United States." *Blue Cross/Blue Shield of Ala. v. Wyeth Pharms.,*

27   *Inc.*, 2006 WL 1241019, *5 (Ala. Cir. Ct. Feb. 27, 2006). *See also In re Abbott Labs.*

28   *Norvir Antitrust Litig.*, 2007 168999, *8 (N.D. Cal. June 11, 2007) . While

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                15                Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

1    "[d]ifferences in state law claims can outweigh the similarities, precluding class

2    certification as to those claims[,]" such "differences do not always outweigh the

3    similarities, especially in cases concerning unjust enrichment." *Id*. at *9 (citations

4    omitted) (emphasis added).[5]

5      Here, as the *In re Abbot Laboratories Antitrust Litigation* court explained, "the

6    variations among some states' unjust enrichment laws do not significantly alter the

7    central issue or manner of proof." *Id*. at *9. Rather, "[c]ommon to all class members

8    and provable on a class-wide basis is whether [Defendants] unjustly acquired additional

9    revenue or profits by virtue" of false and misleading labeling of the BSN Cellmass,

10    Nitrix, and N.O.-Xplode products. *Id*. "The 'idiosyncratic differences' between state

11    unjust enrichment laws 'are not sufficiently substantive to predominate over the shared

12    claims.'" *Id*. (citing *Hanlon*, 150 F.3d at 1022). "Further, failure to certify the unjust

13    enrichment claims could result in class members having to file thousands of individual

14    suits in which discovery and factual issues would be nearly identical." *Id*. at *10. Thus,

15    as in *In re Abbot Laboratories Antitrust Litigation*, this Court should conclude that

16    common questions predominate over individual issues and that "a class action is the

17    superior method of resolving the unjust enrichment claims." *Id*.

18

19            **2.**      **In A Nationwide Fraud Class, Common Issues Predominate**

20                   **Because There Are Few Individualized Factual Issues And The**

21                   **Law Of Fraud Is Not Materially Different In The Relevant**

22                   **Jurisdictions**

23      In addition, Plaintiffs' second cause of action for fraud is also appropriate for

24    nationwide class certification under Rule 23(b)(3) because common factual and legal

25    issues predominate.

26

27    [5] *See also Hanlon*, 150 F.3d at 1022 ("Variations in state law do not necessarily preclude a 23(b)(3) action."); *In re Relafen Antitrust Litig*., 221 F.R.D. 260, 270-80 (D. Mass. 2004) (finding the differences between states unjust enrichment claims to be minor and "largely irrelevant.").

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

28

RIV03-01: 2.1.2008        16        Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

1    As discussed above in preceding section (V.A.1), unlike most putative fraud class

2    actions that are based on an array of oral and written representations, this case is much

3    simpler because it deals with a uniform, written misrepresentation made to every single

4    class member. The primary issue for trial is simply whether the uniform representation

5    is true or false. Accordingly, there are few, if any, significant individualized factual

6    issues posed by a nationwide fraud class here.

7    Defendants may argue that Plaintiffs' fraud claim poses individualized issues of

8    reliance. However, any alleged individual differences in reliance of potential class

9    members on the uniform misrepresentations do not outweigh the common course of

10   Defendants' conduct. *See e.g., In re First Alliance Mortgage Co.*, 471 F. 3d 977, 989-

11   991 (9th Cir. 2006). In *First Alliance*, the Ninth Circuit upheld the district court's

12   certification of a class of borrowers alleging fraud, noting that "[c]lass treatment has

13   been permitted in fraud cases where, as in this case, a standardized sales pitch is

14   employed." Rejecting the defendants' argument that individualized reliance issues

15   predominated, the Ninth Circuit found that it "is the underlying scheme which demands

16   attention. Each plaintiff is similarly situated with respect to it, and it would be folly to

17   force each bond purchaser to prove the nucleus of the alleged fraud again and again."

18   *Id.* at 990-91.

19   According to *First Alliance*, the relevant test is whether fraud claims stem from a

20   "common course of conduct." *Id*. at 990, *quoting Blackie*, 524 F. 2d at 902

21   ("Confronted with a class of purchasers allegedly defrauded over a period of time by

22   similar misrepresentations, courts have taken the common sense approach that the class

23   is united by a common interest in determining whether a defendant's course of conduct

24   is in its broad outlines actionable, which is not defeated by slight differences in class

25   members' positions").

