SCOTT J. FERRELL, Bar No. 202091
JAMES B. HARDIN, Bar No. 205071
CALL, JENSEN & FERRELL
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100
sferrell@calljensen.com
jhardin@calljensen.com

MARK P. ROBINSON, JR., Bar No. 54426
KEVIN F. CALCAGNIE, Bar No. 108994
JEOFFREY L. ROBINSON, Bar No. 97852
ROBINSON, CALCAGNIE & ROBINSON INC.
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
Tel: (949) 720-1288
Fax: (949) 720-1292
mrobinson@rcrlaw.net
kcalcagnie@rerlaw.net
jrobinson@rcrlaw.net

Attorneys for Plaintiffs and the proposed class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RIVERA and DAN ABELL, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIO-ENGINEERED SUPPLEMENTS & NUTRITION, INC., d/b/a BSN, INC., a Florida Corporation, CHRISTOPHER FERGUSON, an individual, and DOES 1 through 250, inclusive;<br><br>Defendants. | Case No. SACV07-1306 JVS (RNBx)<br><br>**PLAINTIFFS' [*PROPOSED*] TRIAL PLAN IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Date:         February 25, 2008<br>Time:         1:30 p.m.<br>Judge:        Hon. James V. Selna<br>Courtroom:    10C<br><br>Complaint Filed: November 6, 2007<br>Trial Date:      None Set |

Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs Michael Rivera and Dan Abell ("Plaintiffs"), on behalf of themselves and the proposed class, submit this proposed trial plan to describe the issues likely to be presented at trial, show that they are susceptible to class-wide proof, and demonstrate that the proposed class action is both manageable and superior to litigating the thousands of cases individually. The proposed trial plan can and may be subject to modification by the Court or the parties as discovery continues, through trial and, if necessary, post-trial claims administration.

## I. PLAINTIFFS' TRIAL STRUCTURE PLAN

### A. Liability Issues for The Jury – Fraud

#### 1. Common Issues

Plaintiffs propose a nationwide class for fraud, either by the application of California law or, if necessary, the application of the law of the fifty states and the District of Columbia. As explained in the Advisory Committee Notes to Rule 23(b)(3), "a fraud perpetrated on numerous persons by the use of similar [or the same] misrepresentations may be an appealing situation for a class action[.]" Adv. Comm. Notes to Fed. R. Civ. P. 23(b)(3). Here, the common issues to be determined by a jury include:

Issue 1:   Do Defendants claim that Creatine Ethyl Ester Malate or "CEM3" is present in their products, including the BSN Cellmass, Nitrix, and N.O.-Xplode products?

Issue 2:   Is CEM3 present in any of the BSN products which Defendants claim contain CEM3?

Issue 3:   Have Plaintiffs and the Class been damaged and, if so, the nature and amount of the damages?

Issue 4:   Does Defendants' conduct constitute fraud?

///
///
///
///

**2.    Applicable Law**

Plaintiffs have conducted an extensive analysis of law of unjust enrichment and fraud in fifty states and the District of Columbia ("Fifty-State Analysis"). (*See* Exh. A to Pl.'s Trial Plan). As set forth in Exhibit A, although states may characterize the elements differently, the essential elements of fraud are the same in every state. Indeed, the only marked difference is that most states allow fraud where the defendant knew the statement was false or made it *recklessly or with indifference to its truth* while a small minority of states require actual knowledge. A summary of the Fifty-State Analysis with this distinction noted as element 5, is set forth in the following chart:

**Table 1:** *Essential Elements of Fraud*

| *Basic Elements* | *Jurisdictions* |
|---|---|
| 1. A material misrepresentation<br>2. Defendant intended that plaintiff rely on the misrepresentation<br>3. Plaintiff actually and reasonably relied on the misrepresentation<br>4. Plaintiff suffered damage | All jurisdictions |
| 5. (a) Defendant knew the representation was false or made it recklessly or with indifference to its truth<br><br>or<br><br>(b) Defendant knew the representation was false | Majority rule - in forty-eight jurisdictions (AL, AK, AZ, AR, CA, CO, CT, DC, DE, FL, GA, HI, ID, IL, IN, IA, KS, KY, MA, ME, MD, MI, MN, MS, MO, MT, ND, NE, NJ, NV, NH, NM, NY, NC, OH, OK, OR, PA, SC, SD, TN, TX, UT, VA, VT, WA, WV, and WI)<br><br>Minority rule – in three jurisdictions (LA, RI, WY) |

## B. Liability and Equitable Issues for the Court – Unjust Enrichment and Violation of the Unfair Competition Law

### 1. Unjust Enrichment Claim

#### a) Common issues

Plaintiffs propose a nationwide class for unjust enrichment, either by the application of California law or, if necessary, the application of the law of fifty states and the District of Columbia. Once a jury decides the common factual issues noted *supra* in Section I.A.1. (Issues 1-4), the Court should determine the following issue:

> Issue 5: Does Defendants' conduct constitute unjust enrichment under applicable law?

