1

## EXHIBIT A

2

### A.    Unjust Enrichment Claims Are Materially The Same Nationwide

3        "To be sure, there are variations in states' definitions of unjust enrichment[,]" but

4   "such differences prove largely irrelevant." *In re Relafen Antitrust Litig.*, 221 F.R.D.

5   260, 279-80 (D. Mass. 2004) (noting that "claims for unjust enrichment share a core of

6   common elements" which are consistent in every state).  "[S]tate law claims of unjust

7   enrichment 'are universally recognized causes of action that are materially the same

8   throughout the United States.'" *In re Terazosin Hydrocholoride Antitrust Litig.*, 220

9   F.R.D. 672, 697 n. 40 (S.D. Fla. 2004) (quoting *Singer v. AT&T Corp.*, 185 F.R.D. 681,

10  692 (S.D. Fla. 1998).  "[U]njust enrichment is recognized in a virtually identical fashion

11  in every jurisdiction in the United States." *Blue Cross/Blue Shield of Ala. v. Wyeth*

12  *Pharms., Inc.*, 2006 WL 1241019, *5 (Ala. Cir. Ct. Feb. 27, 2006).

13        ***Alabama***: Under Alabama law, to prove a claim for unjust enrichment, a plaintiff

14  must show that: (1) the plaintiff has conferred a benefit to the defendant; and (2) it

15  would be unjust for the defendant to retain the benefit under the circumstances.

16  *Morrow v. Green Tree Servicing, L.L.C.*, 360 F.Supp.2d 1246, 1251 (M.D. Ala. 2005).

17  *See also Jordan v. Mitchell*, 705 So.2d 453, 458 (Ala. Civ. App. 1997).

18        ***Alaska***:   Under Alaska law, a claim for unjust enrichment has the following

19  elements: "(1) a benefit conferred to defendant, (2) appreciation by defendant of that

20  benefit; and (3) inequity of allowing defendant to retain the benefit without paying

21  value therefor." *U.S. ex rel. North Star Terminal & Stevedore Co. v. Nugget Const.,*

22  *Inc.*, 445 F.Supp.2d 1063, 1077 (D. Alaska 2006) (citing *Reeves v. Alyeska Pipeline*

23  *Serv. Co.*, 926 P.2d 1130, 1143 (Alaska 1996)).

24        ***Arizona***: Under Arizona law, "a successful unjust enrichment claim must

25  establish that, '(1) plaintiff conferred a benefit upon the defendant; (2) the defendant's

26  benefit is at plaintiff's expense; and (3) it would be unjust to allow the defendant to keep

27  the benefit.'" *Isofoton, S.A. v. Giremberk*, 2006 WL 1516026, *4 (D.Ariz. 2006)

28  (quotations omitted).

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:342520_1: 1.31.2008                    - 7 -

EXHIBIT A (TRIAL PLAN)

1    *Arkansas*: Under Arkansas law, "[t]o find unjust enrichment, a party must have

2    received something of value, to which he was not entitled and which he must restore."

3    *Varner v. Peterson Farms*, 371 F.3d 1011, 1018 (8th Cir. 2004) (citing *Guaranty Nat'l*

4    *Ins. Co. v. Denver Roller, Inc.*, 854 S.W.2d 312, 317 (1993)).

5    *California*:    In California, "[t]he elements of an unjust enrichment claim are

6    "receipt of a benefit and unjust retention of the benefit at the expense of another." *Shum*

7    *v. Intel Corp.*, 499 F.3d 1272, 1280 (Fed. Cir. 2007) (citing *Lectrodryer v. SeoulBank*,

8    77 Cal.App.4th 723, 726 (2000)).  *See also Mills v. Ramona Tire, Inc.*, 2007 WL

9    4277537, *4 (S.D. Cal. 2007) (citing *Ghirardo v. Antonioli*, 14 Cal.4th 39, 51 (1996));

10   *Gonzales Comm., Inc. v. Titan Wireless, Inc.*, 2007 WL 1994057, *2 (S.D. Cal. 2007);

11   *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, 2007 WL 81899, *1 (N.D. Cal.

12   2007).

13   *Colorado*: "The Colorado Supreme Court has set forth the elements of a cause of

14   action for unjust enrichment as follows: [t]o recover under a theory of quasi-contract or

15   unjust enrichment, a plaintiff must show (1) that a benefit was conferred upon the

16   defendant by the plaintiff, (2) that the benefit was appreciated by the defendant, and (3)

17   that the benefit was accepted by the defendant under such circumstances that it would

18   be inequitable for it to be retained without payment for its value." *Western Gas*

19   *Processors, Ltd. v. Enron Gas Processing Co.*, 1988 WL 73307, *12 (D. Colo. 1988)

20   (quoting *Cablevision of Breckenridge, Inc. v. Tannhauser Condo Ass'n*, 649 P.2d 1093,

21   1096-97 (Colo. 1982)).

22   *Connecticut*: Under Connecticut law, "[t]he three elements of an unjust

23   enrichment claim are that: '(1) the defendant was benefitted, (2) the defendant unjustly

24   failed to pay the plaintiff for the benefits, and (3) the failure of payment was to the

25   plaintiff's detriment.'" *Lawrence v. Richman Gp. Capital Corp.*, 2005 WL 3448056, *2

26   (D. Conn. 2005); *accord Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire*

27   *Co.*, 231 Conn. 276, 283, 649 A.2d 518 (1994); *Jewell v. Medical Protective Co.*, 2003

28   WL 22682332, *2 (D. Conn. 2003).

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:342520_1: 1.31.2008                    - 8 -

EXHIBIT A (TRIAL PLAN)

***Delaware***:   Under Delaware law, in order to show unjust enrichment, a party must prove the following elements: (1) benefits conferred on one party by another; (2) appreciation of such benefits by the recipient; and (3) acceptance and retention of these benefits in such circumstances that it would be inequitable for the recipient to retain the benefits. *Lauren W. v. DeFlaminis*, 480 F.3d 259, 277 (3d Cir.2007).   *See also Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 447 (3d Cir. 2000).

***Florida***:  Under Florida law, the elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant; (2) defendant appreciates and retains the benefit conferred; and (3) circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.  *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla., N.A.*, 667 So.2d 876 (Fla. Dist.Ct. App. 1996); *accord Hillman Constr. Corp. v. Wainer*, 636 So.2d 576, 577 (Fla. Dist. Ct. App. 1994); *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 899 So.2d 1222, 1227 (Fla. Dist. Ct. App. 2005); *Ekas v. Burris*, 2007 WL 4055630, *3 (S.D. Fla. 2007); *Tooltrend, Inc. v. CMT Utensili*, SRL, 198 F.3d 802, 805 (11th Cir. 1999); *Urquhart v. Manatee Memorial Hosp.*, 2007 WL 781738, *5 (M.D. Fla.2007); *Tambourine Comerico Intern. S.A. v. Solowsky*, 2007 WL 689466, *8 (S.D. Fla. 2007).

***Georgia***: "[U]nder Georgia law, an unjust enrichment claim requires the plaintiff to establish the following: (1) that the plaintiff conferred a benefit on the defendant and (2) that equity requires the defendant to compensate the plaintiff for this benefit." *J'Carpc, LLC v. Wilkins*, 2007 WL 4287765, *6 (N.D. Ga. 2007) (citing *Chem-Nuclear Sys., Inc. v. Arivec Chems., Inc*., 978 F.Supp. 1105, 1110 (N.D. Ga. 1997)).

**Hawaii**:  Under Hawaii law, a claim for unjust enrichment requires proof that: (1) the plaintiff conferred a benefit on the defendant; and (2) the retention of the benefit was unjust.  *Television Events & Marketing, Inc. v. Amcon Distrib. Co.*, 488 F.Supp.2d 1071, 1078 (D. Haw. 2006).

/ / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:342520_1: 1.31.2008                                   - 9 -

EXHIBIT A (TRIAL PLAN)

1   **Idaho**: Under Idaho law, the unjust enrichment doctrine allows recovery where a

2   defendant has received a benefit from a plaintiff which it would be inequitable to retain

3   without compensating the plaintiff for its value. *Hausam v. Schnabl*, 126 Idaho 569, 887

4   P.2d 1076, 1080 (Idaho Ct. App. 1994).

5   **_Illinois_**: Under Illinois law, an unjust enrichment claim requires proof that "'the

6   defendant has unjustly retained a benefit to the plaintiff's detriment, and that the

7   defendant's retention of the benefit violates the fundamental principles of justice,

8   equity, and good conscience.'" *Peddinghaus v. Peddinghaus*, 295 Ill.App.3d 943, 948,

9   692 N.E.2d 1221, 1225 (Ill. App. 1998) (quoting *HPI Health Care Servs., Inc. v. Mt.*

10  *Vernon Hosp., Inc.*, 131 Ill.2d 145, 160, 545 N.E.2d 672 (1989)); *accord B & B Land*

11  *Acquisition Inc. v. Mandell*, 305 Ill.App.3d 1068, 1073, 714 N.E.2d 58 (Ill. Ct. App.

12  1999).

