SCOTT J. FERRELL, Bar No. 202091
JAMES B. HARDIN, Bar No. 205071
CALL, JENSEN & FERRELL
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100
sferrell@calljensen.com
jhardin@calljensen.com

MARK P. ROBINSON, Bar No. 54426
KEVIN F. CALCAGNIE, Bar No. 108994
JEOFFREY L. ROBINSON, Bar No. 97852
ROBINSON, CALCAGNIE & ROBINSON INC.
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
Tel: (949) 720-1288
Fax: (949) 720-1292
mrobinson@rcrlaw.net
kcalcagnie@rerlaw.net
jrobinson@rcrlaw.net

Attorneys for Plaintiffs and the proposed class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RIVERA and DAN ABELL, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIO-ENGINEERED SUPPLEMENTS & NUTRITION, INC., d/b/a BSN, INC., a Florida Corporation, CHRISTOPHER FERGUSON, an individual, and DOES 1 through 250, inclusive;<br><br>Defendants. | Case No. SACV07-1306 JVS (RNBx)<br><br>**DECLARATION OF JAMES B. HARDIN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date:       February 25, 2008<br>Time:       1:30 p.m.<br>Judge:      Hon. James V. Selna<br>Courtroom:  10C<br><br>Complaint Filed: November 6, 2007<br>Trial Date:      None Set |

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:342523_1.DOC: 2.1.2008                    - 1 -                    SACV07-1306 JVS (RNBx)
DECLARATION OF JAMES B. HARDIN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

# DECLARATION OF JAMES B. HARDIN

I, James B. Hardin, declare as follows:

1.  I am an attorney duly licensed to practice law in the State of California and before this Court and a shareholder in the law firm Call, Jensen & Ferrell, counsel for Plaintiffs Mike Rivera and Dan Abell ("Plaintiffs") and the proposed class in this action. I have personal knowledge of the following matters and, if called to testify concerning them, could do so competently.

2.  I graduated from UCLA Law School in 1999. Then I began my career as an associate at the law firm of Paul, Hastings, Janofsky & Walker LLP and later joined the firm of Dewitt & Roberts, a business litigation boutique. In 2002, I joined the law firm of Call, Jensen & Ferrell ("CJ&F"), and became a shareholder in 2005. I am currently a shareholder in the law firm of Call, Jensen & Ferrell, APC, located in Newport Beach, California. Since joining CJ&F, I have practiced extensively in all areas of business litigation, including class actions and complex litigation.

3.  Founded in 1981, CJ&F represents plaintiffs and defendants in a variety of employment, real estate, business, intellectual property, and class action litigation matters. We have a staff of over 35 employees, including 16 attorneys.

4.  Over the last five years, CJ&F has participated in well over fifty class action lawsuits in state and federal courts in California. Approximately sixty percent (60%) of my time is devoted to representing plaintiffs in complex litigation matters, including class actions. While most of my class action experience has consisted of serving as lead or co-lead defense counsel, I also have substantial experience representing plaintiffs in a vast array of complex litigation matters. In the last three (3) years, I have obtained over $65 million in verdicts and settlements for my clients. Similarly, over the last several years CJ&F has obtained over $140 million in verdicts and settlements on behalf of its clients.

5.  My co-counsel, Scott J. Ferrell, also has substantial class action and complex litigation experience. Mr. Ferrell graduated *cum laude* from Georgetown

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:342523_1.DOC: 2.1.2008    - 2 -    SACV07-1306 JVS (RNBx)
DECLARATION OF JAMES B. HARDIN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1  University School of Law and practiced law with Baker Botts before joining the firm.
2  Mr. Ferrell has served as lead counsel in hundreds of complex matters and class actions
3  involving claims totaling several billion dollars.

4      6.     While at CJ&F, Scott J. Ferrell and I have served as co-lead counsel or
5  lead counsel on numerous class action matters, including:

- Babakanian v. CKE Restaurants, Inc.
- Bathon v. BCBG Max Azria Group, Inc.
- Bell v. Fremont Investment
- Benson v. International Star Registry
- Bloomfield v. Conair Corporation
- Chalk v. Sony Ericsson
- Christopher v. Baskin Robins, Inc.
- Drake v. Shurgard Storage Centers, Inc.
- Dudzienski v. BCBG Max Azria Group, Inc.,
- Gueorguiev v. Max Rave, LLC,
- Gunther & Monroe v. CKE Restaurants, Inc.
- Gunther v. CKE Restaurants, Inc.
- Hall v. Marie Callender
- Hanif v. Specialty Restaurants
- Hile v. Max Rave, LLC,
- Johnson v. Sony Ericsson
- Kelly v. PRG Parking Management, LLC
- Khorammi v. Lexmark
- McCabe v. Dell Inc.
- Millan v. AZ3
- Monroe v. El Pollo Loco, Inc.
- Morgan v. AT&T
- Morris v. CKE Restaurants, Inc.

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:342523_1.DOC: 2.1.2008      - 3 -      SACV07-1306 JVS (RNBx)
DECLARATION OF JAMES B. HARDIN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1  • Moss v. Park 'N Fly, Inc.
2  • Palacios v. Teletrac
3  • Perez v. CKE Restaurants, Inc.
4  • Rodriguez v. CKE Restaurants, Inc.
5  • Rohan v. Denny's
6  • Rosenberg v. Big A Drug Stores, Inc.
7  • Salaverrieta v. Fremont
8  • Serna v. Big A Drug Stores, Inc.
9  • Serrao v. Public Storage, Inc.
10 • Stewart v. Marie Callender Pie Shops, Inc.
11 • Toston v. CKE Restaurants, Inc.
12 • UCAN v. PNG
13 • Vasquez-Torres v. McGrath's Publick Fish House, Inc.
14 • Voje v. CKE Restaurants, Inc.
15 • Williams v. BCBG Max Azria Group

7. Most recently, in *Nortel Networks, Ltd. v. Platinum Networks, Inc.*, Case No. Case No. 04-CV-1968-IEG (LSP) (S.D. Cal.), Mr. Ferrell obtained a unanimous $47.6 million jury verdict on behalf of Nortel Networks. He has also been featured by the Los Angeles Daily Journal as one of California's "Top 20 Lawyers" under 40 and is a frequent author regarding class actions and punitive damages.

8. Along with co-counsel Mark P. Robinson, Jr., Kevin F. Calcagnie, and Jeoffrey L. Robinson of Robinson, Calcagnie & Robinson ("RC&R"), Plaintiffs' counsel have no conflicts of interest and will prosecute this action vigorously on behalf of Plaintiffs and the Class.

9. In accordance with Local Rule 7-3, I have met and conferred with counsel for BSN regarding the instant motion. First, along with attorneys Scott Ferrell and Scot Wilson, and paralegal Diana Folia from CJ&F, I met with Bo Phillips, counsel for

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:342523_1.DOC: 2.1.2008    - 4 -    SACV07-1306 JVS (RNBx)
DECLARATION OF JAMES B. HARDIN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1  Defendants, on Friday, December 7, 2007 at my offices at approximately 1:30 p.m.
2  During the meeting, in addition to other items, I advised Mr. Phillips that Plaintiffs
3  intended to file a motion for class certification under Rule 23(b)(2) and 23(b)(3) in
4  accordance with the mandatory timetable set forth under Local Rule 23-3, which
5  requires the filing of a motion for class certification within ninety (90) of the service of
6  a class action complaint.  During the meeting, Mr. Phillips told me, Mr. Ferrell, Mr.
7  Wilson and Ms. Folia that he estimated that the size of the class was probably between
8  "50,000 and 100,000."

9        10.    In addition, I sent Mr. Phillips a thorough email on December 26, 2007
10 regarding Plaintiffs' contemplated motion for class certification.  Attached hereto as
11 <u>Exhibit 1</u> is a true and correct copy of an email that I sent to Mr. Phillips on
12 Wednesday, December 26, 2007.  In addition to addressing other items, my December
13 26th email, in pertinent part, provides:

> [C]ontinuing with our meet and confer conference on December 7th, this correspondence shall further confirm Plaintiffs' intent to proceed with a motion for class certification in accordance with Local Rule 23-3.
>
> The certification issues are fairly straightforward and generally beyond dispute.  As a starting point, the numerosity requirement, *see* Fed. R. Civ. P. 23(a)(1), appears to be beyond any legitimate dispute.  You admitted during our meeting on December 7th that you believed that the class was likely "50,000 to 100,000" people and given BSN's sales figures, including $160,000,000 in 2007 sales attributable to these products, we believe that the ultimate size of the class may be larger.  The Rule 23(a)(2) commonality requirement is also easily met.  In addition, Plaintiffs' claims are typical of the class.  *See* Fed. R. Civ. P. 23(a)(3).
>
> Finally, we understand from your December 19th correspondence that Defendants intend to argue that Call, Jensen & Ferrell is inadequate class counsel under Rule 23(a)(4).  Aside from actions taken in public for which we cannot control, Mr. Lopez is not giving private support or encouragement to this lawsuit or our firm.  I am not sure how our firm's prior representation of Lopez creates a conflict or is somehow a basis for arguing that our firm is not an adequate class counsel.  I am not aware of any authority indicating that merely representing one participant in an industry somehow bars a firm from serving as class counsel.  Indeed, I think such a rule would be against public policy because it would categorically preclude a lot of good cases from being brought with no benefit to the public.  I understand from your client's barrage of press

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:342523_1.DOC: 2.1.2008    - 5 -    SACV07-1306 JVS (RNBx)
DECLARATION OF JAMES B. HARDIN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

releases that you are intent on making such an argument, but I would like to know the legal and factual bases for such a position at your earliest convenience.

In general, to the extent we can informally agree that any of the other Rule 23(a) elements are met, please let me know.

The driving force behind Plaintiffs' class action is a desire to enjoin Defendants' false and misleading advertising (i.e., promising that BSN products contain a revolutionary form of creatine when, in fact, it does not and without even having tested the products to verify the veracity of their own claims). Accordingly, Plaintiffs intend to seek class certification under Rule 23(b)(2) as Defendants have "acted or refused to act on grounds generally applicable to the class." Fed. R. Civ. P. 23(b)(2). If Defendants believe that class certification pursuant to Rule 23(b)(2) is not warranted, please provide us with your thoughts and the basis for your position. Finally, in addition to Rule 23(b)(2), Defendants will seek class certification pursuant to Rule 23(b)(3), as both "questions of law or fact common to the members of the class predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). To the extent you disagree, please let us know why. We would greatly appreciate your response at your earliest possible convenience.

If you have any questions, comments, or would like to further discuss any of these items or would like to try to informally resolve this matter, please let us know as we are generally available to discuss anytime.

Exh. 1 (Dec. 26, 2007 Email from J. Hardin to R. Phillips).

11.  On December 28, 2007, Mr. Phillips sent an email to me indicating that his clients had no interest in engaging in any informal discussion or resolution of any of the Rule 23 issues. A true and correct copy of an email that I received from Mr. Phillips dated December 28, 2007 is attached hereto as Exhibit 2. Rather than responding to my December 26, 2007 email, Mr. Phillips summarily stated: **"*We will address the Rule 23 issues at an appropriate time. We do not intend to brief those issues in email exchanges.*"** *Id.* (emphasis added).

12.  To date, BSN's counsel has never responded to the substance of my December 26, 2007 email and attempts to further meet and confer regarding this motion.

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:342523_1.DOC: 2.1.2008      - 6 -      SACV07-1306 JVS (RNBx)
DECLARATION OF JAMES B. HARDIN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

13. Under Local Rule 23-3, based on the date of service of the complaint (by personal service on November 15, 2007) and by my count, the deadline to file a motion for class certification in this case is February 13, 2008.

14. In an apparent response to this lawsuit, I learned that BSN recently changed its website to remove all of the prior statements claiming that its products, including Cellmass, Nitrix, and N.O.-Xplode, contain Creatine Ethyl Ester Malate or CEM3. Attached hereto as <u>Exhibit 3</u> are relevant portions of BSN's website, located at www.bsnonline.net, printed at or around the time this lawsuit was filed. At that time, BSN was claiming that some of its products contain CEM3. Compare that to the pages of the BSN website printed out on January 31, 2008 attached hereto as <u>Exhibit 4</u>. One can see that BSN has removed all prior references to CEM3 or Creatine Ethyl Ester Malate and now states only that its products contain Creatine.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. This declaration was executed on February 1, 2008, at Newport Beach, California.

                                    s/ James B. Hardin
                                    James B. Hardin

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:342523_1.DOC: 2.1.2008        - 7 -        SACV07-1306 JVS (RNBx)
DECLARATION OF JAMES B. HARDIN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION