Robert D. Phillips, Jr. (SBN 82639)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: 213.457.8000
Facsimile: 213.457.8080

Thomas A. Evans (SBN 202841)
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572
Telephone: 510.763.2000
Facsimile: 510.273.8832

Attorneys for Defendants Bio-Engineered Supplements & Nutrition, Inc. and Christopher Ferguson

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RIVERA and DAN ABELL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIO-ENGINEERED SUPPLEMENTS & NUTRITION, INC., d/b/a BSN, INC., a Florida Corporation, CHRISTOPHER FERGUSON, an individual, and DOES 1 through 10, inclusive,<br><br>Defendant. | No.: SACV07-1306 JVS (RNBx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Honorable James V. Selna |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

WHEREAS, discovery in this action involving Plaintiffs Michael Rivera and Dan Abell ("Plaintiffs") and Defendants Bio-Engineered Supplements & Nutrition, Inc. and Christopher Ferguson ("Defendants") calls for the disclosure of documents containing confidential business information including:

1. Confidential and competitively sensitive financial information, including sales and revenue data for Defendant Bio-Engineered Supplements & Nutrition, Inc.

("BSN"), which is a privately held corporation. BSN does not release detailed financial and sales information to the public or to competitors.

2. Proprietary and trade secret information relating to the development, manufacture and identity of the ingredients and formulas of the products at issue in this case, which is not available to the public or competitors.

3. Personal identifying and contact information regarding retail consumers of the products at issue. The parties seek protection of this information from disclosure to preserve the privacy of these consumers, as required under applicable state and federal law.

Accordingly, good cause exists to enter into this Stipulated Protective Order to protect the confidential and proprietary information of the parties as well as the confidential information of individuals not a party to this lawsuit;

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action, through their respective undersigned counsel, as follows:

1. a. This Stipulated Protective Order applies to all parties, counsel and other persons authorized herein to receive "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information (collectively referred to herein, as "Confidential Material") during this litigation. Each person subject to this Stipulated Protective Order shall take all necessary precautions to prevent the unauthorized disclosure of protected materials, including but not limited to physically securing, safeguarding and restricting access to the protected materials, whether they exist in paper or electronic format. Each individual covered by this Stipulated Protective Order shall also treat all protected information to which he/she obtains access in confidence in accordance with the terms of this Stipulated Protective Order.

b. All material covered by this Stipulated Protective Order is to be used in this case only and for no other purpose.

c. "CONFIDENTIAL" information shall be bona fide confidential or proprietary information that a party does not and would not publicly disclose or

information that a party is under a preexisting obligation to a third party to maintain as confidential. "ATTORNEY'S EYES ONLY" information shall be bona fide trade secrets, highly sensitive confidential or proprietary information that may be of value to a competitor or potential customer, or other highly sensitive materials that a party is under a preexisting obligation to a third party to maintain as confidential.

2. A discovery response (including deposition testimony) or document that a producing party or non-party witness reasonably believes constitutes or contains trade secrets or non-public confidential and/or proprietary business, commercial or financial information or commercially or personally sensitive information may be designated "CONFIDENTIAL" by the producing party or non-party witness.

3. A discovery response (including deposition testimony) or document that a producing party or non-party witness in good faith believes constitutes or contains extremely sensitive trade secrets or non-public confidential and/or proprietary business, commercial or financial information and which only should be shared between counsel may be designated as "ATTORNEY'S EYES ONLY" by the producing party or non-party witness.

4. Information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be marked as follows:

    a. Any information that is disclosed in writing (e.g., in a document or an interrogatory answer) shall be stamped or otherwise clearly marked "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" on each page of the writing on which such information is disclosed. Stamping or marking of the writing as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be done prior to production of the information by the producing party.

    b. Any information that is disclosed through any other means of production (e.g., production of tangible things) shall be labeled or otherwise clearly marked "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" on each thing produced. Stamping or marking of the thing as "CONFIDENTIAL" or

"ATTORNEY'S EYES ONLY" shall be done prior to production of the information by the producing party.

      c.    Any information that is disclosed by oral testimony at a deposition shall be designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by making an appropriate statement at the time of the testimony. Failure of Counsel to designate testimony or exhibits as confidential at a deposition, however, shall not constitute a waiver of the confidentiality of the testimony or exhibits. Upon receipt of the transcript of the deposition, Counsel shall be entitled to designate specific pages and lines of the transcript or the exhibits as confidential within 30 (thirty) days after receipt of the transcript. Until Counsel for the deponent or party designates the transcript or exhibits as confidential, however, any other party shall be entitled to treat the transcript or exhibits as non-Confidential Material.

    5.    Documents containing or referring to information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" subject to this Protective Order shall not be filed under seal without prior approval by the Court in accordance with Local Rule 79-5.1. In the event that a party seeks to file with the Court documents containing "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information (if such portion is segregable) under seal in accordance with Local Rule 79-5.1 along with a proposed order. The application shall be directed to the judge to whom the papers to be filed are directed. The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and Court's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelops. Where under-seal filings are authorized by statute or rule, the authority therefore shall appear on the title page of the proposed filing.

6. In the event that the producing party inadvertently fails to designate as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" any information that is produced and that the producing party reasonably and in good faith believes should be so designated, the producing party may subsequently make such a designation by notifying opposing counsel in writing within five (5) business days of discovery of inadvertent failure to designate. After receipt of such notification, the party to whom disclosure has been made will treat thereafter the information as if it had been designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" at the time that the information was produced.

7. Any information marked "CONFIDENTIAL" pursuant to this Order may be disclosed or made available only to the following persons:

    a. The parties to this action or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b. Counsel for the parties to this action ("Counsel"), including all partners and associate attorneys of such Counsel's law firms and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on this action, all of whom shall be bound by this Order;

    c. The Court and any person employed or retained by the Court whose duties require access to Confidential Material;

    d. Stenographic reporters or audio-visual personnel engaged in connection with this action including deposition reporters, video operators and transcribers;

  e. Any person who created, authored, received or reviewed such Confidential Material and those persons identified on such Confidential Material as creators, authors or recipients of the Confidential Material;

  f. Actual and/or potential trial or deposition witnesses, where counsel believes, in good faith, that disclosure is necessary to prepare for or develop the testimony of such witnesses;

  g. Experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action and their respective employees, associates or colleagues;

  h. Employees of firms engaged by the parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation; or

  i. Such other persons as may be designated by written agreement of Counsel or by order of the Court.

 8. Any information marked "ATTORNEY'S EYES ONLY" may be disclosed only to:

  a. Outside counsel of record to this action and necessary clerical and legal support personnel employed by such counsel;

  b. Independent experts or independent consultants retained by counsel of record for purposes of this action;

  c. Persons who are identified on the face of a writing containing such information as the authors or recipients of the information;

  d. Specifically identified in-house legal counsel of a party;

  e. The Court and its employees;

  f. Court reporters taking or transcribing testimony given at a

deposition, hearing or trial;

      g.    Actual trial or deposition witnesses of the producing party, where counsel believes, in good faith, that disclosure is necessary to develop or cross-examine the testimony of such witnesses;

      h.    Employees of firms providing courier, copying or other litigation support services, to the extent necessary for preparation of further discovery, for trial or hearing, or for any other proceeding in this case; and

      i.    The jurors at any trial of this action, subject to terms and instructions that shall be determined prior to trial and set forth in a supplementary Protective Order.

9.    Prior to receiving any Confidential Material, any Person described in paragraphs 7(e) through 7(g) or paragraphs 8(b) through 8(d) shall be provided with a copy of this Order and shall execute an Agreement to Maintain Confidentiality (hereinafter "Confidentiality Agreement") in the form of Attachment "A." Each such person signing a Confidentiality Agreement shall be subject to and bound by this Order. Counsel for the party seeking to disclose Confidential Material to any person pursuant to paragraphs 7(e) through 7(g) shall be responsible for retaining the executed originals of all such Confidentiality Agreements and certifying that such individuals have complied with the requirements of Paragraph 16.

10.    Counsel shall take appropriate steps to ensure that the parties, witnesses and counsel to whom "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" discovery responses or documents are disclosed are provided with a copy of this Stipulated Protective Order.

11.    Under no circumstance may information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" be disclosed to any person or entity other than those identified above without the prior written consent of the producing party. In the event that information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" is disclosed at a deposition, the disclosing party shall

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

have the right to exclude from attendance at said deposition any person other than the deponent and those persons identified in paragraph 7 or 8 above.

12. In the event that a party receiving information that the producing party has designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" disagrees with the propriety of that designation, the parties will first try, in good faith, to resolve such dispute on an informal basis. If the parties are unable to resolve their dispute informally, either party may file a noticed motion regarding the dispute to the Court for judicial resolution, and the Court may then determine whether the information should be designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY". The motion shall be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement), and the burden of demonstrating that the discovery response or document was designated appropriately pursuant to this Stipulated Protective Order shall be upon the producing party or non-party witness that produced the document or provided the response. All information whose designation as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" is disputed shall be treated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" until such time as the Court determines or the parties agree otherwise.

13. All materials containing information that has been designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be stored under the direct control of counsel for the receiving party, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Stipulated Protective Order.

14. (a) If a party who received documents or information designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" (i) is subpoenaed in another action or proceeding, served with a demand in another action or proceeding in which it is a party, or is served with any other legal process (or other request for production with which it intends to comply) by one not a party to this litigation seeking designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" matter; or (ii) is

subject to a court order, administrative ruling, or statutory or regulatory obligation seeking to compel the disclosure of any such material (collectively, a "compelled disclosure"), the compelled party shall give actual written notice, by hand, e-mail or facsimile transmission, promptly, but in no event later than seven (7) business days of receipt of such compelled disclosure to the party who designated the document or information "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY".

(b) Unless otherwise ordered by a court or appropriate tribunal, the compelled party shall not produce any of the designated documents or information for a period of at least ten (10) business days after providing the required notice. During that ten (10) day period, the party who designated the documents or information "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" may seek protection from, or file objections to, the production of the designated materials with this Court or other appropriate forum. Only the person who designated the documents or information "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the compelled party or anyone else covered by this Stipulated Protective Order to (a) challenge or appeal any order issued in another proceeding that requires production or disclosure of documents or information protected by this Protective Order, (b) subject himself/itself to any penalties for non-compliance with any legal process, order, or statutory or regulatory obligation, or (c) seek any relief from this Court.

15. Written materials containing information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" may only be copied by the receiving party subject to the following conditions:

    a. All copying of written materials containing information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" must be done by:

        i. Counsel for the receiving party;

        ii. Persons employed by such counsel and under such

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

counsel's supervision and control; or

        iii. An outside copying service engaged by counsel, with the copies made delivered directly to counsel.

    b. The number of copies that may be made of materials containing information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be limited to those reasonably necessary for use by counsel and any independent experts or independent consultants retained by counsel.

16. Except as otherwise agreed in writing by the producing party, within thirty (30) days after the conclusion of this action and the written request of the producing party (which ever dated is latest), whether by settlement, trial, appeal or otherwise, all materials containing information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" and all copies thereof, shall be returned by counsel for the receiving party to counsel for the producing party. Alternatively, such material may be destroyed by counsel for the receiving party, in which event, a certificate of destruction shall, upon demand by the producing party, be delivered to counsel for the producing party. Notwithstanding the foregoing, counsel may retain one complete set of legal papers containing material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" provided that said set of legal papers is kept in a file clearly marked with the notation:

**CONTAINS CONFIDENTIAL and/or ATTORNEY'S EYES ONLY INFORMATION SUBJECT TO STIPULATED PROTECTIVE ORDER**

17. All information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" may be used only for purposes of this action and not for any other action (except for actions in which the plaintiff hereto is named as an adverse party to the defendant hereto), or any business purpose whatsoever.

18. Nothing contained herein shall purport to limit a party's or non-party witness's use or disclosure of its own documents or information, regardless of whether

such documents or information are designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" as set forth herein.

19. The inadvertent, unintentional, or in camera disclosure or production of designated or undesignated documents containing information constituting attorney work product or protected by the attorney-client privilege or any other applicable privilege from disclosure shall not be deemed a waiver, in whole or in part, of any party's or non-party witness's claims of privilege, provided that the producing party, within a reasonable time, notifies the receiving party of its claim of privilege. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies.

20. This Stipulated Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained herein after notice to the other party. This Stipulated Protective Order is also without prejudice to any party's right to seek a greater level of protection for documents that may be requested or produced during subsequent discovery in this action.

21. The agreement of the parties embodied in this Stipulated Protective Order does not constitute an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case. Designation of any information as being subject to this Stipulated Protective Order shall have no meaning or effect with respect to the substantive issues in this proceeding or the claims or defenses of any party thereto.

22. The parties shall submit this Stipulated Protective Order to the Court to be "so ordered."

23. This Stipulated Protective Order shall remain in effect unless modified by an order of the Court or by written stipulation of the parties filed with the Court.

24. In the event that the terms of this Stipulated Protective Order shall be violated, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person or party violating or threatening to violate

any of the terms of this Stipulated Protective Order, and the Court may award damages or such other relief the Court may deem just and proper for the violation of this Stipulated Protective Order.

25. The parties consent to the continuing jurisdiction of the Court with respect to this Stipulated Protective Order and any breach thereof, even after the termination of this action. A breach of the provisions of this Stipulated Protective Order shall subject the party responsible for the breach to sanctions, on notice, opposition, reply in the discretion of the Court.

Dated: April 9, 2008     **CALL, JENSEN & FERRELL**

By: /s/ James B. Hardin
    SCOTT J. FERRELL
    JAMES B. HARDIN
    Attorneys for Plaintiffs
    MICHAEL RIVERA and DAN ABELL

Dated: April _9, 2008     **REED SMITH LLP**

By: /s/ Thomas A. Evans
    ROBERT D. PHILLIPS, JR.
    THOMAS A. EVANS
    Attorneys for Defendants BIO-ENGINEERED SUPPLEMENTS & NUTRITION, INC. and CHRISTOPHER FERGUSON

IT IS SO ORDERED.

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A
# CONFIDENTIALITY AGREEMENT

Case Name: *Michael Rivera and Dan Abell v. Bio-Engineered Supplements & Nutrition, Inc., d/b/a BSN, Inc. and Christopher Ferguson*

Case Number: SACV07-1306 JVS (RNBx)

1. I, _____, have read and understand the Stipulated Protective Order in this action, dated April __, 2008, and agree to be bound by its terms.

2. As set forth in the Order, I shall use Confidential Material, and the information in that Confidential Material, solely for the purpose of this litigation, and for no other purpose and no other case. I shall not disclose Confidential Material or the information in that Confidential Material except as permitted in the Order.

3. I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for the enforcement of these agreements and the Order.

Executed this ___ day of _____, ___.

_____
[Signature]

_____
[Type or Print Name]

DOCSOAK-9894511.4-TEVANS