SCOTT J. FERRELL, Bar No. 202091
SCOT D. WILSON, Bar No. 223367
CALL, JENSEN & FERRELL
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100
sferrell@calljensen.com
swilson@calljensen.com

MARK P. ROBINSON, Bar No. 54426
KEVIN F. CALCAGNIE, Bar No. 108994
JEOFFREY L. ROBINSON, Bar No. 97852
ROBINSON, CALCAGNIE & ROBINSON INC.
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
Tel: (949) 720-1288
Fax: (949) 720-1292
mrobinson@rcrlaw.net
kcalcagnie@rcrlaw.net
jrobinson@rcrlaw.net

Attorneys for Plaintiffs and the proposed class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RIVERA and DAN ABELL, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIO-ENGINEERED SUPPLEMENTS & NUTRITION, INC., d/b/a BSN, INC., a Florida Corporation, CHRISTOPHER FERGUSON, an individual, and DOES 1 through 250, inclusive;<br><br>Defendants. | Case No. SACV07-1306 JVS (RNBx)<br><br>**SUPPLEMENTAL MEMORANDUM OF LAW BY PLAINTIFFS IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL CONTACT INFORMATION AND DEPOSITIONS OF UNNAMED CLASS MEMBERS**<br><br>Date: July 22, 2008<br>Time: 9:30 a.m.<br>Ctrm.: 6D<br><br>Complaint Filed: November 6, 2007<br>Class Cert. Hrg.: August 15, 2008<br>Trial Date: May 19, 2009 |

# SUPPLEMENTAL MEMORANDUM OF LAW

## I. INTRODUCTION

Plaintiffs Mike Rivera and Dan Abell ("Plaintiffs") brought this class action because Defendants Bio-Engineered Supplements & Nutrition, Inc. ("BSN") and Christopher Ferguson ("Ferguson"), the President, CEO, and Chief Product Formulator for BSN, marketed and sold millions of bottles of nutritional supplements claiming that they contained Creatine Ethyl Ester Malate ("CEM3") when they did not. Extensive discovery has confirmed that Defendants have consistently lied to consumers and there has never been any CEM3 in BSN's Cellmass, N.O.-Xplode and/or Nitrix products. Test results and Defendants' own admissions establish that Defendants lied about their products and sold millions of bottles as a result of their false misrepresentations.

While Plaintiffs' motion for class certification – filed more than five months ago on February 1, 2008 and which Defendants have already opposed[1] – is simple and straightforward, left without any options, Defendants have clearly brought the instant motion to compel for one clear reason: to further delay the class certification hearing which was specially set for August 15, 2008. Put simply, Defendants' motion to compel should be denied for several reasons.

*First*, contact information of unnamed California class members is protected by the right of privacy and is not subject to disclosure unless and until such persons have a chance to object. Recognizing this rule of law, Defendants have refused to disclose the contact information for thousands of California class members. They cannot have it both ways, arguing that Plaintiffs must disclose such information, but they do not.

*Second*, Defendants fail to even come close to carrying their heavy burden of establishing that any – let alone a "sampling" – of depositions of absent class members are warranted. Such discovery is reserved for special circumstances which are clearly lacking here. Thus, Defendants' motion to compel should be denied in its entirety.

---

[1] Defendants filed their opposition to Plaintiffs' motion for class certification on May 21, 2008. (*See* Docs. 53-73).

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:389298_1.DOC: 7.8.2008         - 1 -         Case No. SACV07-1306 JVS (RNBx)
SUPPLEMENTAL MEMORANDUM OF LAW BY PLAINTIFFS IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL CONTACT INFORMATION AND DEPOSITIONS OF UNNAMED CLASS MEMBERS

## II. DEFENDANTS' MOTION TO COMPEL SHOULD BE DENIED

### A. The Contact Information Of Unnamed Class Members Is Protected By The Right Of Privacy And Not Discoverable For Several Reasons

*First*, as explained in the Joint Stipulation, Defendants' argument that Plaintiffs are required to disclose the contact information of the 30-50 unnamed California class members that are personally known to them lacks merit for several reasons. (*See* Joint Stip., at 16:15-19:21). Most notably, the contact information for unnamed California class members is protected by the right of privacy and is not subject to automatic disclosure. Under California law, "[t]o protect their privacy, the potential class members are given the right to object in advance to disclosure of their contact information." Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. P. Before Trial (The Rutter Group 2008), ¶ 10:742.1 (citing *Pioneer Elecs. (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 373 (2007)). Rather, before contact information may be disclosed, unnamed class members must be given an opportunity to object to the disclosure of their contact information. *See*, *e.g.*, *Pioneer Elecs. (USA), Inc.*, 40 Cal. 4th at 373; *Valley Bank of Nev. v. Superior Court*, 15 Cal. 3d 652, 658 (1975); *Colonial Life & Acc. Ins. Co. v. Superior Court*, 31 Cal. 3d 785, 794-95 (1982).

It is both ironic and disingenuous for Defendants to argue that Plaintiffs must disclose the contact information of the 30-50 California class members that they personally know – when it was Defendants' counsel that first raised the privacy issue which brought these cases to the attention of Plaintiffs' counsel in connection with Defendants' own refusal to provide any information regarding the identity or contact information of any California class members that Defendants possess – which Defendants have still not disclosed. Defendants cannot have it both ways: they cannot withhold the contact information of California class members known to them on privacy grounds, while simultaneously arguing that Plaintiffs should be required to disclose the contact information of the unnamed class members that they know of. Under California law, such information is subject to the right of privacy.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:389298_1.DOC: 7.8.2008   - 2 -   Case No.  SACV07-1306 JVS (RNBx)
SUPPLEMENTAL MEMORANDUM OF LAW BY PLAINTIFFS IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL CONTACT INFORMATION AND DEPOSITIONS OF UNNAMED CLASS MEMBERS

In addition, the parties previously agreed that the contact information of unnamed California class members could not be disclosed until such persons had notice and an opportunity to object to the disclosure of their contact information. (*See* Joint Stip., at 17:19-18:13). Finally, Defendants' argument that Plaintiffs or their counsel have somehow waived the rights of the absent California class members lacks merit. (*See* Joint Stip., at 18:14-19:4).[2] Again, on top of the fact that such information is private and not subject to automatic disclosure under *Pioneer*, it is unreasonable for Defendants to decry the privacy protection of the contact information of the 30-50 unnamed class members that are personally known to Plaintiffs Rivera and Abell while, in the same breath, Defendants withhold the contact information of tens of thousands of California consumer class members on the same privacy grounds. (*See id.* at 19:5-21). Thus, Defendants' motion to compel the contact information of the unnamed class members that are personally known to Plaintiffs should be denied.

### B. Defendants Fail To Carry The Heavy Burden Necessary To Allow Taking Depositions Of Unnamed Class Members

***Second***, Defendants have not and cannot carry their burden of showing that a "sampling" of depositions of unnamed class members is warranted as they fail to show that such "discovery is both necessary and for a purpose other than taking undue advantage of class members." *Baldwin & Flynn v. Nat'l Safety Assocs.*, 149 F.R.D. 598, 600 (N.D. Cal. 1993) (citations omitted).

///
///
///
///

---

[2] *See, e.g., Boler v. Superior Court,* 201 Cal.App.3d 467, 472 (1987) (explaining that privacy rights are constitutional in nature and cannot be waived by a "technical shortfall."); *Heda v. Superior Court*, 225 Cal.App.3d 525, 529-30 (1990) (noting that "[w]aivers of constitutional rights are not lightly found" and holding that there is no waiver by failure to assert such an objection in an initial discovery response).

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:389298_1.DOC: 7.8.2008    - 3 -    Case No. SACV07-1306 JVS (RNBx)
SUPPLEMENTAL MEMORANDUM OF LAW BY PLAINTIFFS IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL CONTACT INFORMATION AND DEPOSITIONS OF UNNAMED CLASS MEMBERS

In *Cornn v. United Parcel Service*, 2006 WL 2642540 (N.D. Cal. Sept. 14, 2006), the court noted that four elements must be met in order to take discovery from absent class members, reasoning:

> Where such discovery has been allowed, courts have required the proponent to demonstrate that (1) the discovery is not sought to take undue advantage of class members or with the purpose or effect of harassment or altering membership in the class; (2) the discovery is necessary at trial of issues common to the class; (3) responding to the discovery requests would not require the assistance of counsel; and (4) the discovery seeks information not already known by the proponent.

*Id.* at *2. (citations omitted).

"Applying these principles, courts have found the burden on the defendant to justify discovery of absent class members by means of a deposition is particularly heavy." *Id. See also Baldwin & Flynn*, 149 F.R.D. at 600 (noting that such depositions are appropriate only in "special circumstances."). Defendants seek to depose a "sampling" of unnamed class members to harass and intimidate such persons and to further delay class certification. However, none of the requisite elements are met:

- Defendants have not established that the depositions are not being sought for an improper purpose – instead, it appears that they are unnecessary and sought only to harass, intimidate and dissuade absent class member participation (*see* Joint Stip., at 28:17-5);

- It has not and cannot be shown that unnamed class member depositions are necessary (see Joint Stip., at 29:6-31:10). Where, as here, a putative fraud class action is premised on the same, uniform written misrepresentations, i.e., the label claim that the products contained CEM3, reliance is presumed. *See, e.g., In re First Alliance Mort. Co.*, 471 F.3d 977, 989-91 (9th Cir. 2006); *Vasquez v. Superior Court*, 4 Cal.3d 800, 814 (1971);

- Defendants concede that there is no actual need for the depositions, as required under Baldwin & Flynn (see Joint Stip., at 31:12-32:7);

- Defendants reliance argument lacks justification and has been consistently rejected by courts in the Ninth Circuit (*see* Joint Stip., at 32:9-34:12).

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:389298_1.DOC: 7.8.2008     - 4 -     Case No. SACV07-1306 JVS (RNBx)
SUPPLEMENTAL MEMORANDUM OF LAW BY PLAINTIFFS IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL CONTACT INFORMATION AND DEPOSITIONS OF UNNAMED CLASS MEMBERS

- "The fact that a defendant may be able to defeat the showing of causation as to a few individuals does not transform the common question into a multitude of individual ones." *Blackie v. Barrack*, 524 F.2d 891, 906 (9th Cir. 1975). Such anecdotal evidence "is not itself an adequate justification for ordering depositions of absent class members." *Cornn v. United Parcel Serv., Inc.*, 2006 WL 2642540, *4 (N.D. Cal. 2006). "Such evidence is a matter to be adjudicated after a trial of common issues of liability." *In re Worlds of Wonder Sec. Litig.*, 1992 WL 330411, *6 (N.D. Cal. 1992).

- Additionally, both of the two cases relied on by Defendants (*Chicano* and *Laborer's Local 17*) are distinguishable and actually support denial of the motion. (see Joint Stip., at 34:13-37:23); and

- Finally, there are more reasonable and less intrusive discovery methods available (e.g., interrogatories, document requests or a questionnaire) that have not been utilized or even proposed by Defendants – who have already filed their opposition to Plaintiffs' motion for class certification, already conducted a survey of 500 consumers, already obtained 14 declarations from sellers and/or users of the products, and have had months to conduct substantial discovery relating to the class certification issues. (*See* Joint Stip., at 37:24-38:21).

"Absent a strong showing of necessity, discovery of absent class members will generally be denied." *In re Worlds of Wonder Sec. Litig.*, 1992 WL 330411, at *2. No such necessity exists in this case. Accordingly, Defendants' motion to compel a "sampling" of depositions of absent class members should be denied.

## III.  CONCLUSION

Based on the foregoing and for the reasons set forth in Plaintiffs' portion of the Joint Stipulation, Defendants' motion to compel should be denied.

Dated: July 8, 2008

CALL, JENSEN & FERRELL
A Professional Corporation


By:s/SCOT D. WILSON
    SCOT D. WILSON
Attorneys for Plaintiffs Michael Rivera, Dan Abell and the proposed class
E-mail: swilson@calljensen.com

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:389298_1.DOC: 7.8.2008   - 5 -   Case No. SACV07-1306 JVS (RNBx)
SUPPLEMENTAL MEMORANDUM OF LAW BY PLAINTIFFS IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL CONTACT INFORMATION AND DEPOSITIONS OF UNNAMED CLASS MEMBERS