Robert D. Phillips, Jr. (SBN 82639)
Thomas J. Yoo (SBN 175118)
Tamara M. Rudolph (SBN 228940)
Michael A. Garabed (SBN 223511)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080

Thomas A. Evans (SBN 202841)
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572
Telephone: 510.763.2000
Facsimile: 510.273.8832

Attorneys for Defendants Bio-Engineered
Supplements & Nutrition, Inc. and
Christopher Ferguson

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RIVERA and DAN ABELL, individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>BIO-ENGINEERED SUPPLEMENTS & NUTRITION, INC., d/b/a BSN, INC., a Florida Corporation, CHRISTOPHER FERGUSON, an individual, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | No.: SACV07-1306 JVS (RNBx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED BY PLAINTIFFS IN REPLY TO DEFENDANTS' OPPOSITION TO CLASS CERTIFICATION OR FOR ALTERNATIVE RELIEF**<br><br>[Filed pursuant to Stipulation of the Parties and Proposed Order to Shorten Notice and Set Briefing Schedule]<br><br>Date: August 4, 2008<br>Time: 1:30 p.m.<br>Place: Courtroom 10C<br><br>Compl. Filed: Nov. 6, 2007<br>Trial Date: May 19, 2009<br>Disc. Cut-Off: Feb. 16, 2009<br><br>Honorable James V. Selna |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................... 1

II. FACTS ...................................................................................................................... 2

III. ARGUMENT ............................................................................................................ 4

    A. The 46 Consumer Declarations Submitted For The First Time On Reply Are Improper And Should Be Stricken By The Court .............. 4

    B. The Four Expert Declarations Improperly Introduce Completely New Evidence And Arguments On Reply ............................. 7

    C. Plaintiffs' Attempt To Support The Flawed Motion With Additional Documents And Evidence Should Not Be Allowed ............... 9

    D. If The Court Does Not Strike The New Material, Plaintiffs Concede That Defendants Should Be Provided A Reasonable Opportunity To Conduct Discovery And Respond .................................. 10

IV. CONCLUSION ...................................................................................................... 12

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- i -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE
NEW MATERIAL SUBMITTED IN REPLY OR FOR ALTERNATIVE RELIEF

# TABLE OF AUTHORITIES

Page

*Bell v. Addus Healthcare, Inc.*,
   2007 U.S. Dist. LEXIS 62959 (W.D. Wash. 2007) ....................................... 5, 10

*Eberle v. City of Anaheim*,
   901 F.2d 814 (9th Cir. 1990) ........................................................................ 5, 6, 7

*Lujan v. National Wildlife Federation*,
   497 U.S. 871 (1990) ............................................................................................ 7

*Provenz v. Miller*,
   102 F.3d 1478 (9th Cir. 1996) .......................................................................... 11

*Schwartz v. Upper Deck Co.*,
   183 F.R.D. 672 (S.D. Cal. 1999) .................................................................. 5, 10

*Stevens v. Harper*,
   213 F.R.D. 358 (E.D. Cal. 2002) ...................................................................... 10

*Sweet v. Pfizer*,
   232 F.R.D. 260 (C.D.Cal. 2005) ..................................................................... 7, 9

*United States v. Bohn*,
   956 F.2d 208 (9th Cir. 1992) .............................................................................. 7

*United States v. Boyce*,
   148 F. Supp. 2d 1069 (S.D.Cal. 2001) ............................................................... 7

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED IN REPLY OR FOR ALTERNATIVE RELIEF

## I. INTRODUCTION

Plaintiffs' reply in support of their motion for class certification ("Motion") is a classic example of sandbagging that should not be countenanced by the Court. For the first time on reply, Plaintiffs submit 52 new declarations, attaching 55 new exhibits and 520 pages of additional evidence. Many of these declarations – including at least a dozen consumer declarations executed in January 2008 – were in Plaintiffs' possession prior to the filing of the Motion on February 1, 2008 and before Plaintiffs made their initial disclosures on March 7, 2008. To make matters worse, Plaintiffs' previously-undisclosed scientific experts rely on a host of new testing data, Plaintiffs' marketing expert proposes an entirely new theory of liability not presented in the Motion or the Complaint, and Plaintiffs' counsel submits a declaration attaching more than 150 pages of belated documents in an attempt to fill the Motion's evidentiary gaps. These tactics are both improper and unfair.

In opposition to the Motion, Defendants specifically argued that the Motion was unsupported by sufficient evidence and that this fatal defect could not be cured on reply. Instead of responding to Defendants' arguments and authority, Plaintiffs have effectively conceded the point by attempting to prop up the Motion with evidence never before seen by Defendants in this case. Such tactics run contrary to the law and result in irreparable prejudice because Defendants have expended substantial resources opposing the arguments presented in the Motion and have no further opportunity to file a response. Defendants therefore request that the Court strike all of the new material submitted by Plaintiffs on reply. Alternatively, Plaintiffs do not dispute that the Court should (1) continue the hearing date on the Motion, (2) give Defendants an opportunity to conduct discovery into Plaintiffs' new evidence and theories, and (3) permit Defendants to file a supplemental opposition brief. The parties disagree, however, about the length of the continuance that is warranted.

## II. FACTS

Plaintiffs filed the Motion on February 1, 2008. Declaration of Thomas A. Evans ("Evans Decl.") at ¶ 2. The Motion was supported by declarations from the putative class representatives, Michael Rivera and Dan Abell, and declarations from Plaintiffs' counsel James Hardin and Mark Robinson. *Id.* No expert declarations and no declarations from any other putative class members were submitted in support of the Motion. *Id.* The Motion stated specifically that Plaintiffs' case "is based on a uniform misrepresentation made prominently on every bottle sold to every class member." *Id.*

On May 21, 2008, Defendants filed their opposition to the Motion and specifically argued that the Court "cannot make a determination regarding predominance because plaintiffs have not presented any evidence to establish how they intend to prove their claims through common proof." Evans Decl. at ¶ 3 (original emphasis). Defendants also argued that Plaintiffs "should not be permitted to remedy the fundamental defects in their motion by submitting evidence or other additional material on reply." *Id.* In addition, Defendants filed a declaration from Professor Andrew Ainslie (a marketing expert), declarations from several BSN employees, and a number of consumer declarations demonstrating this case is inappropriate for class treatment. *Id.*

Plaintiffs filed their reply on July 16, 2008. Evans Decl. at ¶ 4. In conjunction with their reply brief, Plaintiffs filed the following documents, none of which was submitted in support of the Motion:

- Declaration of Diana Folia (attaching 46 consumer declarations);

- Declaration of creatine expert Jonathan L. Vennerstrom (attaching 10 exhibits);

- Declaration of physiology expert Roger Harris (attaching 11 exhibits);

- Declaration of chemistry expert Richard Chamberlin (attaching 10 exhibits);

- Declaration of marketing expert Marvin E. Goldberg (attaching 1 exhibit); and

- Declaration of Scot D. Wilson (attaching 23 exhibits). *Id.*

Plaintiffs' reply touts that Defendants' opposition has been "overwhelmed by Plaintiffs' rebuttal evidence establishing reliance." Reply at 9:1-3. Plaintiffs' reply also includes a table of alleged classwide issues which does not cite to any evidence submitted with the Motion, but instead relies exclusively on the evidence submitted by Plaintiffs for the first time on reply and Plaintiffs' Complaint. *Id.* at 7-8. The Motion is presently scheduled to be heard on August 15, 2008. Evans Dec. at ¶ 5.

On July 21, 2008, based in part on Plaintiffs' effort to conceal discoverable information from Defendants until the filing of their reply, Magistrate Judge Block granted Defendants' Motion to Compel contact information and depositions of a sampling of the putative class. Magistrate Judge Block specifically noted that his view regarding the requested depositions "changed when plaintiffs included with their reply to defendants' opposition to the class certification motion 46 consumer declarations from putative class members, including at least 5 from putative class members who were identified in plaintiff Rivera's response to Interrogatory No. 13." Evans Decl. at ¶ 6 and Exhibit A. Characterizing these tactics as "gamesmanship" not to be condoned, Magistrate Judge Block ordered Plaintiffs to provide contact

- 3 -
NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES AND TO CONDUCT
DISCOVERY OF PUTATIVE CLASS MEMBERS

information for the putative class members by August 11, 2008. *Id.* In addition, Magistrate Judge Block invited Plaintiffs to submit further briefing on Defendants' request for sanctions against Plaintiffs no later than July 31, 2008. *Id.*

On July 22, 2008, the parties met and conferred regarding this Motion to Strike pursuant to Local Rule 7-3. Evans Decl. at ¶ 7. Plaintiffs refused to stipulate to an order striking the new material submitted for the first time on reply. *Id.* Moreover, although the parties agreed that the hearing on the Motion should be continued in the event this Motion to Strike is denied, the parties could not agree on the length of the continuance that is warranted under the circumstances. *Id.* Plaintiffs proposed a 30-day continuance, while Defendants believe they will need at least 90 days to conduct the necessary depositions and prepare a supplemental opposition brief. *Id.* Nevertheless, the parties stipulated to shorten notice so this Motion to Strike could be heard prior to August 15, 2008.

### III.  ARGUMENT

**A.  The 46 Consumer Declarations Submitted For The First Time On Reply Are Improper And Should Be Stricken By The Court**

Plaintiffs filed their Motion without any supporting consumer declarations or other evidence to establish their central claim that the putative class uniformly purchased BSN's products "because they believed that the products contained CEM3 as claimed on the label." Motion at 9:16-17. Instead, Plaintiffs chose to rely solely on the allegations of the Complaint and the testimony of the putative class representatives, Rivera and Abell, arguing that this was all the evidence that was necessary since classwide reliance could be presumed. Faced with authority to the contrary, however, Plaintiffs now try to backpedal and patch the holes in the

- 4 -
NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES AND TO CONDUCT DISCOVERY OF PUTATIVE CLASS MEMBERS

Motion with new and different evidence on reply.  This tactic is impermissible as a matter of law.  *See Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 683 (S.D. Cal. 1999) (refusing to consider new facts submitted in reply and noting that plaintiffs must live with the consequences of their contention that class treatment is appropriate based primarily on the allegations of their complaint); *Bell v. Addus Healthcare, Inc.*, 2007 U.S. Dist. LEXIS 62959, *17-18 (W.D. Wash. 2007) (granting defendant's motion to strike five declarations submitted for the first time with plaintiff's reply in support of class certification).

Moreover, Plaintiffs' attempt to submit 46 consumer declarations for the first time on reply – despite the fact that the majority of these declarations have been in Plaintiffs' possession for months – is a violation of the "fair play" doctrine embodied by the federal rules.  *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) (noting that it is "well established in this circuit" that litigants "cannot raise a new issue for the first time in their reply").  Plaintiffs' conduct is especially egregious because Plaintiffs had at least a dozen of these declarations in hand when the Motion was filed on February 1, 2008.[1]  Accordingly, Plaintiffs' deliberate effort to conceal this information from Defendants – revealing it only after Defendants had filed their opposition brief and had no further opportunity to respond – should not be countenanced by the Court.

As Magistrate Judge Block recognized in his July 21, 2008 Order granting Defendants' Motion to Compel, Plaintiffs have engaged in "gamesmanship" by withholding this information in the discovery process on the purported basis that it

---

[1] The consumer declarations executed in January 2008 include: (1) Rodney Stephens; (2) Erik Malin; (3) Joseph Sarria; (4) Joey Abner; (5) Jerami Summers; (6) Sergio Guerra; (7) Daniel Grove; (8) Fred DiBella; (9) Paul Ploskonka; (10) Troy Cleveland; (11) Chris Curtis; and (12) Reiner Stiglingh.  *See* Folia Decl. Exs 1-46.

is irrelevant, only to use it to support the Motion on reply. Despite Defendants' repeated requests, Plaintiffs adamantly refused to provide contact information for any of the putative class members identified by Rivera and Abell in discovery, contending there was no need to involve those individuals in this case. As a result, Defendants had no choice but to file a Motion to Compel. On July 21, 2008, Magistrate Judge Block granted Defendants' motion, stating:

> "The Court believes that the conduct of plaintiffs' counsel in making the arguments he made in opposition to this discovery motion, while knowing very well that plaintiffs intended to include with their reply to defendants' opposition to the class certification motion the declarations of 46 putative class members (including at least 5 of the putative class members who were the subject of this motion) and to argue that these declarations established reliance on the alleged label misrepresentations, smacks of gamesmanship. The Court refuses to condone such gamesmanship."

Evans Decl. at Exhibit A.

Accordingly, Magistrate Judge Block has ordered Plaintiffs to provide Defendants with contact information for the putative class members by August 11, 2008 and has granted Defendants' request to depose a sampling of those individuals. *Id.* In addition, Magistrate Judge Block has invited Plaintiffs to submit further briefing on Defendants' request for sanctions against Plaintiffs. *Id.* This Court should not permit Plaintiffs to capitalize on the discovery abuse and gamesmanship they have tried to orchestrate, and, as a fair and necessary remedy, should strike all 46 consumer declarations from the record.

## B. The Four Expert Declarations Improperly Introduce Completely New Evidence And Arguments On Reply

It is also well-settled that reply briefs should not be used as a vehicle for "shifting gears" and introducing arguments not presented in the moving papers. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-895 (1990); *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992). As a result, the inclusion of new legal arguments and grounds for relief in a reply is improper. *See United States v. Boyce*, 148 F.Supp.2d 1069, 1085 (S.D.Cal. 2001) ("[I]t is improper for a party to raise a new argument in a reply brief"); *see also Sweet v. Pfizer*, 232 F.R.D. 260, 269 (C.D.Cal. 2005) (refusing to consider trial plan submitted for the first time on reply).

Here, Plaintiffs' belated expert declarations seek to retool Plaintiffs' defective Motion by asserting new theories of liability and introducing new evidence. For example, Plaintiffs for the first time submit the declaration of Marvin Goldberg, a marketing expert, who abandons the allegations in the Complaint and now alleges that the putative class relied on Defendants' "integrated marketing communication" advertising campaign, not the product labels, in making their purchasing decisions. *See* Goldberg Decl. at 5-13. This runs contrary to the allegations in the Complaint and arguments in the Motion, which specifically state that the putative class relied on "uniform label claims." *See* Complaint at ¶¶ 3-6 and Motion at 8:7-8 ("this case is based on a uniform misrepresentation made prominently on every bottle sold to every class member").

Abandoning Plaintiffs' core allegation, Goldberg opines that the putative class was exposed to and relied on an "integrated marketing communication" campaign, fueled by "viral marketing," that promoted the benefits of CEM3 in fitness

magazines, on BSN's website, in print advertising, and through "blogs, social networks and email." *See* Goldberg Decl. at 5-13. This new theory is not only incompatible with class treatment and inconsistent with the Motion and Complaint, but also directly contradicted by one of the putative class representatives (Dan Abell) who testified he never saw Defendants' advertisements at all. *See* Abell Decl. at ¶ 5.

This fundamental shift in theory cannot be minimized. Finding that their self-described "simple case" about reliance on uniform product labels has no legs, Plaintiffs seek to reinvent the case at the reply stage as one about a complex network of print and media advertising, websites and chatrooms, social groups, and peer influences. This type of late-stage metamorphosis will irreparably prejudice Defendants and should not be condoned.

In addition, Plaintiffs submit declarations from three new scientific experts to prop up the merits of their case. These experts essentially conclude the same thing – that CEM3 could not be detected in the samples that were tested – but rely on a host of new testing data never before produced in this case. For example, each of Plaintiffs' newly-disclosed scientific experts relies on "an HPLC test" performed by Independent Equine Nutrition (a lab in England), and several "Mass Spectrometry" tests done by Bioactive Research Associates. *See* Chamberlin Decl. at ¶¶ 14-15; Harris Decl at ¶¶ 12-13; and Vennerstrom Decl. at ¶ 7. Defendants have not previously seen these reports and have had no opportunity to explore the testing protocols employed or cross-examine the experts to determine the basis of their opinions and the reliability of their methods. Indeed, the evidence underlying these previously-unknown opinions raise several significant issues that, due to Plaintiffs' tactics, Defendants have had no opportunity to explore.

In sum, permitting Plaintiffs to proceed on new expert theories, including

entirely new theories of liability and reliance, that are raised for the first time on reply will irreparably prejudice Defendants, who conducted discovery based on the allegations in the Complaint and prepared their opposition based on the theories and evidence submitted in support of the Motion.  Moreover, due to Plaintiffs' tactics, Defendants have had no opportunity to depose Plaintiffs' experts or explore the alleged new theories and evidence upon which their conclusions are based.  Consequently, as a fair and necessary remedy, the Court should strike Plaintiffs' expert declarations from the record.  *See Sweet*, 232 F.R.D. 360 (refusing to consider purported expert declaration supporting class certification that was submitted for the first time on reply).

### C. Plaintiffs' Attempt To Support The Flawed Motion With Additional Documents And Evidence Should Not Be Allowed

Finally, Plaintiffs' attempt to submit a host of new exhibits and evidence should not be tolerated by the Court.  On reply, Plaintiffs' counsel submitted a declaration that attaches more than 150 pages of additional documents not filed in support of the original Motion.  *See* Wilson Decl., Exhibits 1-23.  Plaintiffs' reliance on these 23 new exhibits, which implicitly concedes the evidentiary insufficiency of the Motion, should not be permitted by the Court.

Plaintiffs offer no justification for their failure to support the Motion with any of this evidence.  In fact, Plaintiffs boldly acknowledge that saving their evidence until reply has been their strategy all along.  *See* Reply at 9:1-5 ("Defendants' paltry evidentiary showing" is "overwhelmed by Plaintiffs' rebuttal evidence establishing reliance," arguing that Defendants "have found only eleven consumers" while Plaintiffs are submitting 46 consumer declarations, which were purposely withheld until after Defendants' opposition was filed).  Plaintiffs cannot use the early filing of

the Motion to their perceived advantage while waiting to reveal their evidence until the submission of their reply. *See Stevens v. Harper*, 213 F.R.D. 358, 378 (E.D. Cal. 2002) (largely denying certification where "plaintiffs controlled the timing of their certification motion by bringing the motion before the factual record could be adequately developed and before their claims had been refined").

### D. If The Court Does Not Strike The New Material, Plaintiffs Concede That Defendants Should Be Provided A Reasonable Opportunity To Conduct Discovery And Respond

The appropriate remedy for Plaintiffs' tactics is to strike all material submitted for the first time on reply and decide the issue of certification based solely on the theories and evidence submitted in support of the Motion and Defendants' opposition. Defendants have already expended substantial time and effort preparing their opposition, and did so in reliance on the contents of Plaintiffs' opening papers. In addition to inflicting unnecessary costs on Defendants, permitting Plaintiffs' reply to stand condones Plaintiffs' tactic of using their opening papers to draw out Defendants' arguments and to identify holes in the Motion, and then recraft their Motion in the guise of a reply. *See Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999) ("By suppressing documents, a party takes an implicit risk that it will not be allowed to use the material at a later date."); *Bell v. Addus Healthcare, Inc.*, 2007 U.S. Dist. LEXIS 62959, *17-18 (W.D. Wash. 2007) (citing *Schwartz* in striking five declarations submitted by plaintiff for the first time on reply).

In the event the Court elects to consider Plaintiffs' new evidence, however, Plaintiffs do not dispute that Defendants should be allowed to conduct discovery and file a supplemental opposition brief. The parties disagree, however, about how long the hearing on the Motion should be continued to permit this

additional discovery and briefing to take place. Plaintiffs have proposed a 30-day continuance, which is unacceptable under any scenario. *See* Evans Decl. at ¶ 7.

In fact, because Plaintiffs' reply is essentially a new motion for class certification, Defendants require at least 90 days to conduct additional discovery, including deposing Plaintiffs' experts and a sampling of the putative class members that have signed declarations at Plaintiffs' request. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding that when new evidence is presented in a reply, the district court should generally not consider the new evidence unless the opposing party is given an opportunity to respond). Plaintiffs' experts are located in Pennsylvania, Nebraska, California, and the United Kingdom. In addition, at least one of the newly-disclosed testing facilities (Independent Equine Nutrition) is located outside of the United States. *See* Harris Decl. at Exhibit F-1.

Moreover, members of the putative class reside in numerous different states. *See* Folia Decl., Exhibits 1-46. Depositions of these individuals are especially critical because many of them have offered to serve as representatives for the putative class. *Id.*, Exhibit 1 at ¶ 7 ("If necessary, I would also be willing to serve as a class representative").

Accordingly, in the event that the Court declines to strike the material submitted by Plaintiffs for the first time on reply, Defendants request that the hearing date on the Motion be continued to November 17, 2008. Defendants also request that Plaintiffs be ordered to produce for deposition all four experts and 15 of the 46 putative class members to be selected by Defendants, as well as a sampling of the putative class members previously identified by Plaintiffs in discovery, in compliance with Magistrate Judge Block's July 21, 2008 Order. Finally, Defendants request permission to file a supplemental opposition brief on or before November 3, 2008. At

- 11 -

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES AND TO CONDUCT DISCOVERY OF PUTATIVE CLASS MEMBERS

the very least, this alternative relief would permit compliance with Judge Block's July 21, 2008 order and provide Defendants an opportunity to seek further relief, if necessary.

## IV. CONCLUSION

A reply brief is intended to provide an opportunity to respond to arguments raised in opposition to a motion, not a means for presenting entirely new arguments and testimony when the original motion proves flawed. Plaintiffs' attempt to go beyond the scope of both their Complaint and Motion to introduce new theories and evidence after Defendants have already responded in reliance on Plaintiffs' moving papers has caused Defendants irreparable prejudice. Defendants therefore respectfully request that, as a fair and necessary remedy, all new material submitted by Plaintiffs in reply be stricken. Alternatively, the hearing date on the Motion should be continued by at least 90 days and Defendants provided an opportunity to conduct discovery and file a supplemental opposition brief.

July 24, 2008.        REED SMITH LLP

By  /s/ Michael A. Garabed
    Robert D. Phillips, Jr.
    Thomas A. Evans
    Thomas J. Yoo
    Michael A. Garabed
    Attorneys for Defendants Bio-Engineered
    Supplements & Nutrition, Inc. and
    Christopher Ferguson

DOCSLA-15648345