26   The Ninth Circuit's view accords with that of the California Supreme Court that

27   reliance may be inferred on a classwide basis where the alleged fraud arises from

28   uniform and standardized misrepresentations. In *Vasquex v. Superior Court*, 4 P. 2d

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                                    17                    Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

964, 970 (1971), the Court found that if the plaintiffs "can establish without individual testimony that the representations were made to each plaintiff and that they were false, it should not be unduly complicated to sustain the burden of proving reliance thereon as a common element."  The *Vasquez* Court went on to state:

> The rule in this state and elsewhere is that it is not necessary to show reliance upon false representations by direct evidence.  The fact of reliance upon alleged false representations may be inferred from the circumstances attending the transaction which oftentimes afford much stronger and more satisfactory evidence of the inducement which prompted the party defrauded to enter into the contract than his direct testimony to the same effect . . . The requirement that reliance must be justified in order to support recovery may also be shown on a class basis.  If the court finds that a reasonable man would have relied upon the alleged misrepresentations, an inference of justifiable reliance by each class member would arise.

Therefore, based on the "common course of conduct" at issue in this case, class certification is appropriate.  *Blackie*, 524 F.2d at 903-04.  *See also Benson v. Int'l Star Registry of Ill., Ltd.*, Case No. SACV 05-1147-JVS (MLGx), at p. 8.[6]

Moreover, as demonstrated in the extensive analysis in the Trial Plan, common legal issues predominate here as well.  Plaintiffs' emphasis shows that all fifty states and the District of Columbia require proof of the same five basic elements for fraud. Therefore, instructing a jury on the applicable law of fraud would not be particularly troublesome here.

While Defendants may point to a number of cases where courts have refused to certify nationwide fraud class actions, such cases are factually and legally distinguishable.  First, this case involves few, if any, individualized factual issues because it is based on uniform written misrepresentation that Defendants made to every single class member.

---

[6] In *Mirkin v. Wasserman*, 5 Cal.4th 1082 (1993), the California Supreme Court rejected a presumption of reliance on a class-wide basis when the same *omission* had not been communicated to each class member, *id*. at 1090, but continued to recognize that when the same *misrepresentations* have been communicated, an inference to reliance may arise as to the entire class.  *Id*. at 1095 (citing *Vasquez*, 4 Cal.3d at 814).

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                    18                    Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

1    Second, many courts who have refused to certify a nationwide class have focused
2    on the plaintiff's failure to carry their burden of conducting an analysis of the elements
3    of fraud claim based under the laws of each of the 50 states.  Here, Plaintiffs have
4    thoroughly analyzed the requirements for fraud claims under each state's laws and
5    articulated a manageable and realistic approach for trial.

6    Third, as demonstrated in the trial plan, the elements of fraud are substantially the
7    same, if not nearly identical, nationwide.  *See*, *e.g*., Exh. A to Pl. Trial Plan; *PAI Corp.*
8    *v. Integrated Science Solutions, Inc*., 2006 WL 1390564, *6 (N.D. Cal. 2006) ("The
9    elements of fraud in Tennessee and California are essentially the same."); *Brentwood*
10   *Investors v. Wal-Mart Stores, Inc*., 1998 WL 337968, *11 (N.D. Cal. 1998) ("[T]he
11   elements to establish [] fraud under California and Mississippi law are the same.");
12   *Maltz v. Union Carbide Chem. & Plastics Co., Inc*., 992 F.Supp. 286, 306 (S.D.N.Y.
13   1998) ("The elements of a claim of fraud in California, Ohio and Texas are essentially
14   the same."); *Matter of Holly's, Inc.*,  140 B.R. 643, 692 (W.D. Mich. 1992) ("In
15   analyzing fraud, California law and Michigan law are the same[,]" and  "[b]ecause the
16   elements of fraud are the same whether applying Michigan or California law, it is not
17   necessary for the court to make a choice of law decision and it will apply Michigan
18   law."); *Scherer v. Home Depot U.S.A., Inc*., 2006 WL 931474, *1 (E.D. Cal. 2006)
19   ("Because the law governing fraud claims is the same in California and Texas, the
20   choice of law analysis need go no further."). *Morris v. Castle Rock Entmt., Inc*., 246
21   F.Supp.2d 290, 296 (S.D.N.Y. 2003) (noting that both New York and California "have
22   nearly identical requirements to prove common law fraud."); *Santana, Inc. v. Levi*
23   *Strauss and Co*., 674 F.2d 269, 274 (D. N.C. 1982) ("[T]he elements of fraud in North
24   Carolina and California are identical[.]").

25   Indeed, the Advisory Committee Notes and Rule 23(b)(3) state:  "a fraud
26   perpetrated on numerous persons by the use of similar [or the same] misrepresentations
27   may be an appealing situation for a class action."  Adv. Comm. Notes and Fed. R. Civ.
28   P. 23(b)(3).

CALL, JENSEN
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                              19                          Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3

### 3.    The UCL Claim Is Appropriate For Certification Of A California Class Because Common Factual And Legal Issues Clearly Predominate

4    "[C]laims brought under the California Unfair Competition Law are commonly

5    certified for class treatment." *In re Abbott Laboratories Norvir Antitrust Litig.*, 2007

6    168999, *8 (N.D. Cal. June 11, 2007) (finding that alleged conduct subject to common

7    proof presented common questions of fact and law and that class action was superior

8    method of adjudication of UCL claim).   Indeed, relying on *Pfizer, Inc. v. Superior*

9    *Court*, 141 Cal.App.4th 290, 295 (2006) and *In re Tobacco II Cases*, 142 Cal.App.4th

10   891, 900 (2006), both of which are on appeal to the California Supreme Court,

11   Defendants will argue that, pursuant to Proposition 64, each proposed class member

12   must demonstrate reliance, and therefore the Court should conclude that individual

13   issues predominate over common questions.  This argument fails for several reasons.

14       Indeed, where such claims are "predicated on identical allegations," and

15   "common, standardized sales materials," courts in the Central District of California

16   have held that "[c]ommon issues regarding [defendants] fraudulent scheme predominate

17   over questions affecting only individual members of the California subclass." *Negrete*,

18   238 F.R.D. at 495-96 (certifying California UCL class action).  Most notably, while

19   several post-Proposition 64 cases have found that a class representative must allege an

20   injury in fact and reliance, there is no requirement that all absent class members must do

21   the same.  Regardless, under California law, there is an inference of reliance in the

22   present case because Plaintiffs allege that Defendants made a single, material

23   misrepresentation specifically to each class member.

24

25   ### B.    Class Treatment Is A Superior Method Of Adjudication

26       Finally, a class action must be "superior to other available methods for the fair

27   and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).  "A class action

28   is the superior method for managing litigation if no realistic alternative exists." *Reynoso*

CALL, JENSEN
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                    20                    Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

1    *v. South County Concepts*, 2007 WL 452119, *4 (C.D. Cal. Oct. 15, 2007) (quotations

2    omitted). In addition, a class action is superior where, as here, "class-wide litigation of

3    common issues will reduce litigation costs and promote greater efficiency." *Valentino*,

4    97 F.3d at 1234. Regarding the question of superiority, Rule 23(b)(3) sets forth four (4)

5    nonexclusive factors:

> (A) the interest of members of the class in individually controlling the
> prosecution or defense of separate actions; (B) the extent and nature of any
> litigation concerning the controversy already commenced by or against
> members of the class; (C) the desirability or undesirability of concentrating
> the litigation of the claims in a particular forum; (D) the difficulties likely
> to be encountered in the management of the litigation.

10    Fed. R. Civ. P. 23(b)(3)(A)-(D).[7]

11        Each of the factors supports class certification here. First, the Class members

12    will likely be interested in pursuing this matter as a class, rather than individually,

13    because BSN's Cellmass, Nitrix and N.O.-Xplode cost at least $50 per bottle and the

14    individual damages claims of each class member are not substantial enough to warrant

15    individual filings. The primary policy of the class action mechanism is to enable the

16    collective vindication of the rights of numerous persons whose small claims may not be

17    worth pursuing in individual actions. *See Amchem Prods., Inc.*, 521 U.S. at 617.

18    Indeed, if the tens of thousands or more plaintiffs pursued their claims individually,

19    they would clog the "courts with innumerable individual suits litigating the same issues

20    repeatedly." *Dukes*, 474 F.3d at 1244.

21        Second, Plaintiffs are not aware of any other lawsuits against BSN commenced

22    by or on behalf of members of the Class. This suggests that a class action is needed

23    because the amount at issue for an individual plaintiff is not enough to warrant an

24    individual filing. *Newberg on Class Actions*, § 4:30 (4th ed. 2002).

25    / / /

26

27    _____

[7] Although there is no requirement that a trial plan be provided, *see Chamberlan v.
Ford Motor Co.*, 402 F.3d 952, 961 n. 4 (9th Cir. 2005), Plaintiffs have concurrently
submitted a proposed suitable and realistic plan for the trial of the Class claims.

28

CALL, JENSEN
& FERRELL
A PROFESSIONAL
CORPORATION

Third, the Central District of California is an appropriate forum because Plaintiffs are not aware of any other class action litigation concerning the claims in this context." *See id.* at § 4:31 ("In the class action context, the desirability of concentrating claims in a particular forum is relevant only when other class litigation has already been commenced elsewhere.").

Fourth, as explained in Plaintiffs' proposed Trial Plan, proceeding with this matter as a class action poses no manageability problems.

## C.    **Plaintiffs' Have Proposed A Manageable Trial Plan For Proceeding With A Nationwide Class Action**

In *Phillips Petroleum Company v. Shutts*, 472 U.S. 797 (1985), the Supreme Court held that parties' due process rights are violated when the law of one state is applied to the claims of purported class members from other states, *if* the claims lack a significant relationship with the state whose law will be applied *and* there is a substantive conflict between the law to be applied and the law of the purported member's state. *Id.* at 821-22.

"Without doubt, *Shutts* does not require [courts] to apply the law of each state in which the plaintiffs reside nor does it prohibit the application of one state's law to all plaintiffs, regardless of residence." *In re LILCO Securities Litig.*, 111 F.R.D. 663, 670 (E.D.N.Y. 1986).[8]  Furthermore, "before entangling itself in messy issues of conflict of laws a court ought to satisfy itself that there actually is a difference between the relevant laws." *Barron Ford Motor Co.*, 965 F.2d 195, 197 (7th Cir. 1992); *accord Jean v. Dugan*, 20 F.3d 255, 260 (7th Cir. 1994).  "A court is free to bypass the choice of law analysis and apply [the law of a single state] in the absence of a material conflict."

---

[8] *See also* Alan M. Mansfield, *Nationwide Class Actions in State Court: Starting With Shutts*, 1172 PLI: Corp. Law and Prac. Course Handbook Series 263, 270 (2000) ("[A] number of courts have cited *Shutts* for the questionable proposition that the laws of every state . . . must be considered in nationwide class actions for state law violations, without explanation of how *Shutts* supports such a proposition.").

CALL, JENSEN
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                                    22                       Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

*Simon v. Phillip Morris, Inc.*, 124 F.Supp.2d 46, (E.D.N.Y. 2000) (citing *Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir. 1998)).   "A material conflict must have a significant possible effect on the outcome of the trial to bring into play choice of law rules."   *Id*. (citing *In re Complaint of Bankers Trust Co.*, 752 F.2d 874 (3d Cir. 1984).

Here, as set forth in Exhibit A to Plaintiffs' Trial Plan and previously discussed, there is no material conflict in the law of unjust enrichment or fraud.   To the extent there is even any minor differences, there is no variation that could not be addressed by a simple jury instruction or subclass.   Thus, no choice of law analysis is necessary. Simply put, applying California law to the unjust enrichment and fraud claims does not raise any *Shutts* due process obstacles because the laws applicable to these claims nationwide are not materially different.   Further, to the extent the governmental interest approach is applied, the conclusion is the same.   Defendants may argue that Florida law should apply since they are based in Florida and Florida is where the label representations emanated from.   As the proponent of Florida law, Defendants have the burden of establishing a true material conflict, *see Wash. Mut. Bank v. Superior Court*, 24 Cal.4th 906, 1080-81 (2001), which is simply lacking here.   (*See* Pl. Trial Plan).

## VII.   RC&R AND CJ&F SHOULD BE APPOINTED CLASS COUNSEL

Rule 23(g) requires that a district court appoint class counsel for any class that is certified.   *See* Fed. R. Civ. P. 23(g)(1)(A).   In appointing class counsel, Rule 23(g) lists four factors for consideration: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions or other complex litigation and the type of claims in the litigation; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class.   Fed. R. Civ. P. 23(g).

Plaintiffs' counsel has met with the named Plaintiffs and other putative class members, conducted extensive interviews, retained several experts, hired several laboratories to test Defendants' products, conducted substantial research regarding the

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                                23                    Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES

legal issues, and thoroughly investigated the factual issues in this action.  Additionally, Plaintiffs' counsel has significant experience in handling class actions and other complex litigation, including class actions similar to this case.  Thus, the Court should designate RC&R and CJ&F as class counsel.

## VIII.  CONCLUSION

For the reasons stated herein, Plaintiffs Mike Rivera and Dan Abell, on behalf of themselves and the proposed class, respectfully request that the Court issue an order granting this motion for class certification and: (1) certifying a nationwide Rule 23(b)(2) class; (2) certifying a nationwide Rule 23(b)(3) unjust enrichment class; (3) certifying a nationwide fraud Rule 23(b)(3) class; (4) certifying a California UCL Rule 23(b)(3) class; and (5) appointing Robinson, Calcagnie & Robinson and Call, Jensen & Ferrell as class counsel pursuant to Fed. R. Civ. P. 23(g).

Dated:  February 1, 2008

CALL, JENSEN & FERRELL
A Professional Corporation
SCOTT J. FERRELL
JAMES B. HARDIN

By:s/James B. Hardin
   JAMES B. HARDIN

Attorneys for Plaintiffs and proposed class
E-mail: jhardin@calljensen.com

CALL, JENSEN & FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01: 2.1.2008                          24                    Case No. SACV07-1306 JVS (RNBx)
MOTION BY PLAINTIFFS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3);
MEMORANDUM OF POINTS AND AUTHORITIES