#### b) Applicable law

As set forth in Exhibit A's Fifty-State Analysis, unjust enrichment is a "universally recognized cause[] of action that [is] materially the same throughout the United States." *In re Terazosin Hydrocholoride Antitrust Litig.*, 220 F.R.D. 672, 697 fn. 40 (S.D. Fla. 2004) (quoting *Singer v. AT&T Corp.*, 185 F.R.D. 682, 692 (S.D. Fla. 1998); *accord Blue Cross/Blue Shield of Ala. v. Wyeth Pharms., Inc.*, 2006 WL 1241019, *5 (Ala. Cir. Ct. Feb 27, 2006) ("[U]njust enrichment is recognized in a virtually identical fashion in every jurisdiction in the United States"). As shown below, a jury could be easily and clearly instructed on this cause of action such that any due process concerns of non-resident class members will not be implicated for several reasons.

- *First*, a claim for unjust enrichment in twenty-two jurisdictions contains just two basic elements: (1) a benefit conferred on Defendant; and (2) it would be unjust for Defendant to retain the benefit.[1]

///

///

---

[1] These elements are consistent with the Restatement's definition of unjust enrichment. *See* RESTATEMENT (FIRST) OF RESTITUTION, § 1 (noting that a "person who has been unjustly enriched at the expense of another is required to make restitution to the other").

- *Second*, a claim for unjust enrichment in twenty-five other jurisdictions adds just one additional element: that Defendant appreciated or knew of the benefit conferred.

- *Third*, the remaining four jurisdictions have nearly identical elements which essentially include the two basic elements noted above, plus a requirement that a plaintiff show: (1) an absence of justification; and (2) an absence of remedy at law.

Accordingly, the proposed framework for instructing the jury on the unjust enrichment claim is realistic and manageable, as set forth in the following two charts:

**Table 2(a):** *Essential Elements of Unjust Enrichment (**47 Jurisdictions**)*

| *Basic Elements* | *Jurisdictions* |
|---|---|
| 1. A benefit conferred on defendant<br>2. It would be unjust or inequitable for defendant to retain the benefit | Twenty-two jurisdictions require only these two elements (AL, AZ, AR, CA, CT, GA, HI, ID, IL, IN, IA, MI, MS, MT, NE, NH, NJ, NY, TX, VT, WI, DC) |
| 3. Defendant appreciated, accepted, or knew of the benefit | Twenty-five jurisdictions require this additional element (AK, CO, DE, FL, KS, KY, ME, MD, MN, MO, NV, NM, NC, OH, OR, PA, RI, SC, SD, TN, UT, VA, WA, WV, and WY) |

**Table 2(b):** *Essential Elements of Unjust Enrichment (**4 Jurisdictions**)*

| *Basic Elements* | *Jurisdictions* |
|---|---|
| 1. An enrichment<br>2. An impoverishment<br>3. A connection between enrichment and resulting impoverishment<br>4. Absence of justification or cause for the enrichment and impoverishment<br>5. No other remedy at law available | Four jurisdictions (LA, MA, ND, and OK). |

### 2. Violation of the Unfair Competition Law

#### a) Common issues

Plaintiffs propose a California statewide class for violation of the unfair competition law ("UCL"). Once a jury decides the common factual issues noted above in Section I.A.1. (Issues 1-4), the Court should determine the following issue:

Issue 6: Does Defendants' conduct constitute unfair competition under applicable law?

#### b) Applicable law

The Plaintiffs propose the application of California Business and Professions Code section 17200 et seq. to this claim.

### C. Damages and Other Remedies for the Jury and the Court

1. Compensatory damages for the jury (fraud);
2. Punitive damages liability for the jury (fraud);
3. Punitive damages amount for the jury and the court (fraud);
4. Restitution for the court (unjust enrichment and UCL);
5. Injunctive relief for the Court (unjust enrichment and UCL).

## II. PROPOSED NOTICE

Notice will not pose any manageability problems in this matter. As in any class action, there are several methods by which notice and an opportunity to opt-out of this class action may be efficiently and effectively given to class members, any combination of which could be utilized in this case. First, notice may be provided via publication in trade journals, magazines or newspapers. Second, notice on supplement and bodybuilding websites may be appropriate. Third, notice could be provided via point of sale vendors in appropriate locations.

Dated: February 1, 2008

CALL, JENSEN & FERRELL
A Professional Corporation

By: s/James B. Hardin
JAMES B. HARDIN
Attorneys for Plaintiffs and proposed class