13  **_Indiana_**: "Under Indiana law, the essential elements of an unjust enrichment

14  claim are well known. A plaintiff must establish that a measurable benefit has been

15  conferred under such circumstances that the defendant's retention of the benefit without

16  payment would be unjust." *McCarty v. Reynolds Metals Co.*, 883 F.Supp. 356, 361

17  (S.D. Ind. 1995) (citing *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991)); *accord*

18  *Blue Frog Mobile NV Inc. v. Navicomm LLC*, 2007 WL 3334793, *3 (S.D. Ind. 2007).

19  **_Iowa_**:   "To establish a claim for unjust enrichment under Iowa law, one must

20  show: '(1) defendant was enriched by the receipt of a benefit; (2) the enrichment was at

21  the expense of the plaintiff; and (3) it is unjust to allow the defendant to retain the

22  benefit under the circumstances.'" *PFS Distrib. Co. v. Raduechel*, 492 F.Supp.2d 1061,

23  1080 (S.D. Iowa 2007) (quoting *State Dept. of Human Servs. ex rel Palmer v. Unisys*

24  *Corp.*, 637 N.W.2d 142, 155 (Iowa 2001)); *accord Brown v. Kerkhoff*, 504 F.Supp.2d

25  464, 543-44 (S.D. Iowa 2007).

26  **_Kansas_**: Under Kansas law, "[t]he elements of unjust enrichment are: (1) plaintiff

27  conferred a benefit on defendant; (2) defendant knew it received a benefit [or

28  appreciated the defendant]; and (3) defendant retained the benefit under circumstances

1  that make it unjust." *Socophi S.P.R.L. v. Airport Sys. Int'l, Inc.*, 2002 WL 220604, *2

2  (10th Cir. 2002) (citing *Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd*., 259 Kan.

3  166, 910 P.2d 839, 847 (Kan. 1996)); *accord School-Link Tech., Inc. v. Applied*

4  *Resources, Inc.*,  471 F.Supp.2d 1101, 1116 (D. Kan. 2007); *Kephart v. Data Sys. Int'l,*

5  *Inc.*, 243 F.Supp.2d 1205, 1231 (D. Kan. 2003).

6      ***Kentucky***: "Under Kentucky law, for an unjust enrichment claim to be viable, the

7  Plaintiff must show that: (1) a benefit was conferred upon the Defendant at the

8  Plaintiff's expense, (2) a resulting appreciation of the benefit by the Defendant, and (3)

9  an inequitable retention of the benefit without payment for its value." *Pioneer*

10  *Resources Corp. v. Nami Resources Co., LLC*, 2006 WL 1778318, *10 (E.D. Ky. 2006)

11  (citing *Tractor and Farm Supply, Inc. v. Ford New Holland, Inc*., 898 F.Supp. 1198

12  (W.D. Ky. 1995)). *See also Guarantee Electric v. Big Rivers Electric Corp*., 669

13  F.Supp. 1371, 1381 (W.D. Ky. 1987).

14      ***Louisiana***: "Under Louisiana law, an unjust enrichment claim contains the

15  following elements: '(1) there must be an enrichment, (2) there must be an

16  impoverishment, (3) there must be a connection between the enrichment and resulting

17  impoverishment, (4) there must be an absence of 'justification' or 'cause' for the

18  enrichment and impoverishment, and (5) there must be no other remedy at law available

19  to plaintiff.'" *Rogers v. Brooks*, 2004 WL 2977452, *4 (5th Cir. 2004) (quoting *Baker*

20  *v. Maclay Props. Co.*, 648 So.2d 888, 897 (La. 1995)).  *See also Kirkpatrick v. Young*,

21  456 So.2d 622, 624 (La. 1984); *Advanced Logistical Support, Inc. v. Fritz Cos., Inc*.,

22  2003 WL 21459688, *12 (E.D. La. 2003); *Security Title Guarantee Corp. of Baltimore*

23  *v. United General Title Ins. Co.*, 935 F.Supp. 816, 822 (E.D. La. 1996).

24      ***Maine***: "Under Maine law, there are three elements to a claim for unjust

25  enrichment: [(1)] a benefit conferred upon the defendant by the plaintiff; [(2)] an

26  appreciation or knowledge by the defendant of the benefit; and [(3)] the acceptance or

27  retention by the defendant of the benefit under such circumstances as to make it

28  inequitable for the defendant to retain the benefit without payment of its value." *Ingram*

**CALL, JENSEN &
FERRELL**
**A PROFESSIONAL
CORPORATION**

EXHIBIT A (TRIAL PLAN)

1  *v. Rencor Controls, Inc.*, 217 F.Supp.2d 141, 150-51 (D. Me. 2002) (citing *Aladdin*

2  *Elec. Assocs. v. Town of Old Orchard Beach*, 645 A.2d 1142, 1144 (Me. 1994)); *accord*

3  *Glenwood Farms, Inc. v. Ivey*, 228 F.R.D. 47, 52 (D. Me. 2005); *U.S. v. James N. Gray*

4  *Co*., 2005 WL 3434370, *2 (D. Me. 2005).

5      **Maryland**: "Under Maryland law, an unjust enrichment claim requires three

6  elements: '(1) a benefit conferred upon the defendant by the plaintiff; (2) an

7  appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or

8  retention by the defendant of the benefit under such circumstances as to make it

9  inequitable for the defendant to retain the benefit without the payment of its value.'"

10  *IFAST, Ltd. v. Alliance for Telecommunications Indus. Solutions, Inc*., 2007 WL

11  3224582, *11 (D. Md. 2007) (quoting *Abt Assocs., Inc. v. JHPIEGO Corp.*, 104

12  F.Supp.2d 523, 535 (D. Md. 2000)).  *See also Bennett Heating & Air Conditioning, Inc.*

13  *et al. v. Nationsbank of Maryland*, 103 Md.App. 749, 764, 654 A.2d 949 (1995) (same).

14      **Massachusetts**: Under Massachusetts law, "'[t]o satisfy the elements of unjust

15  enrichment, a plaintiff must show: (1) an enrichment; (2) an impoverishment; (3) a

16  relation between the enrichment and the impoverishment; (4) an absence of justification

17  and (5) the absence of a remedy provided by law.'" *Dialogo, LLC v. Bauza*, 456

18  F.Supp.2d 219, 227 (D.Mass. 2006) (quotations omitted).

19      **Michigan**: Under Michigan law, "'[t]he essential elements of such a claim are (1)

20  receipt of a benefit by the defendant from the plaintiff and (2) which benefit it is

21  inequitable that the defendant retain.'" *In re Cardizem CD Antitrust Litig*., 105

22  F.Supp.2d 618, 670 (E.D. Mich. 2000) (quoting *Hollowell v. Career Decisions, Inc*.,

23  298 N.W.2d 915, 920 (Mich. App. 1980)); *accord Ultra-Precision Mfg., Ltd. v. Ford*

24  *Motor Co*., 411 F.3d 1369, 1378 (6th Cir. 2005).

25      **Minnesota**: "Under Minnesota law, unjust enrichment claims are subject to three

26  necessary elements: (1) a benefit conferred; (2) the defendant's appreciation and

27  knowing acceptance of the benefit; and (3) the defendant's acceptance and retention of

28  the benefit under such circumstances that it would be inequitable for him to retain it

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:342520_1: 1.31.2008                - 12 -

EXHIBIT A (TRIAL PLAN)

1  without paying for it." *Bender v. Xcel Energy, Inc.*, 2005 WL 1774034, *8 (D. Minn.

2  2005) (citing *Action Constr, Co. v. State*, 383 N.W.2d 416, 417 (Minn. Ct. App. 1986)).

3  **_Mississippi_**: Under Mississippi law, to prevail on a theory of unjust enrichment, if

4  the plaintiff must shown that the defendant has been provided "money or property

5  which in good conscience and justice" the defendant "should not retain." *Blades v.*

6  *Countrywide Home Loans, Inc.*, 2007 WL 2746678, *5 (S.D. Miss. 2007).  *See also*

7  *Kersey v. Fernald*, 911 So.2d 994, 997 (Miss. Ct. App. 2005).

8  **_Missouri_**: Under Missouri law, essential elements of unjust enrichment claim are:

9  (1) a benefit conferred upon defendant by plaintiff; (2) appreciation by defendant of fact

10  of that benefit; and (3) acceptance and retention by defendant of benefit under

11  circumstances in which retention without payment would be inequitable. *In re Win-*

12  *Vent, Inc.*, 217 B.R. 803 (W.D. Mo. Bankr. 1997).

13  **_Montana_**: Under Montana law, to establish unjust enrichment, the plaintiff must

14  show the defendant received a benefit and retention of the benefit would be unjust.

15  *Lawrence v. Clepper*, 865 P.2d 1150, 1156 (Mont. 1993); *See also Schweigert v.*

16  *Fowler*, 784 P.2d 405, 411 (Mont. 1990).

17  **_Nebraska_**: "Under Nebraska law, a party can recover on a claim for unjust

18  enrichment [] when[: (1)] 'benefits have been received[; and (2)] retained under such

19  circumstances that it would be inequitable and unconscionable to permit the party

20  receiving the benefits to avoid payment therefor.'" *Abrahamson v. First Nat'l Bank of*

21  *Holdrege*, 2006 WL 277109, *6 (D. Neb. 2006) (quoting *Haggard Drilling, Inc. v.*

22  *Greene,* 236 N.W.2d 841, 846 (Neb. 1975)).

23  **_Nevada_**: Under Nevada law, a plaintiff must show that: (1) he conferred a benefit

24  on the defendant; (2) the defendant appreciated, accepted, and retained the benefit; and

25  (3) the circumstances are such that it would be inequitable for him to retain the benefit

26  without paying for it. *Leasepartners Corp. v. Robert L. Brooks Trust Dated November*

27  *12, 1975*, 942 P.2d 182, 187 (Nev. 1997); *See also Asphalt Prods. Corp. v. All Star*

28  *Ready Mix, Inc.*, 898 P.2d 699, 701 (Nev. 1995).

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:342520_1: 1.31.2008

- 13 -

EXHIBIT A (TRIAL PLAN)

1     ***New Hampshire***: Under New Hampshire law, there are two elements for an

2 unjust enrichment claim: (1) the defendant must have received a benefit from the

3 plaintiff; and (2) under the circumstances, it would be unjust for the defendant to retain

4 the benefit. *Nat'l Employment Serv. Corp. v. Olsten Staffing Serv., Inc*., 145 N.H. 158,

5 163 (2000)); *accord Invest Almaz v. Temple-Inland Forest Prods. Corp*., 243 F.3d 57,

6 64 (1st Cir. 2001) (citing *Cohen v. Frank Dev*., 118 N.H. 512, 518 (1978)).

7     ***New Jersey***: Under New Jersey law, "[t]here are two elements of a claim for

8 unjust enrichment: 1) that the defendant received a benefit; and 2) an injustice would

9 result if the defendant retained the benefit without paying for it." *Coastal Gp., Inc. v.*

10 *Westholme Partners*, 1998 WL 34233133, \*21 (D. N.J. 1998). *See also Assocs.*

11 *Commercial Corp. v. Wallia*, 211 N.J. Super. 231, 243, 511 A.2d 709 (N.J. App. Div.

12 1986); *Callano v. Oakwood Park Homes Corp*., 91 N.J.Super. 105, 108, 219 A.2d 332

13 (N.J. App. Div. 1966).

14     ***New Mexico***: Under New Mexico law, "[t]wo elements comprise an unjust

15 enrichment claim: '(1) [one party] has ... knowingly benefitted at [another's] expense (2)

16 in [such] a manner . . . that . . . ret[ention of] the benefit would be unjust.'" *Billsie v.*

17 *Brooksbank*, 2007 WL 4329487, \*6 (D. N.M. 2007) (quoting *Ontiveros Insulation Co.*

18 *v. Sanchez*, 3 P.3d 695, 698 (N.M. Ct. App. 2000)).

19     ***New York***: "The elements of unjust enrichment under New York law are '(1) a

20 benefit to the defendant, (2) at the Plaintiff's expense, and (3) that 'equity and good

21 conscience' require restitution.'" *In re Dana Corp*., 2007 WL 3376882, \*8 (S.D.N.Y.)

22 (S.D.N.Y. Bankr. 2007) (quoting *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000)).

23 *See also Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Chipetine*, 221 A.D.2d 284,

24 286 (N.Y. App. Div. 1995).

25     ***North Carolina***: "In North Carolina," to establish a claim for unjust enrichment,

26 "a party must show it conferred a benefit on another, the other party consciously

27 accepted the benefit, and the benefit was not conferred gratuitously." *Madison River*

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:342520_1: 1.31.2008

- 14 -

EXHIBIT A (TRIAL PLAN)

*Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 351 F.Supp.2d 436, 446 (M.D. N.C. 2005) (citing *Southeastern Shelter Corp. v. BTU, Inc.*, 572 S.E.2d 200, 206 (N.C. App. 2002)).

**_North Dakota_**: Under North Dakota law, "[f]ive elements must be established to prove unjust enrichment: an enrichment, an impoverishment, a connection between the enrichment and the impoverishment, absence of a justification for the enrichment and impoverishment, an absence of a remedy provided by law." *In re Wilson*, 269 B.R. 829, 835 (D. N.D. Bkr. 2001) (citing *Schroeder v. Buchholz*, 622 N.W.2d 202 (N.D. 2001)).

**_Ohio_**: Under Ohio law, "[a] claim for unjust enrichment requires the following elements: '(1) a benefit upon the defendant, (2) the defendant's knowledge of the benefit, and (3) that it would be unjust for the defendant to retain the benefit without payment.'" *In re Nat'l Century Fin. Enterps., Inc., Inv. Litig.*, 2006 WL 469468, *15 (S.D. Ohio 2006) (citing *Hiram College v. Courtad*, 834 N.E.2d 432, 435 (Ohio Ct. App. 2005)). *See also City of Toledo v. Randall Funding & Dev.*, LLC, 2006 WL 2472989, *8 (N.D. Ohio 2006).

**_Oklahoma_**: "In conformance with principles expressed under Oklahoma law, the elements for unjust enrichment have been enumerated as: (1) an enrichment to the adverse party; (2) an impoverishment to the claimant; (3) a connection between the enrichment and impoverishment; (4) an absence of justification; and (5) an absence of remedies at law." *Dollar Rent A Car Sys., Inc. v. P.R.P. Enterps., Inc.*, 2006 WL 1266515, *26-27 (N.D. Okla. 2006) (citing 66 Am. Jur. 2d Restitution § 12 (2001)).

**_Oregon_**: Under Oregon law, the elements of a claim for unjust enrichment are "a benefit conferred, awareness by the recipient that a benefit has been received and, under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it." *Summer Oaks Ltd. P'ship v. McGinley*, 55 P.3d 1100, 1104 (Or. App. 2002) (citing *Jaqua v. Nike, Inc.*, 865 P.2d 442, 445 (Or. App. 1993)).

**_Pennsylvania_**: Under Pennsylvania law, the elements of an unjust enrichment claim are: (1) a benefit conferred on one party by another, appreciation of such benefits by the recipient," and (2) "acceptance and retention of these benefits under such

1   circumstances that it would be inequitable [or unjust] for the recipient to retain the

2   benefits without payment of value." *Zeno v. Ford Motor Co., Inc*., 480 F.Supp.2d 825,

3   832 (W.D. Pa. 2007) (citations omitted).

4       ***Rhode Island***: Under Rhode Island law, regarding unjust enrichment, "a plaintiff

5   is required to prove three elements: (1) a benefit must be conferred upon the defendant

6   by the plaintiff, (2) there must be appreciation by the defendant of such benefit, and (3)

7   there must be an acceptance of such benefit in such circumstances that it would be

8   inequitable for a defendant to retain the benefit without paying the value thereof."

9   *Anthony Corrado, Inc. v. Menard & Co. Bldg. Const.*, 589 A.2d 1201, 1202 (R.I. 1991).

10       ***South Carolina***: Under South Carolina law, an unjust enrichment claim has three

11   elements: "(1) a benefit conferred upon the defendant by the plaintiff; (2) realization of

12   that benefit by the defendant; and (3) retention by the defendant of the benefit under

13   conditions that make it unjust for him to retain it without paying its value." *Columbia*

14   *Wholesale Co. v. Scudder May N.V.*, 312 S.C. 259, 440 S.E.2d 129, 130 (1994).

15       ***South Dakota***:  Under South Dakota law, "[u]njust enrichment occurs 'when one

16   confers a benefit upon another who accepts or acquiesces in that benefit, making it

17   inequitable to retain that benefit without paying.'" *Hofeldt v. Mehling*, 658 N.W.2d 783,

18   788 (S.D. 2003) (quoting *Parker v. Western Dakota Insurors, Inc.*, 605 N.W.2d 181,

19   192 (S.D. 2000)).

20       ***Tennessee***: Under Tennessee law, "the elements of an unjust enrichment claim

21   are: 1) [a] benefit conferred upon the defendant by the plaintiff; 2) appreciation by the

22   defendant of such benefit; and 3) acceptance of such benefit under such circumstances

23   that it would be inequitable for him to retain the benefit without payment of the value

24   thereof." *Cincinnati Ins. Co. v. Grand Pointe, LLC*, 501 F.Supp.2d 1145, 1167 (E.D.

25   Tenn. 2007); *accord B & L Corp. v. Thomas & Thorngren, Inc.*, 917 S.W.2d 674, 680

26   (Tenn. App. 1995).

27   / / /

28   / / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:342520_1: 1.31.2008

- 16 -

EXHIBIT A (TRIAL PLAN)

***Texas***: Under Texas law, "[a] party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, *41 (Tex. 1992) (citing *Pope v. Garrett,* 147 Tex. 18, 211 S.W.2d 559, 560, 562 (1948)). *See also Insignia Capital Advisors, Inc. v. Stockbridge Corp.*, 2000 WL 267495, *4 (Tex. Ct. App. 2000)).

***Utah***: Under Utah law, "[i]n order to prevail on a claim of unjust enrichment, three elements must be met. First, there must be a benefit conferred on one person by another. Second, the conferee must appreciate or have knowledge of the benefit. Finally, there must be acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value." *Brumbelow v. Law Offices of Bennett and Deloney, P.C.*, 372 F.Supp.2d 615, 622 (D. Utah 2005) (citing *Groberg v. Housing Opportunities, Inc.*, 68 P.3d 1015, 1019 (Utah Ct. App. 2003)).

***Vermont***: Under Vermont law, a claim for unjust enrichment lies when a party confers a benefit upon another party and retention of the benefit would be inequitable. *Brookside Memorials, Inc. v. Barre City*, 702 A.2d 47, 49 (Vt. 1997).

***Virginia***: "Under Virginia law, the elements of unjust enrichment are '(1) the plaintiff's conferring of a benefit on the defendant, (2) the defendant's knowledge of the conferring of the benefit, and (3) the defendant's acceptance or retention of the benefit under circumstances that render it inequitable for the defendant to retain the benefit without paying for its value.'" *Jones v. Link*, 493 F.Supp.2d 765, 773 (E.D. Va. 2007) (quoting *Microstrategy, Inc. v. Netsolve, Inc.*, 368 F.Supp.2d 533, 537 (E.D. Va. 2005); *accord Nossen v. Hoy*, 750 F.Supp. 740, 744-45 (E.D. Va. 1990).

***Washington***: Under Washington law, three elements must be established to sustain a claim of unjust enrichment: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under such circumstances as to

1  make it inequitable or for the defendant to retain the benefit without the payment of its

2  value. *Bailie Communications, Ltd. v. Trend Bus. Sys., Inc.*, 810 P.2d 12, 18 (Wash.

3  App. 1991).

4      ***West Virginia***: Under West Virginia law, "[a] claim of unjust enrichment . . .

5  entails the establishment of three elements: (1) a benefit conferred upon the plaintiff, (2)

6  an appreciation or knowledge by the defendant of such benefit, and (3) the acceptance

7  or retention by the defendant of the benefit under such circumstances as to make it

8  inequitable for the defendant to retain the benefit without payment of its value." *Veolia

9  Es Special Servs., Inc. v. Techsol Chem. Co.*, 2007 WL 4255280, *9 (S.D. W.Va. 2007).

10     ***Wisconsin***: Under Wisconsin law, a cause of action "for recovery based upon

11  unjust enrichment is grounded on the moral principle that one who has received a

12  benefit has a duty to make restitution where retaining such a benefit would be unjust."

13  *Management Computer Servs., Inc. v. Hawkins, Ash, Baptie & Co.*, 557 N.W.2d 67, 79-

14  80 (Wis. 1996).

15     ***Wyoming***: Under Wyoming law, a plaintiff must establish the following elements

16  to prevail on a claim for unjust enrichment: (1) the plaintiff has conferred a benefit; (2)

17  to the defendant; (3) which the defendant accepted, used and enjoyed; and (4) under the

18  circumstances it would be unjust for the defendant to retain the benefit.  *Silver Dollar

19  Motel, Inc. v. Taylor Elec. Co.*, 761 P.2d 1006, 1008 (Wyo. 1988).

20     ***District of Columbia***: "To recover on a theory of unjust enrichment, . . . the

21  plaintiff must show that [the defendant] was unjustly enriched at his expense and that

22  the circumstances were such that in good conscience [the defendant] should make

23  restitution."  *Emerine v. Yancey*, 680 A.2d 1380, 1383 (D.C. Ct. App.1996)

24          **B.    Fraud Claims Are Materially The Same Throughout The Nation**

25     ***Federal Common Law***: To recover for fraud under the federal common law, the

26  following elements must be proven: "(1) a false representation (2) in reference to a

27  material fact (3) made with knowledge of its falsity (4) and with the intent to deceive

28  (5) with action taken in reliance upon the representation." *Pence v. United States*, 316

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:342520_1: 1.31.2008                    - 18 -
                                    EXHIBIT A (TRIAL PLAN)

U.S. 332, 338 (1942); *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1120 (2d Cir.1970); *Graham v. Renbrook School*, 692 F.Supp. 102, 107 (D. Conn. 1988) ("Under federal common law fraud consists of five elements: '(1) a false representation (2) in reference to a material fact (3) made with knowledge of its falsity (4) and with the intent to deceive (5) with action taken in reliance upon the representation.'"); *accord Le v. Am. Seafoods Co. LLC*, 2007 WL 4560670, *7 (W.D. Wash. 2007).

*__Alabama__*: Under Alabama law, the basic elements of a claim of fraud are: "(1) a false representation, (2) of a material existing fact, (3) reasonably relied on by the claimant (4) who suffered damage as a proximate cause of the misrepresentation." *Drummond Co., Inc. v. Walter Industries, Inc.*, 962 So2d 753, 788 (Ala. 2006); *Fisher v. Ciba Specialty Chems. Corp.*, 2007 WL 2995525, *12 (S.D. Ala. 2007) (quoting *Mantiply v. Mantiply*, 951 So.2d 638, 653 (Ala. 2006)). Fraud "results from either a willful or a reckless misrepresentation or suppression of material facts with an intent to mislead." *Ford Motor Co. v. Sperau*, 708 So. 2d 111, 116 (Ala. 1997).

*__Alaska__*: Under Alaska law, a cause of action for fraud requires: (1) a false representation of a material fact; (2) made with knowledge of its falsity or ignorance of its truth; (3) an intent that it be acted upon by the recipient in the manner reasonably contemplated; (4) the plaintiff's justifiable reliance; and (5) damages. *See Barber v. Nat'l Bank of Alaska*, 815 P .2d 857, 862 (Alaska 1991).

*__Arizona__*: Under Arizona law, to prevail on a fraud claim, a plaintiff must establish: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably calculated; (6) the recipient's ignorance of its falsity; (7) the recipient's reliance on its truth; (8) the right to rely on it; and (9) a consequent and proximate injury." *Arnold & Assoc., Inc. v. Misys Healthcare Sys.*, 275 F.Supp.2d 1013, 1027 (D. Ariz. 2003); *accord Enyart v. Transamerica Ins. Co.*, 985 P.2d 556, 562 (Ariz. 1998).

/ / /

1    ***Arkansas***: Under Arkansas law, five elements must be established to prevail on a

2    claim of fraud: [(1)] a false representation of fact; [(2)] knowledge that the

3    representation is false, or that there is insufficient information upon which to base it;

4    [(3)] intent to induce reliance on the representation; [(4)] justifiable reliance on the

5    representation; and [(5) damages suffered as a result of the reliance." *Illumination*

6    *Station, Inc. v. Cook*, 2007 WL 4166215, *1-2 (W.D. Ark. 2007). *See also Roach v.*

7    *Concord Boat Corp.*, 880 S.W.2d 305, 306 (Ark. 1994); *Ripplemeyer v. Nat'l Grape*

8    *Co-op Ass'n, Inc.*, 807 F.Supp. 1439, 1450 (W.D. Ark. 1992).

9    ***California***:    Under California law, "to establish a claim for [fraud] based on

10   intentional misrepresentation, the plaintiff must prove seven essential elements: (1) the

11   defendant represented to the plaintiff that an important fact was true; (2) that

12   representation was false; (3) the defendant knew that the representation was false when

13   the defendant made it, or the defendant made the representation recklessly and without

14   regard for its truth; (4) the defendant intended that the plaintiff rely on the

15   representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff

16   was harmed; and (7) the plaintiff's reliance on the defendant's representation was a

17   substantial factor in causing that harm to the plaintiff." *Manderville v. PCG & S Group,*

18   *Inc.*, 146 Cal.App.4th1486, 1498 (2007); *see also Mills v. Ramona Tire, Inc.*, 2007 WL

19   4277537, *2 (S.D. Cal. 2007) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

20   1103 (9th Cir. 2003)); *accord Alliance Mortgage Co. v. Rothwell*, 10 Cal.4th 1226,

21   1239 (1995); *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996); *Small v. Fritz*

22   *Companies, Inc.*, 30 Cal.4th 167, 173 (2003); *City Solutions, Inc. v. Clear Channel*

23   *Communications*, 365 F.3d 835, 839 (9th Cir. 2004).

24   ***Colorado***:    Under Colorado law, the elements of fraud are: "(1) a false

25   representation of a material existing fact or a representation as to a material existing fact

26   made with a reckless disregard of its truth or falsity . . . (2) knowledge on the part of the

27   one making the representation that it is false or utter indifference to its truth or falsity .. .

28   (3) ignorance on the part of the one to whom representations are made or from whom

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:342520_1: 1.31.2008                    - 20 -

EXHIBIT A (TRIAL PLAN)

1  such fact is concealed . . . (4) the representation or concealment made or practiced with

2  the intention that it shall be acted upon; (5) Action on the representation or concealment

3  resulting in damage." *Bemel Assoc., Inc. v. Brown*, 164 Colo. 414, 418 (Colo. 1967);

4  *see also Prymak v. Contemporary Fin. Solutions, Inc.*, 2007 WL 4250020, *20 (D.

5  Colo. 2007) (quoting *S.E. Colo. Water Conservancy Dist. v. Cache Creek Mining Trust*,

6  854 P.2d 167, 172 (Colo. 1993)).

7    **_Connecticut_**: Under Connecticut law, the elements of an action in fraud are "(1)

8  that a false representation was made as a statement of fact; (2) that it was untrue and

9  known to be untrue by the party making it; (3) that it was made to induce the other party

10 to act on it; and (4) that the latter did so act on it to his injury." *Updike, Kelly &*

11 *Spellacy, P.C. v. Beckett*, 850 A.2d 145, 166 (Conn. 2004) (citations omitted); *see also*

12 *Whitaker v. Taylor*, 916 A.2d 834, 842 (Conn. App. 2007).   Fraud exists where

13 "statement was known by the defendants to be untrue or was given in reckless disregard

14 of the truth." *Oddo v. Warren*, 2008 WL 224077, *15 (Conn. Super. 2008) (citing

15 *Miller v. Appleby*, 183 Conn. 51, 54-55 (1981)).

16   **_Delaware_**: "Under Delaware common law, a legal claim for fraud or deceit

17 requires that plaintiff establish the following elements: (1) a false representation of

18 material fact; (2) made by a person with knowledge that the representation is false, or

19 with reckless indifference to the truth; (3) an intention to induce the person to whom it

20 is made to act or refrain from acting in reliance upon it; (4) causing that person, in

21 justifiable reliance upon the false statement, to take or refrain from taking action; (5)

22 causing such person to suffer damage by reason of such reliance." *Mogavero v.*

23 *Greenberg*, 2007 WL 2713843, *7 (Del. Ch. Ct. 2007); *see also Royal Indemnity Co. v.*

24 *Pepper Hamilton LLP*, 479 F.Supp.2d 419, 430 (D. Del. 2007) (citing *Gaffin v.*

25 *Teledyne, Inc.*, 611 A.2d 467, 472 (Del. 1992).

26   **_Florida_**: Under Florida law, the elements of a fraud claim are: (1) a

27 misrepresentation of material fact; (2) made by the defendant with knowledge of its

28 falsity, ignorance of the truth or falsity of the representation or under circumstances in

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:342520_1: 1.31.2008

- 21 -

EXHIBIT A (TRIAL PLAN)

1  which the defendant should have known of the falsity; (3) an intent to induce reliance;

2  and (4) resulting injury to the plaintiff acting in justifiable reliance on the

3  representation.  *Sheen v. Jenkins*, 629 So.2d 1033, 1035-36 (Fla. 4th Dist. Ct. App.

4  1993). *See also Sherban v. Richardson*, 445 So.2d 1147, 1148 (Fla. 4th Dist. Ct. App.

5  1984); *see also Pitts Sales, Inc. v. King World Productions, Inc*., 383 F.Supp.2d 1354,

6  1362-63 (S.D. Fla. 2005); *GIA-GMI, LLC v. Michener*, 2007 WL 1056792, *4 (N.D.

7  Cal. 2007) (citing *Lance v. Wade*, 457 So.2d 1008, 1011 (Fla. 1984)).

8      **_Georgia_**: Under Georgia law, a plaintiff must "prove the following essential

9  elements to establish the tort of fraud: '(1) [m]isrepresentation by a defendant of a

10  material existing fact; (2) with knowledge that it is false or with reckless disregard as to

11  whether it was true; (3) with intent to induce the plaintiff to act or refrain from acting;

12  (4) that is justifiably relied upon by the plaintiff; and (5) that because of such reliance,

13  the plaintiff is damaged.'" *GIW Indus., Inc. v. JerPeg Contracting, Inc*., 2008 WL

14  110618, *9-10 (S.D. Ga. 2008) (quotations omitted); *see also Worsham v. Provident

15  Cos., Inc*., 249 F.Supp.2d 1325, 1331 (N.D. Ga. 2002).

16      **_Hawaii_**:  Under Hawaii law, to prevail on a fraud claim, a plaintiff must prove:

17  "(1) false representations . . . made by defendants, (2) with knowledge of their falsity

18  (or without knowledge of their truth or falsity), (3) in contemplation of plaintiff's

19  reliance upon these false representations, and (4) plaintiff did rely upon them." *Shoppe

20  v. Gucci Am., Inc*., 14 P.3d 1049, 1067 (Haw. 2000).  *See also Matsuda v. Wada*, 101

21  F.Supp.2d 1315 (D. Haw. 1999)

22      **_Idaho_**: Under Idaho law, a fraud claim involves the "following elements: (1) a

23  representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its

24  falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the

25  person and in the manner reasonably contemplated; (6) the hearer's ignorance of its

26  falsity; (7) the hearer's reliance on the truth; (8) the hearer's right to rely thereon; and

27  (9) the hearer's consequent and proximate injury." *Taylor v. Samson*, 2007 WL

28  2790399, *3 (D. Idaho 2007) (citing *Thomas v. Med. Ctr. Physicians*, 61 P.3d 557, 564

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:342520_1: 1.31.2008                - 22 -

EXHIBIT A (TRIAL PLAN)

1  (Idaho 2002)).  *See also In re Cessna 208 Series Aircraft*, 2006 WL 3858465, *3 (D.

2  Kan. 2006) (applying Idaho law).  *See also Aspiazu v. Mortimer*, 82 P.2d 830, 832

3  (Idaho 2003).

4      ***Illinois***: Under Illinois law, the elements of fraud are: "(1) defendant made a false

5  representation of material fact; (2) defendant, when making the representation, knew the

6  statement was false or made the statement in reckless disregard of the truth; (3)

7  defendant made the statement for the purpose of inducing plaintiff to do an act; (4)

8  plaintiff acted in reasonable reliance on the statement; and (5) plaintiff suffered an

9  injury as a result of his reliance on the statement."  *George William Hoffman & Co. v.*

10 *Capital Services Co*., 101 Ill. App. 3d 487, 495 (Ill. App. 1981).  *See also Martinez v.*

11 *Freedom Mortg. Team, Inc.*, 2007 WL 4415247, *5 (N.D. Ill. 2007) (citing *Soules v.*

12 *Gen. Motors Corp.*, 402 N.E.2d 599, 601 (Ill. 1980)); *accord Masterson v. St. George*

13 *Unlimited, Inc.*, 2007 WL 4104101, *2 (N.D. Ill. 2007).

14     ***Indiana***: "Under Indiana law, the elements required to establish a claim of fraud

15 are: (1) a material misrepresentation of past or existing fact by the party to be charged,

16 which; (2) was false; (3) was made with knowledge or in reckless ignorance of the

17 falsity; (4) was relied upon by the complaining party; and (5) proximately caused injury

18 to the complaining party." *JM McCormick Co., Inc. v. Int'l Truck & Engine Corp*., 2007

19 WL 2904825, *15 (S.D. Ind. 2007) (citing *Precision Homes of Ind., Inc. v. Pickford,*

20 844 N.E.2d 126, 131 (Ind. Ct. App. 2006)); *accord Humphries v. Ables*, 789 N.E.2d

21 1025, 1030 (Ind. Ct. App. 2003).

22     ***Iowa***:  Under Iowa law, "[t]he elements of fraud are: (1) representation; (2)

23 falsity; (3) materiality; (4) scienter; (5) intent to deceive; (6) justifiable reliance; and (7)

24 resulting injury and damage." *Schooley v. Orkin Extermination, Co., Inc*., 502 F.3d 759,

25 764 (8th Cir. 2007 (citing *Garren v. First Realty Ltd*., 481 N.W.2d 335, 338 (Iowa

26 1992)).  *See also Gibson v. ITT Hartford Ins. Co*., 621 N.W.2d 388, 400 (Iowa 2001).

27 "Scienter and intent to deceive may be shown when the speaker has actual knowledge

28 of the falsity of his representations or speaks in reckless disregard of whether those

1   representations are true or false." *Garren v. First Realty, Ltd.*, 481 N.W. 2d 335, 338
2   (Iowa 1992).

3   **Kansas**: Under Kansas law, "fraud includes an untrue statement of material fact,
4   known to be untrue by the person making it, made with the intent to deceive or
5   recklessly made with disregard for its truthfulness, where another party justifiably relies
6   upon the statement and acts to his injury." *Wilson v. Meeks*, 98 F.3d 1247, 1254 (10th
7   Cir.1996) (quoting *Slaymaker v. Westgate State Bank*, 241 Kan. 525, 531, 739 P.2d 444,
8   450 (1987)).

9   **Kentucky**: Under Kentucky law, to prevail on a fraud claim, a plaintiff must
10  prove: (1) material misrepresentation; (2) which is false; (3) known to be false or
11  recklessly made; (4) made with inducement to be acted upon; (5) acted in reliance
12  thereon; and (6) causing injury. *Farmers Bank and Trust Co. of Georgetown v. Willmott
13  Hardwoods, Inc.*, 171 S.W.3d 4, 11 (Ky. 2005) (citing *United Parcel Serv. Co. v.
14  Rickert*, 996 S.W.2d 464 (Ky. 1999)). *See also Sudamax Industria E Comercio De
15  Cigaros, Ltda v. Buttes & Ashes, Inc.*, 2006 WL 3627723, *3 (W.D. Ky. 2006)

16  **Louisiana**: "[T]he following elements [are necessary] to sustain a claim for fraud
17  under Louisiana law: (1) a misrepresentation of material fact; (2) made with the intent
18  to deceive; and (3) causing justifiable reliance with resultant injury." *Foley & Lardner,
19  L.L.P. v. Aldar Investments, Inc.*, 491 F.Supp.2d 595, *604 (M.D. La. 2007) (citing
20  *Abell v. Potomac Ins. Co.*, 858 F.2d 1104, 1131 n. 33 (5th Cir.1988), *vacated on other
21  grounds sub nom., Fryar v. Abell,* 492 U.S. 914 (1989)).

22  **Maine**: Under Maine law, to prevail on a fraud claim, the plaintiff must prove
23  that "the defendant (1) makes a false representation (2) of a material fact (3) with
24  knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the
25  purpose of inducing another to act or to refrain from acting in reliance upon it, and (5)
26  the plaintiff justifiably relies upon the representation as true and acts upon it to his
27  damage." *Telerent Leasing Corp. v. Pine State Plumbing & Heating, Inc*., 231
28  F.Supp.2d 352, 355 (D. Me. 2002).  *See also Rutland v. Mullen*, 798 A.2d 1104,

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:342520_1: 1.31.2008

- 24 -

1111 (Me. 2002); *Gatchell v. Legend Sports, Inc*., 1999 WL 33117091, *6 (D. Me. 1999).

**_Maryland_**:  Under Maryland law, the elements of a fraud claim are "(1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation." *Nails v. S & R, Inc.*, 639 A.2d 660, 668 (Md.1994).  *See also Metro Ready Mix, Inc. v. Essroc Cement Corp.*, 2007 WL 1306595, *3 (D. Md. 2007).

**_Massachusetts_**: "Under Massachusetts law, "'[t]o recover in an action of deceit the plaintiff must prove as to the misrepresentation: (1) that it was as to a matter of fact, which may include a belief or an intention, made by the defendant or his agent; (2) that it was made with the intention to induce another person to act upon it; (3) that it was made with knowledge of its untruth, or was made of a fact susceptible of actual knowledge with recklessness as to its truth or falsehood, or was the utterance of a half truth, which in effect is a lie, or was the failure to disclose known facts when there was a duty, original or supervening, to disclose; (4) that it was intended that it should be acted upon, as it was, and (5) that damage resulted therefrom.'" *Lerra v. Monsanto Co.*, 521 F.Supp. 1257, 1259 (D. Mass. 1981) (quotations omitted). *See also Gerber v. Bowditch*, 2006 WL 1284232, *6 n. 9 (D. Mass. 2006); *Robinson v. Bodoff*, 355 F.Supp.2d 578, 584 (D. Mass. 2005); *Davis v. Dawson, Inc.*, 15 F.Supp.2d 64, 136 (D. Mass. 1998).

**_Michigan_**:  Under Michigan law, "[t]o prove fraud, plaintiff must prove the following elements: '(1) that the charged party made a material representation; (2) that it was false; (3) that when he or she made it he or she knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he or she made it with the intention that it should be acted upon by the other party; (5) that the

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:342520_1: 1.31.2008

- 25 -

EXHIBIT A (TRIAL PLAN)

1  other party acted in reliance upon it; and (6) that the other party thereby suffered

2  injury.'" *Leininger v. Reliastar Life Ins. Co.*, 2007 WL 2875283, *19 (E.D. Mich.

3  2007).  *See also City of Novi v. Robert Adell Children's Funded Trust*, 701 N.W.2d 144,

4  152 n. 8 (Mich. 2005); *Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271, 280

5  (Mich. App. 2003).

6  **_Minnesota_**: "To state a claim of fraud pursuant to Minnesota law, Plaintiff must

7  prove the following elements: '(1) there was a false representation by a party of a past

8  or existing material fact susceptible of knowledge; (2) made with knowledge of the

9  falsity of the representation or made as of the party's own knowledge without knowing

10  whether it was true or false; (3) with the intention to induce another to act in reliance

11  thereon; (4) that the representation caused the other party to act in reliance thereon; and

12  (5) that the party suffer[ed] pecuniary damage as a result of the reliance.'" *Smith v. Am.*

13  *Investors Network*, 2006 WL 3491144, *8 (D. Minn. 2006) (quoting *Specialized Tours,*

14  *Inc. v. Hagen*, 392 N.W.2d 520, 532 (Minn. 1986)).  *See also In re Strid*, 487 N.W.2d

15  891, 893-94 (Minn.1992).

16  **_Mississippi_**: Under Mississippi law, to prevail on a fraud claim, a plaintiff must

17  establish the following: "(1) [a] representation; (2) its falsity; (3) its materiality; (4) the

18  speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be

19  acted on by the person and in the matter reasonably contemplated; (6) the hearer's

20  ignorance of its falsity; (7) his reliance upon its truth; (8) his right to rely thereon; (9)

21  his consequent and proximate injury." *Great Southern Nat'l Bank v. McCullough Env.*

22  *Servs., Inc.*, 595 So.2d 1282, 1288-89 (Miss.1992).  *See also Bonham v. Home Depot*

23  *U.S.A., Inc.*, 2006 WL 231631, *2 (S.D. Miss. 2006).

24  **_Missouri_**: "Under Missouri law, the elements of a submissible case of fraud are:

25  '1) a false, material representation; 2) the speaker's knowledge of its falsity or his/her

26  ignorance of the truth; 3) the speaker's intent that his/her representation should be acted

27  upon by the hearer in the manner reasonably contemplated; 4) the hearer's ignorance of

28  the falsity of the representation; 5) the hearer's reliance on the representation being true;

1    6) the hearer's right to rely thereon; and 7) the hearer's consequent and proximately-

2    caused injuries.'" *John Doe CS v. Capuchin Franciscan Friars*, 2007 WL 3146550, *6 -

3    7 (E.D. Mo. 2007) (quoting *BMK Corp. v. Clayton Corp.*, 226 S.W.3d 179, 193 (Mo.

4    Ct. App. 2007)).

5        **_Montana_**: Under Montana law, a plaintiff must prove the following elements to

6    prevail on a fraud claim:  "'(1) a representation; (2) falsity of the representation; (3)

7    materiality of the representation; (4) speaker's knowledge of the falsity of the

8    representation or ignorance of its truth; (5) speaker's intent it should be relied upon; (6)

9    the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on

10   the representation; (8) the hearer's right to rely on the representation; and (9)

11   consequent and proximate injury caused by the reliance on the representation.'" *Durbin

12   v. Ross*, 916 P.2d 758, 762 (Mont. 1996) (quoting *Lee v. Armstrong*, 798 P.2d 84, 87

13   (Mont. 1990)).

14       **_Nebraska_**: Under Nebraska law, for fraud, a plaintiff "must prove six elements:

15   (1) [t]he defendant made a representation of material fact; (2) the representation was

16   false; (3) the representation, when made, was known to be false or was made recklessly

17   as a positive assertion without knowledge concerning the truth of the representation; (4)

18   the representation was made with the intention that the plaintiff would rely upon it; (5)

19   the plaintiff reasonably relied upon the representation; and (6) as a result of such

20   reliance, the plaintiff suffered damage." *Paris v. Crawford State Bank*, 1993 WL 578,

21   *6 (Neb. App. 1993). *See also Dammann v. Litty*, 452 N.W.2d 522, 528 (Neb. 1990).

22       **_Nevada_**: "In Nevada, to establish fraud a Plaintiff must establish the following

23   elements: (1) the defendant made a false representation; (2) with the knowledge or

24   belief that the representation was false or knowledge that it had an insufficient basis for

25   making the representation; (3) and was made with the intention of inducing the party to

26   act or refrain from acting upon the misrepresentation; (4) Plaintiff justifiably relied

27   upon the misrepresentation; and (5) Plaintiff suffered damage as a result of the

28   reliance." *Scaffidi v. United Nissan*, 425 F.Supp.2d 1159, 1168 -69 (D. Nev. 2005)

**CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION**

1   (citing *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.,* 89 P.3d 1009, 1018 (Nev.

2   2004)); *see also Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1155 (9th Cir. 2005)

3   (citing *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992))

4      ***New Hampshire***: Under New Hampshire law, "[t]he elements of fraud or deceit

5   are (1) the defendant misrepresented a material fact to the plaintiff, knowing it to be

6   false; (2) the defendant did so with fraudulent intent that the plaintiff act on it; and (3)

7   that the plaintiff, without knowledge of its falsity, detrimentally relied on the

8   misrepresentation." *Alexander v. Fujitsu Bus. Comm. Sys., Inc.*, 818 F.Supp. 462,

9   467 (D. N.H. 1993) (citing *Proctor v. Bank of New Hampshire,* 464 A.2d 263, 265

10   (N.H. 1983)). "The tort of intentional misrepresentation, or fraud, must be proved by

11   showing that the representation was made with knowledge of its falsity or with

12   conscious indifference to its truth and with the intention of causing another person to

13   rely on the representation." *Patch v. Arsenault*, 139 N.H. 313, 319 (N.H. 1995).

14      ***New Jersey***: Under New Jersey law "a common-law fraud action has five

15   elements: (1) a material misrepresentation of a presently existing or past fact; (2)

16   knowledge or belief by the defendant of its falsity; (3) an intention that the other person

17   rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting

18   damages." *McConkey v. AON Corp.*, 354 N.J. Super. 25, 45-46 (App. Div. 2002) (citing

19   *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997)). *See also Titan Stone, Tile*

20   *& Masonry, Inc. v. Hunt Constr. Gp., Inc.*, 2007 WL 3232588, *16 (D. N.J. 2007);

21   *Modern Tech. Gp., Inc. v. Bergman*, 2007 WL 2027915, *2 (D. N.J. 2007) (same). It is

22   sufficient if there is "proof that a false representation has been made knowingly or

23   without belief in its truth, or in a reckless and careless manner, whether it be true or

24   false." *Grow Farms Corp. v. Nat'l State Bank, Elizabeth*, 400 A.2d 535, 538 (N.J.

25   Super.1979).

26      ***New Mexico***: Under New Mexico law, "'[t]he essential elements required to

27   sustain an action for fraud, are that a representation was made as a statement of fact

28   which was untrue and known to be untrue by the party making it, or else recklessly

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:342520_1: 1.31.2008

- 28 -

EXHIBIT A (TRIAL PLAN)

made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that the other party did in fact rely on it and was induced thereby to act to his injury or damage.'" *Stone v. Fossil Oil & Gas*, 657 F.Supp. 1449, 1462 (D. N.M. 1987) (quoting *Prudential Ins. Co. of Am. v. Anaya*, 428 P.2d 640 (N.M. 1967)).

***New York***: "Under New York law, the essential elements of a fraud claim include 'representation of a material existing fact, falsity, scienter, deception, and injury.'" *Zagari v. Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers*, 2007 WL 4373542, *10 (W.D.N.Y. 2007) (quotations omitted).  *See also New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 318 (1995); *Abbatiello v. Monsanto Co.*, 2007 WL 3274771, *6 (S.D.N.Y. 2007) (citing *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir.2006)); *Cohen v. Houseconnect Realty Corp.*, 289 A.D.2d 277, 734 N.Y.S.2d 205, 206 (App. Div.2d Dep't 2001).  "A cause of action for fraud must assert that a representation of a material fact was make, that such representation was false, and known to be false by the party making it, or was recklessly made; that such representation was made to deceive and to induce the other party to act upon it; and that the party to whom the representation was made relied upon it to its injury or damage." *Zaref v. Berk & Michaels*, *P.C.*, 192 A.D. 2d 346, 348-49 (N.Y. App. 1993).

***North Carolina***: Under North Carolina law, "in order to establish a prima facie case of fraud plaintiff must show (a) that defendant made a representation relating to some material past or existing fact; (b) that the representation was false; (c) that when he made it defendant knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (d) that the defendant made the false representation with the intention that it should be acted on by the plaintiff; (e) that the plaintiff reasonably relied upon the representation and acted upon it; and (f) that the plaintiff suffered injury." *Bolick v. Townsend Co., Inc.*, 94 N.C. App. 650, 652, 381 S.E. 2d 175, 176 (N.C. App. 1989). See also" *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 189

1  (4th Cir. 2007) (quoting *Forbis v. Neal*, 361 N.C. 519, 649 S.E.2d 382, 387 (2007));

2  *Watts v. Cumberland County Hosp. System, Inc.,* 317 N.C. 110, 116-7 (1986).

3      **North Dakota**: Under North Dakota law, "to constitute actionable fraud,

4  representations must be made with knowledge of their falsity and with the intent to

5  deceive, and that the plaintiff must show that he relied upon the representations made;

6  that fraud is not presumed but must be proved." *Johnson v. Tomlinson*, 160 N.W.2d 49,

7  57-58 (N.D. 1968).  "To support a finding of fraud in a tort action, it was necessary for

8  [plaintiff] to prove that [defendant] asserted a fact that was not true and for which it had

9  no reasonable grounds to believe was true . . ."  *Nodak Oil Co. v. Mobil Oil Corp.*, 533

10  F. 2d 401, 407 (8th Cir. 1976).

11      **Ohio**: Under Ohio law, a claim of common law fraud requires proof of the

12  following elements: "(a) [a] representation or, where there is a duty to disclose,

13  concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely

14  with knowledge of its falsity, or with other such disregard and recklessness as to

15  whether it is true or false that knowledge may be inferred, (d) with the intent of

16  misleading another into relying upon it, (e) justifiable reliance upon the representation

17  or concealment, and (f) a resulting injury proximately caused by the reliance." *Cohen v.*

18  *Lamko, Inc.*, 10 Ohio St.3d 167, 169, 462 N.E.2d 407 (Ohio 1984).  *See also Pullins v.*

19  *Klimley*, 2008 WL 85871, *34 (S.D. Ohio 2008); *Aetna Cas. & Sur. Co. v. Leahey*

20  *Constr. Co.*, 219 F.3d 519, 540 (6th Cir. 2000) (citing *Cohen v. Lamko, Inc.*, 462

21  N.E.2d 407, 409 (Ohio 1984)).

22      **Oklahoma**: Under Oklahoma law, "[t]o recover on a fraud claim, a plaintiff must

23  allege and prove: 1) that the defendant made a material representation, 2) that the

24  representation was false, 3) that the defendant knew the representation was false or

25  made it recklessly without regard for its truth, 4) that the defendant made the

26  representation with the intention that plaintiff act on it, and 5) that the injury was

27  suffered by plaintiff as a result." *Hussein v. Duncan Regional Hosp., Inc.*, 2007 WL

28  3231693, *2 (W.D. Okla. 2007) (citing *McCain v. Combined Comm. Corp. of Okla.*,

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:342520_1: 1.31.2008                              - 30 -
                                    EXHIBIT A (TRIAL PLAN)

1   *Inc.*, 975 P.2d 865 (Okla. 1999)).  *See also Gish v. ECI Servs. of Okla., Inc.*, 162 P.3d

2   223, 228 (Okla. Civ. App. 2006); *Shotwell v. Crocs Retail, Inc.*, 2007 WL 2446579, *5

3   (N.D. Okla. 2007); *In re Sulzer Orthopedics, Inc. Hip Prosthesis & Knee Prosthesis*

4   *Prods. Liab. Litig.*, 335 F.Supp.2d 830, 834 (N.D. Ohio 2004).

5       **_Oregon_**:   Under Oregon law, to prevail on a fraud claim, a plaintiff must show

6   that: "(1) defendant made a false representation of a material fact; (2) with knowledge

7   or belief that it was false, or with an insufficient basis for asserting that it is true; (3)

8   with the intent that plaintiff rely on it; (4) plaintiff justifiably relied on the

9   misrepresentation; and (5) plaintiff suffered consequent damages." Asay v. Albertsons,

10  Inc., 2007 WL 1245886, *8 (D. Or. 2007) (citing *Arboireau v. Adidas-Salomon AG,* 347

11  F.3d 1158, 1165 (9th Cir. 2003).  *See also Pollock v. D.R. Horton,* 190 Or.App. 1, 20,

12  77 P.3d 112 (Or. App. Ct. 2003); *Novak v. Seiko Corp.*, 37 Fed. Appx. 239, 245, 2002

13  WL 1011580, *5 (9th Cir. 2002).

14      **_Pennsylvania_**: "The elements of fraud under Pennsylvania law are: "(1) a

15  representation; (2) which is material; (3) made falsely, with knowledge of its falsity or

16  recklessness as to whether it is true or false; (4) with the intent of misleading another

17  into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting

18  injury was proximately caused by the reliance." *Argent Classic Convertible Arbitrage*

19  *Fund L.P. v. Rite Aid*, 315 F.Supp.2d 666, 686 (E.D. Pa. 2000). *See also Roman v.*

20  *Cumberland Mut. Fire Ins. Co.*, 2007 WL 3408445, *3 (E.D. Pa. 2007); *Clinkscales v.*

21  *Children's Hosp. of Philadelphia*, 2007 WL 3355604, *9 (E.D. Pa. 2007).

22      **_Rhode Island_**: "A plaintiff must prove three elements to establish a prima facie

23  case for common law fraud in Rhode Island: 1) the defendant made a false

24  representation; 2) the defendant intended to induce the plaintiff to rely on that

25  representation; and 3) the plaintiff justifiably relied on the representation to his or her

26  detriment." *Fraioli v. Lemcke*, 328 F.Supp.2d 250, 268 (D. R.I. 2004) (citing *Women's*

27  *Dev. Corp. v. City of Central Falls,* 764 A.2d 151, 160 (R.I. 2001). *See also Travers v.*

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:342520_1: 1.31.2008

- 31 -
EXHIBIT A (TRIAL PLAN)

1   *Spidell,* 682 A.2d 471, 472-73 (R.I. 1996); *Nat'l. Credit Union Admin. Bd. v. Regine,*

2   795 F.Supp. 59, 70 (D. R.I. 1992).

3   **_South Carolina_**: "Under South Carolina law, the elements of actual fraud based

4   on affirmative misrepresentation are: '(1) misrepresentations of a material fact; (2)

5   made with knowledge of its falsity or ignorance of its truth; (3) intended by the maker

6   to induce action in reliance; (4) lack of knowledge by the other that the fact represented

7   is false; (5) reasonable reliance by the other upon the fact; and (6) harm proximately

8   caused by the reliance.'" *Consolidated Insured Benefits, Inc. v. Conseco Med. Ins. Co.*,

9   2006 WL 3423891, *7 (D. S.C. 2006) (quoting *Starkey v. Bell*, 315 S.E.2d 153, 155

10  (S.C. Ct. App. 1984)). *See also Williams v. Henson*, 2007 WL 2579626, *6 (D. S.C.

11  2007) (citing *Enhance-It, L.L.C. v. Am. Access Tech., Inc.,* 413 F .Supp.2d 626, 629-30

12  (D. S.C. 2006)); *Pitts Sales, Inc. v. King World Productions, Inc*., 383 F.Supp.2d 1354,

13  1364 n. 6 (S.D. Fla. 2005).

14  **_South Dakota_**: "Under South Dakota law, the essential elements of fraud are that:

15  1) a representation was made as a statement of fact, which was untrue and known to be

16  untrue by the party making it, or else recklessly made; 2) that it was made with intent to

17  deceive and for the purpose of inducing the other party to act upon it; and 3) that he [or

18  she] did in fact rely on it and was induced thereby to act to his [or her] injury or

19  damage." *Braun v. E.I. du Pont De Nemours & Co*., 2006 WL 290552, *12 (D. S.D.

20  2006).  *See also Northwestern Pub. Serv. Corp. v. Union Carbide Corp.*, 236 F.Supp.2d

21  966, 972 (D. S.D. 2002).

22  **_Tennessee_**: "Under Tennessee law, the elements of fraud are: (1) intentional

23  misrepresentation with regard to a material fact; (2) defendant's knowledge of the

24  representation's falsity, *i.e.,* it was made knowingly, without belief in its truth, or

25  recklessly, without regard to its truth or falsity; (3) plaintiff's reasonable reliance on the

26  misrepresentation resulting in damages to the plaintiff; and (4) the misrepresentation

27  relates to an existing or past fact." *MACTEC, Inc. v. Bechtel Jacobs Co., LLC*, 2007 WL

28  2385953, *6 (E.D. Tenn. 2007); *see also Erwin v. Piscitello*, 2007 WL 2897871, *5

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:342520_1: 1.31.2008                    - 32 -
EXHIBIT A (TRIAL PLAN)

1   (E.D. Tenn. 2007) (citing *Oak Ridge Precision Indus., Inc. v. First Tenn. Bank, N.A.*,

2   835 S.W.2d 25, 29 (Tenn. Ct. App. 1992).

3        **_Texas_**: "In Texas, the fraud elements are: (1) a material representation was made;

4   (2) it was false when made; (3) the speaker either knew it was false or made it without

5   knowledge of the truth; (4) the speaker made it with the intent it should be acted upon;

6   (5) the party acted in reliance; and (6) the party was injured as a result." *Brothers v.*

7   *Print, Inc.*, 2007 WL 3331974, *4 -5 (N.D. Tex. 2007) (citing *Coffel v. Stryker Corp.*,

8   284 F.3d 625, 631 (5th Cir.2002)). *See also In re First Merit Bank, N.A.*, 52 S.W.3d

9   749, 758 (Tex. 2001); *de Pacheco v. Martinez*, 515 F.Supp.2d 773, 783 n. 13 (S.D. Tex.

10  2007) (citing *Amouri v. Southwest Toyota, Inc.*, 20 S.W.3d 165, 168-69 (Tex. App.

11  2000).

12       **_Utah_**:   Under Utah law, to prevail on a fraud claim, a plaintiff must establish:

13  "(1)[t]hat a representation was made; (2) concerning a presently existing material fact;

14  (3) which was false; (4) which the representor either (a) knew to be false, or (b) made

15  recklessly, knowing that he had insufficient knowledge upon which to base such

16  representation; (5) for the purpose of inducing the other party to act upon it; (6) that the

17  other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it;

18  (8) and was thereby induced to act; (9) to his injury and damage." *Freightliner of Utah,*

19  *LLC v. Terex Advance Mixer, Inc.*, 2007 WL 2821396, *1 (D. Utah 2007) (quoting

20  *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536, 537 (Utah 2002)). *See also Gold*

21  *Standard, Inc. v. Getty Oil Co.*, 915 P.2d 1060, 1066-67 (Utah 1996).

22       **_Vermont_**: Under Vermont law, "'[a]n action for fraud and deceit will lie upon an

23  intentional misrepresentation of existing fact, affecting the essence of the transaction, so

24  long as the misrepresentation was false when made and known to be false by the maker,

25  was not open to the defrauded party's knowledge, and was relied on by the defrauded

26  party to his damage.'" *Silva v. Stevens*, 589 A.2d 852, 857 (Vt. 1991) (quoting *Union*

27  *Bank v. Jones*, 411 A.2d 1338, 1342 (Vt. 1980)). "Reckless disregard of the truth is

28  fraud." *In re Mayo*, 112 B.R. 607, 652 (D. Vt. Bankr. 1990).

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:342520_1: 1.31.2008

- 33 -

EXHIBIT A (TRIAL PLAN)

1     **_Virginia_**: Under Virginia law, [t]he basic elements of a claim of fraud are: '(1) a
2     false representation, (2) of a material existing fact, (3) reasonably relied on by the
3     claimant (4) who suffered damage as a proximate cause of the misrepresentation.'"
4     Precision Franchising LLC v. Pate, 2007 WL 3231551, *3 (E.D. Va. 2007) (quoting
5     *Cohn v. Knowledge Connections, Inc.,* 585 S.E.2d 578, 581 (Va. 2003)). "Virginia law
6     allows an action for fraud 'where misrepresentations are made . . . with reckless
7     abandon and disregard for the truth." *Bank of Montreal v. Signet Bank*, 193 F.3d 818,
8     833 (4th Cir. 1999) (*citing Hitachi Credit America Corp. v. Signet Bank*, 166 F. 3d 614,
9     628 (4th Cir. 1999)).

10     **_Washington_**: "Under Washington law, the nine fraud elements are: (1) a
11     representation of an existing fact; (2) the fact is material; (3) the fact is false; (4) the
12     defendant knew the fact was false or was ignorant of its truth; (5) the defendant
13     intended the plaintiff to act on the fact; (6) the plaintiff did not know the fact was false;
14     (7) the plaintiff relied on the truth of the fact; (8) the plaintiff had a right to rely on it;
15     and (9) the plaintiff had damages." *PlastWood SRL v. Rose Art Indus., Inc*., 2007 WL
16     3129589, *7 (W.D. Wash. 2007) (citations omitted). *See also Hambleton Bros. Lumber*
17     *Co. v. Balkin Enterps., Inc.*, 397 F.3d 1217, 1233-34 (9th Cir. 2005).

18     **_West Virginia_**: "Under West Virginia law, '[t]he essential elements in an action
19     for fraud are: '(1) that the act claimed to be fraudulent was the act of the defendant or
20     induced by him; (2) that it was material and false; that plaintiff relied upon it and was
21     justified under the circumstances in relying upon it; and (3) that he was damaged
22     because he relied upon it.'" *Ashworth v. Albers Medical, Inc*., 410 F.Supp.2d 471, 477
23     (S.D. W. Va. 2005); *accord Miller v. Liberty Mut. Ins. Co.*, 393 F.Supp.2d 399,
24     409 (S.D. W. Va. 2005). "An action for fraud may lie where the defendant either
25     knows the statement to be false, makes the statement without knowledge as to its truth
26     or falsity, or makes it under circumstances such that he should have known of its
27     falsity." *Poling v. Pre-Paid Legal Services, Inc*., 575 S.E. 2d 199, 207-208 (W. Va.
28     2002) (reasoning that actual knowledge of falsity is "not essential.").

1    ***Wisconsin***: "Under Wisconsin law, the elements for a claim of fraud are (1) a

2    false representation of fact; (2) made either knowing that it was untrue, or recklessly not

3    caring whether it was true or false; (3) made with the intent to deceive the plaintiff in

4    order to induce the plaintiff to act on it to plaintiff's pecuniary damage; and (4)

5    plaintiff's detrimental reliance on the representation as true." *Studio & Partners, s.r.l. v.*

6    *KI*, 2006 WL 3813697, *3 (E.D. Wisc. 2006). *See also Ritchie v. Clappier*, 109 Wis.2d

7    399, 404, 326 N.W.2d 131 (Wis. Ct. App.1982) ("[t]he elements of fraud are a false

8    representation made with intent to defraud and reliance by the injured party on the

9    misrepresentation").

10    ***Wyoming***: Under Wyoming law, to prevail on a fraud claim, a plaintiff must

11    prove that: "1) the defendant made a false representation intended to induce action by

12    the plaintiff; 2) the plaintiff reasonably believed the representation to be true; and 3) the

13    plaintiff relied on the false representation and suffered damages." *Metz Beverage Co. v.*

14    *Wyoming Beverages, Inc.*, 39 P.3d 1051, 1060 (Wyo. 2002); *accord U.S. v. Schwab*, 88

15    F.Supp.2d 1275, 1277 (D. Wyo. 2000).

16    ***District of Columbia***: In the District of Columbia, the elements of fraud "are: (1)

17    a false representation regarding a material fact; (2) known to be false when made or

18    made with reckless indifference to the truth; (3) for the purpose of deceiving or

19    defrauding the person claiming injury; (4) that action was taken in reliance upon the

20    misrepresentation, and the person had a right to rely upon it; and (5) that actual damage

21    was suffered resulting from the misrepresentation." *Kwang Dong Pharmaceutical Co. v.*

22    *Han*, 205 F.Supp.2d 489, 494-95 (D. Md. 2002) (citing *Blake Constr. Co. v. C.J.*

23    *Coakley Co.*, 431 A.2d 569, 577 (D.C. 1981). *See also Cadet v. Draper & Goldberg,*

24    *PLLC*, 2007 WL 2893418, *6 (D. DC. 2007).

25

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION