1   MARK P. ROBINSON, Bar No. 54426
    KEVIN F. CALCAGNIE, Bar No. 108994
2   JEOFFREY L. ROBINSON, Bar No. 97852
3   ROBINSON, CALCAGNIE & ROBINSON INC.
    620 Newport Center Drive, 7th Floor
4   Newport Beach, CA 92660
    Tel: (949) 720-1288
5   Fax: (949) 720-1292
6   mrobinson@rcrlaw.net
    kcalcagnie@rcrlaw.net
7   jrobinson@rcrlaw.net

8   ***Additional counsel on following page***

9   Attorneys for Plaintiffs and the proposed class

10

11

12

                 **UNITED STATES DISTRICT COURT**

             **CENTRAL DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| MICHAEL RIVERA and DAN ABELL, individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>BIO-ENGINEERED SUPPLEMENTS & NUTRITION, INC., d/b/a BSN, INC., a Florida Corporation, CHRISTOPHER FERGUSON, an individual, and DOES 1 through 250, inclusive;<br><br>        Defendants. | Case No.  SACV07-1306 JVS (RNBx)<br><br>**OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>*[Filed Conditionally Under Seal; Filed Concurrently With Declaration of James B. Hardin]*<br><br>Date:           August 18, 2008<br>Time:          1:30 p.m.<br>Ctrm:          10C<br>Judge:         Hon. James V. Selna<br><br>Complaint Filed:  November 6, 2007<br>Pretrial Conf.     May 4, 2009<br>Trial Date:        May 19, 2009 |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

1  SCOTT J. FERRELL, Bar No. 202091
   SCOT D. WILSON, Bar No. 223367
2  CALL, JENSEN & FERRELL
3  A Professional Corporation
   610 Newport Center Drive, Suite 700
4  Newport Beach, CA 92660
   Tel: (949) 717-3000
5  Fax: (949) 717-3100
   sferrell@calljensen.com
6  swilson@calljensen.com

7
   GARY A. WALDRON, Bar No. 99192
8  JAMES B. HARDIN, Bar No. 205071
   WALDRON & OLSON, LLP
9  26 Corporate Plaza Drive, Suite 100
10 Newport Beach, CA 92660
   Tel: (949) 760-0204
11 Fax: (949) 760-2507
   gwaldron@waldronolson.com
12 jhardin@waldronolson.com

13
   Attorneys for Plaintiffs and the proposed class
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RIV03-01:394890_1.DOC: 7.28.2008          - 1.-          Case No.  SACV07-1306 JVS (RNBx)

OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................. 1

II.   BACKGROUND .................................................................................. 2

III.  Defendants' Motion To Strike Should Be Denied ................................. 4

    A.   Class Certification Motions Do Not Require A Complete
        Evidentiary Record And Do Not Allow Inquiry Into The
        Merits.......................................................................................... 4

        1.   Local Rule 23-3 And Fed. R. Civ. P. 23(c)(1) Require
            Early Determinations Regarding Class Certification ............ 4

        2.   The Allegations Of The Complaint Must Be Taken
            As True.......................................................................... 4

        3.   All That Is Required Is Enough Information "To
            Form A Reasonable Judgment," But If The Court
            Wants Additional Material, It May Be Provided.................... 5

    B.   All Of The Evidence That Defendants Seek To Strike Was
        Submitted By Plaintiffs As Rebuttal Evidence In Response
        To Defendants' Evidence In Opposition To The Motion For
        Class Certification ....................................................................... 6

        1.   The 46 Consumer Declarations Were Submitted As
            Rebuttal Evidence To Defendants' Opposition
            Evidence And Arguments ...................................................... 7

        2.   The Declaration of Marketing Expert Marvin
            Goldberg, Ph.D. Was Submitted As Rebuttal
            Evidence To The Opinion Evidence Of Defendants'
            Expert, Dr. Ainslie ............................................................... 9

        3.   The Declarations Of Dr. Jonathan Vennerstrom, Dr.
            Roger Harris, And Dr. Richard Chamberlin
            Regarding The Lack Of Any CEM3 In Defendants'
            Products Were Properly Submitted........................................ 10

        4.   The Exhibits Attached To The Wilson Declaration
            Were Provided As Rebuttal Evidence To Various
            Evidence Submitted By Defendants ...................................... 12

    C.   If The Court Feels That Any Of The Reply Materials Are
        Not Rebuttal Evidence, The Court May Either Disregard It
        *Or* Allow Defendants To Submit A Sur-Reply Before The
        August 18, 2008 Hearing ............................................................ 14

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

IV.    Plaintiffs Have Acted In Good Faith In Discovery And None Of
The Pending Discovery Issues Are Grounds For Further Delay Of
The Class Certification Decision ................................................................ 16

V.    Conclusion ................................................................................................ 20

RIV03-01:394890_1.DOC: 7.28.2008                - ii -          Case No.  SACV07-1306 JVS (RNBx)

OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

1

# TABLE OF AUTHORITIES

Page

2

3

### FEDERAL CASES

4

5    *In re Air Crash Disaster,*

6        86 F.3d 498 (6th Cir.1996) .................................................................... 6

7    *Alaska Wildlife Alliance v. Jensen,*

8        108 F.3d 1065 (9th Cir. 1997) .............................................................. 6

9    *Baldwin & Flynn v. National Safety Associates,*

10        149 F.R.D. 598 (N.D. Cal. 1993) ................................................... 17, 18

11    *Blackie v. Barrack,*

12        524 F.2d 891 (9th Cir. 1975) ...................................................... 4, 5, 8

13    *Brown v. Federal Express Corp.,*

14        249 F.R.D. 580 (C.D. Cal. 2008) .......................................................... 4

15    *Cornn v. United Parcel Service,*

16        2006 WL. 2642540 (N.D. Cal. Sept. 14, 2006) ............................... 17, 18

17    *Clark v. Time Warner Cable,*

18        2007 WL. 1334965 (C.D. Cal. 2007) .................................................... 4

19    *Eisen v. Carlisle and Jacquelin,*

20        417 U.S. 156 (1974) ............................................................................ 5

21    *El Pollo Loco, Inc. v. Hashim,*

22        316 F.3d 1032 (9th Cir. 2003) .......................................................... 14

23    *Evans v. IAC/Interactive Corp.,*

24        244 F.R.D. 568 (C.D. Cal. 2007) ........................................................ 4

25    *Glenn K. Jackson, Inc. v. Roe,*

26        273 F.3d 1192 (9th Cir. 2001) .......................................................... 14

27    *Graning v. Sherburne County,*

28        172 F.3d 611 (8th Cir.1999) .............................................................. 6

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:394890_1.DOC: 7.28.2008              - iii -              Case No.  SACV07-1306 JVS (RNBx)

OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

*Intel Corp. v. VIA Tech., Inc.,*
    204 F.R.D. 450 (N.D. Cal. 2001) ........................................................................8

*Kesler v. Ikea U.S. Inc.,*
    2008 WL. 413268 (C.D. Cal. 2008) .....................................................................5

*Provenz v. Miller,*
    102 F.3d 1478 (9th Cir. 1996) ............................................................................14

*In re Worlds of Wonder Sec. Litigation,*
    1992 WL. 330411 ................................................................................................18

## STATE CASES

*Colonial Life & Acc. Insurance Co. v. Superior Court,*
    31 Cal. 3d 785 (1982) .........................................................................................17

*Pioneer Electronics (USA), Inc. v. Superior Court,*
    40 Cal. 4th 360 (2007) ........................................................................................17

*Valley Bank of Nev. v. Superior Court,*
    15 Cal. 3d 652 (1975) .........................................................................................17

## FEDERAL STATUTES

C.D. Cal. Local Rule 23-3 .........................................................................................4

Fed. R. Civ. P. 23(c)(1) ..............................................................................................4

## OTHER AUTHORITY

Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. P. Before Trial
    The Rutter Group 2008), ....................................................................................16

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:394890_1.DOC: 7.28.2008                    - iv -                    Case No.  SACV07-1306 JVS (RNBx)

OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

# I.    INTRODUCTION

The motion to strike certain evidence submitted by Plaintiffs Michael Rivera and Dan Abell ("Plaintiffs") as part of their reply in support of the pending motion for class certification should be denied for several reasons.

As a threshold matter, class certification motions do not require a complete evidentiary record and do not allow an inquiry into the merits.  Additionally, Local Rule 23-3 and Fed. R. Civ. P. 23(c)(1) require early determinations regarding whether an action should proceed as a class action.  In ruling on a motion for class certification, the allegations of the complaint must be taken as true.  Ultimately, all that is required is enough information for the Court to form a "reasonable judgment" as to whether the Fed. R. Civ. P. 23(a) and 23(b) requirements appear to be met.  Of course, if the Court wants additional material, it may be provided.  It has always been Plaintiffs' position that their motion for class certification, coupled with their declarations and the declarations of their counsel, provides a more than ample basis for class certification.

All of the evidence that Defendants Bio-Engineered Supplements & Nutrition, Inc. ("BSN") and Christopher Ferguson ("Ferguson") (together "Defendants") seek to strike was submitted by Plaintiffs in direct response and rebuttal to the evidence and argument submitted by Defendants in their opposition to Plaintiffs' motion for class certification.  Local Rule 7-10 and Ninth Circuit precedent plainly permit such reply rebuttal evidence.  The 46 consumer declarations, declaration of marketing expert, Marvin Goldberg, Ph.D., declarations of creatine and chemistry experts, Jonathan Vennerstrom, Ph.D., Roger Harris, Ph.D., and Richard Chamberlin, Ph.D., and exhibits attached to the declaration of Scot Wilson, were all submitted as rebuttal evidence.

Moreover, Defendants effort to leverage Magistrate Judge Block's ruling, which Plaintiffs are taking very seriously and will address in a brief before the Magistrate, into another long continuance should be denied because: (1) the issues still before Magistrate are not grounds for delaying the decision whether to certify a class in this case, as Defendants did not even file the motions to compel with Magistrate Judge

OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

1   Block until July 1, 2008, nearly *six weeks after* they filed their Opposition to Class

2   Certification with this Court; and (2) Plaintiffs have not engaged in any discovery abuse

3   or "sandbagging," as claimed by Defendants.

4           Ultimately, however, if the Court feels that any of the reply materials are not

5   rebuttal evidence, the Court may either: (a) disregard such evidence and not consider it;

6   or (b) allow Defendants to submit a sur-reply before the August 18, 2008 hearing of the

7   motion for class certification (i.e., by August 11th).   But, with the motion already

8   having been pending for more than 6 months, no further delay should be permitted.

9   **II.     BACKGROUND**

10          Having filed their class action complaint on November 6, 2007, Plaintiffs brought

11  their motion for class certification in accordance with the C.D. Cal. Local Rule 23-3

12  deadline on February 1, 2008.   The motion was filed before any discovery had begun in

13  this action.   On February 12, 2008, Defendants applied *ex parte* for and were granted

14  expedited discovery and a four (4) month continuance of the class certification hearing,

15  claiming that they needed a couple months to conduct limited essential discovery (i.e.,

16  Plaintiffs' deposition, the deposition of third-party David Lopez, and limited written

17  discovery regarding the class certification issues).   On February 14, 2008, the Court

18  issued an order moving the class certification to June 20, 2008 and scheduled April 30,

19  2008 as the deadline for Defendants' opposition.

20          The parties later stipulated to continue the class certification hearing to August

21  15, 2008, with Defendants' opposition being due on May 21, 2008 and Plaintiffs' reply

22  due on July 16, 2008. From February 2008 until when they filed their opposition to

23  Plaintiffs' motion for class certification on May 21, 2008, the parties exchanged Fed. R.

24  Civ. P. 26(a)(1) initial disclosures and engaged in <u>substantial</u> written discovery and

25  depositions, including the depositions of Plaintiff Rivera and Abell, Defendant

26  Ferguson, and numerous third-party witnesses.

27  / / /

28  / / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION
RIV03-01:394890_1.DOC: 7.28.2008          - 2 -          Case No.  SACV07-1306 JVS (RNBx)
OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

1    In accordance with the briefing schedule, Defendants submitted their opposition

2  to the class certification motion on May 21, 2008.  Instead of addressing the fact that

3  they uniformly labeled and sold over 4.5 million bottles of product claiming they

4  contained CEM3 when they clearly did not, Defendants' opposition submitted nearly

5  twenty (20) declarations and other evidence focusing on issues of reliance and other

6  discrete merit-based arguments.

7    Plaintiffs filed their reply papers in support of the motion for class certification

8  on July 16th.  As rebuttal evidence, Plaintiffs included several declarations which

9  Defendants now seek to strike, including:

10    •    The declarations of forty-six (46) absent class member consumers
11         who all, consistent with Plaintiffs' allegations, have testified that
         they relied on BSN's label claims regarding CEM3;
12
      •    The declaration of Professor Marvin E. Goldberg, Ph.D. who,
13         consistent with Plaintiffs' allegations, testified regarding
         Defendants' CEM3 claims and the basis for consumers' purchasing
14         decisions;
15
      •    The declarations of the creatine experts, Professors Jonathan
16         Vennerstrom, Ph.D., Roger Harris, Ph.D., and Richard Chamberlin,
         Ph.D., who all – again consistent with the allegations in the
17         complaint, testified that there is no CEM3 in any of the subject
         products; and
18
19    •    All of the exhibits attached to the declaration of attorney Scot
         Wilson.
20

21    Last week, Defendants applied ex parte for an order allowing their motion to

22  strike to be heard on shortened notice.  Pursuant to the Court's order allowing the

23  motion to strike to be heard on shortened notice, Plaintiffs were ordered to submit their

24  opposition to the motion by July 28, 2008 with Defendants' reply due on July 30, 2008.

25  Defendants' motion to strike is set for hearing on August 18, 2008, concurrently with

26  the motion for class certification which was continued 3 days pursuant to the Court's

27  July 24, 2008 order. (*See* Doc. No. 126).  Trial is set for May 19, 2009.

28  ///

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:394890_1.DOC: 7.28.2008                 - 3 -              Case No.  SACV07-1306 JVS (RNBx)
OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

1    III.    **DEFENDANTS' MOTION TO STRIKE SHOULD BE DENIED**

2        A.    **Class Certification Motions Do Not Require A Complete Evidentiary**

3            **Record And Do Not Allow Inquiry Into The Merits**

4            1.    **Local Rule 23-3 And Fed. R. Civ. P. 23(c)(1) Require Early**

5                **Determinations Regarding Class Certification**

6            Consistent with Local Rule 23-3 which requires that motions for class

7    certification be brought within 90 days of the filing of the class action complaint, *see*

8    C.D. Cal. L.R. 23-3, Federal Rule of Civil Procedure 23(c)(1) directs courts "to

9    determine at an early practicable time' whether to certify an action as a class action."

10    *Brown v. Federal Express Corp.*, 249 F.R.D. 580, 583 (C.D. Cal. 2008) (quoting Fed.

11    R. Civ. P. 23(c)(1)); *accord Evans v. IAC/Interactive Corp.*, 244 F.R.D. 568, 574 (C.D.

12    Cal. 2007)). "The word 'practicable' recognizes that valid reasons may exist for

13    deferring the certification hearing, such as the need for time to conduct *limited*

14    investigation and/or discovery on issues of numerosity, commonality, typicality,

15    adequate representation, and predominance." *Clark v. Time Warner Cable*, 2007 WL

16    1334965, *2 (C.D. Cal. 2007) (citations omitted) (emphasis added).

17            Thus, courts have concluded that a "six week continuance is not inconsistent with

18    Local Rule 23-3." *Id.* Here, in accordance with Local Rule 23-3 and Rule 23(c)(1),

19    Plaintiffs filed their motion for class certification on February 1, 2008 based on the

20    allegations of their complaint, their declarations, and the declarations of their counsel,

21    attorneys Mark P. Robinson and James B. Hardin. Based on the premise a motion for

22    class certification cannot be heard until the evidentiary record is complete and all

23    discovery is exhausted, Defendants have delayed the hearing for nearly six months.

24            2.    **The Allegations Of The Complaint Must Be Taken As True**

25            Clearly, Defendants argument that a motion for class certification requires a

26    complete evidentiary record is misplaced. "At this stage of the proceedings, the Court

27    must accept the factual allegations in the complaint as true." *Clark*, 2007 WL 1334965,

28    at *2 (citing *Blackie v. Barrack*, 524 F.2d 891, 901 n. 17 (9th Cir. 1975)).

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:394890_1.DOC: 7.28.2008        - 4 -        Case No.  SACV07-1306 JVS (RNBx)

OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

3.  **All That Is Required Is Enough Information "To Form A Reasonable Judgment," But If The Court Wants Additional Material, It May Be Provided**

Rather, in ruling on a motion for class certification, courts are "not permitted to make a preliminary inquiry into the merits." *Kesler v. Ikea U.S. Inc.*, 2008 WL 413268, *2 (C.D. Cal. 2008) (citing *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 177-78 (1974)). "Instead, the Court is only required to form a reasonable judgment." *Id.* (citing *Blackie v. Barrack*, 524 F.2d 891, 901 n. 17 (9th Cir. 1975)). "The Court may require the parties to provide additional material from which the Court may make an informed judgment as to each requirement of class certification." *Id.* (citations omitted).

All along, it has been Plaintiffs' position that their motion for class certification which is based on allegations of their complaint, coupled with their declarations and the declarations of their counsel, provides a more than ample basis for class certification in this case. Although it is well-established that the allegations of the complaint must be taken as true in ruling on a motion for class certification, Defendants argue that Plaintiffs' class certification motion must be denied because they have not submitted enough *evidence* in support of their factual allegations. While Plaintiffs disagree that any such evidence is required, the evidence submitted in connection with Plaintiffs' reply in support of their motion for class certification was designed to serve two simple, straightforward, and entirely legitimate purposes.

First and most importantly, *see infra* section III.B., all of the evidence was submitted in response to the evidence and arguments raised in Defendants' opposition to the motion for class certification. Second, the evidence was also provided to the extent the Court may want to look beyond the allegations of the complaint (which Defendants claim are false) so the Court could make an informed judgment regarding the Rule 23(a) and Rule 23(b) requirements and know that each and every allegation in the complaint is completely true and, in fact, supported by ample evidence – even though such evidence is not even required at the class certification stage.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:394890_1.DOC: 7.28.2008          - 5 -          Case No.  SACV07-1306 JVS (RNBx)

OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

**B.**  **All Of The Evidence That Defendants Seek To Strike Was Submitted By Plaintiffs As Rebuttal Evidence In Response To Defendants' Evidence In Opposition To The Motion For Class Certification**

Local Rule 7-10 specifically provides that *"[a] moving party may . . . serve and file a reply memorandum and declarations and other rebuttal evidence."* C.D. Cal. L.R. 7-10 (emphasis added). Declarations or "[a]ffidavits may appropriately be produced with a reply brief when they respond to new issues which have arisen during briefing." *Graning v. Sherburne County*, 172 F.3d 611, 614 n.2 (8th Cir.1999) (citing *Alaska Wildlife Alliance v. Jensen*, 108 F.3d 1065, 1068 (9th Cir. 1997)). "Rebuttal testimony is responsive to new information by the other party." *In re Air Crash Disaster*, 86 F.3d 498, 528 (6th Cir.1996).

In their motion to strike, Defendants generally identify four (4) categories of "new material" that they claim was improperly submitted in Plaintiffs' reply in support of the class certification motion:

(1)    The 46 consumer declarations by persons who all, consistent with Plaintiffs' allegations, have testified that they relied on BSN's label claims regarding CEM3;

(2)    The declaration of Professor Marvin E. Goldberg, Ph.D. who, consistent with Plaintiffs' allegations, testified regarding Defendants' CEM3 claims and the basis for consumers' purchasing decisions;

(3)    The declarations of the creatine experts, Professors Jonathan Vennerstrom, Ph.D., Roger Harris, Ph.D., and Richard Chamberlin, Ph.D., who all – again consistent with the allegations in the complaint, testified that there is no CEM3 in any of the subject products; and

(4)    All of the exhibits attached to the declaration of attorney Scot Wilson.

As set forth below, looking past all of Defendants' mudslinging and mischaracterizations in the motion to strike, it is clear that all of this evidence was properly submitted as rebuttal evidence. Thus, the motion should be denied.

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:394890_1.DOC: 7.28.2008          - 6 -          Case No. SACV07-1306 JVS (RNBx)
OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

### 1.    The 46 Consumer Declarations Were Submitted As Rebuttal Evidence To Defendants' Opposition Evidence And Arguments

*First*, the forty-six (46) consumer declarations were submitted by Plaintiffs as rebuttal evidence in response to various evidence and arguments that Defendants asserted in their opposition to the motion for class certification. Defendants argue that "[t]he 46 consumer declarations submitted for the first time on reply are improper and should be stricken by the Court." (Defs. Mot. to Strike, at 4:18-19). This argument lacks merit for several reasons.

As a starting point, Defendants seemingly forget that, in their opposition to Plaintiffs' motion for class certification, in an effort to rebut the presumption/inference of reliance, Defendants submitted 11 declarations of users and/or sellers of the products in support of their argument that "consumers have confirmed that the identification of CEM3 on product labels was not a factor in their purchases," (Defs. Opp. to Mot. for Class Cert. at 2:18-19), and that consumers "bought the products for different reasons." (*Id.* at 9:1-2). In addition to these 11 declarations, Defendants also submitted the declaration of Professor Andrew Ainslie, Ph.D., in an effort to show that consumers bought BSN's Cellmass, Nitrix and N.O.-Xplode for reasons unrelated to Defendants' promises regarding CEM3 on the product labels.

In other words, in their opposition, Defendants tried to use the 14 declarations and the Ainslie opinion to distinguish/rebut the legal inference and presumption of reliance under *Vasquez v. Superior Court*, 4 Cal.3d 800, 814 (1971) and its progeny, including *Mirkin v. Wasserman*, 5 Cal.4th 1082 (1993), *In re First Alliance Mortgage Co.*, 471 F. 3d 977, 989-91 (9th Cir. 2006), by submitting evidence of purported non-reliance – 11 declarations from users and/or sellers of the products and a hypothetical "expert" opinion that consumers usually make purchasing decisions based on many potential factors.

/ / /

/ / /

1       In addition to noting the Ninth Circuit has observed that *"[t]he fact that a*
2 *defendant may be able to defeat the showing of causation as to a few individuals does*
3 *not transform the common question into a multitude of individual ones[,]"* Blackie v.
4 Barrack, 524 F.2d 891, 906 (9th Cir. 1975) (emphasis added), Plaintiffs submitted the
5 46 declarations from consumers who – consistent with Plaintiffs' testimony and the
6 allegations of the complaint – each explicitly stated that they purchased BSN's products
7 because of the representation that CEM3 was in their products.  This evidence was
8 specifically submitted in rebuttal to the 11 declarations of the users and/or sellers of the
9 products and the Ainslie declaration submitted by Defendants in their opposition.

10       Furthermore, notwithstanding Plaintiffs' arguments and the recent order by
11 Magistrate Judge Block granting Defendants' motion to compel the disclosure of the
12 contact information for absent California class members personally known by Plaintiffs
13 and order allowing Defendants to depose a sampling of these unnamed class members
14 (which Plaintiffs take very seriously and will address at the appropriate time in their
15 brief to Magistrate Judge Block which is due on July 30, 2008), Plaintiffs have fully
16 complied with their discovery obligations.  Defendants contend that Plaintiffs should
17 have disclosed the 46 declarations earlier in this litigation – not for the first time in the
18 reply.  However, although Plaintiffs' counsel had been gathering the declarations
19 continuously since late-January 2008, the decision to submit the declarations in
20 connection with the reply was entirely appropriate under the circumstances.

21       Most importantly, the declarations were not subject to disclosure until the
22 decision was made by Plaintiffs' counsel to use them as rebuttal evidence in support of
23 the reply.  *See, e.g., Intel Corp. v. VIA Tech., Inc.,* 204 F.R.D. 450, 452 (N.D. Cal.
24 2001) (noting that a declaration drafted by an attorney is "clearly work product right up
25 until the moment it [is] filed.").  Furthermore, Defendants never requested the
26 production of such documents until June 26, 2008 in connection with their second set of
27 requests for production of documents which are not due until July 31, 2008.  Thus,
28 because they are proper rebuttal evidence, the motion to strike should be denied.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:394890_1.DOC: 7.28.2008          - 8 -          Case No.  SACV07-1306 JVS (RNBx)

OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

1            **2.**    **The Declaration of Marketing Expert Marvin Goldberg, Ph.D.**

2                     **Was Submitted As Rebuttal Evidence To The Opinion Evidence**

3                     **Of Defendants' Expert, Dr. Ainslie**

4         ***Second***, the declaration of Professor Marvin E. Goldberg, Ph.D., was also

5    submitted by Plaintiffs in their reply in support of the class certification motion as

6    rebuttal evidence and in response to the declaration of Dr. Ainslie which was submitted

7    by Defendants' in their opposition to the motion. Misstating Dr. Goldberg's opinion,

8    Defendants argue in their motion to strike that his declaration somehow "abandons the

9    allegations in the complaint and now alleges" new "theories of liability." (Defs. Mot. to

10   Strike, at 7:14-24). However, a more careful (and accurate) review and summary of Dr.

11   Goldberg's declaration reveals that it rebuts Dr. Ainslie's testimony and substantiates

12   the allegations of Plaintiffs' complaint and motion for class certification.

13        In an attempt to generate individualized issues, Professor Ainslie stated in his

14   declaration that buyers generally tend to rely on various factors when deciding whether

15   to purchase a product, i.e., unrelated to the fact that every bottle of Cellmass, Nitrix and

16   N.O.-Xplode claimed that the products contained CEM3. While that may be true in

17   general, as shown in the Goldberg declaration offered in rebuttal, Ainslie's opinion is

18   inapplicable when a company, such as BSN, conducts an aggressive marketing

19   campaign that promotes a particular aspect of a product, such as CEM3. BSN did

20   exactly that in touting CEM3 in its products. As Professor Goldberg explains, BSN

21   carried out "Integrated Marketing Communications" or a "viral marketing" program

22   covering all media with its promotion of CEM3 in its Cellmass, Nitrix, and N.O.-

23   Xplode products, referred to as the "Mass Stack." (Goldberg Decl., ¶ 5). By promoting

24   CEM3 as a "unique selling proposition," BSN made it a "key differentiator" in

25   consumers' decisions to purchase BSN's products. (*Id.* ¶ 6). As rebuttal evidence to

26   Professor Ainslie's opinion, Dr. Goldberg found that BSN intentionally made CEM3 a

27   key factor in its consumers' purchasing decisions, a fact that is totally consistent with

28   Plaintiffs' allegations, testimony and class certification motion.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:394890_1.DOC: 7.28.2008        - 9 -        Case No. SACV07-1306 JVS (RNBx)

OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

3.   **The Declarations Of Dr. Jonathan Vennerstrom, Dr. Roger Harris, And Dr. Richard Chamberlin Regarding The Lack Of Any CEM3 In Defendants' Products Were Properly Submitted**

*Third*, the declarations of Jonathan Vennerstrom, Ph.D., Roger Harris, Ph.D., and Richard Chamberlin, Ph.D., were properly submitted as rebuttal evidence in response to the evidence submitted by Defendants in their opposition to Plaintiffs' motion for class certification. In their opposition to Plaintiffs' motion for class certification, not only did Defendants contend that "the BSN products are formulated to serve different consumer needs and have varied over time," (Defs. Opp. to Mot. for Class Cert., at 4:1-2), but they also repeatedly imply that the products actually contained CEM3. For example, with their opposition papers, Defendants submitted the declaration of Defendant Christopher Ferguson ("Ferguson") who stated in his declaration that: (1) he jointly developed CEM with JNC, BSN's supplier in China; (2) was provided with certificates of analysis from JNC confirming the composition of the product; and (3) he and BSN relied on JNC and thought that what they were getting was actually CEM3. (*See* Defs. Opp. to Mot. for Class Cert., at 3:16-27; *see also* Ferguson Opp. Decl., ¶¶ 11-13).

As rebuttal evidence in response to this evidence, Plaintiffs submitted the declarations of renowned academics and experts Richard Chamberlin, Ph.D., Roger Harris, Ph.D. and Jonathon Vennerstrom, Ph.D. in connection with their class certification reply. Refuting Ferguson's statements, these expert declarations prove beyond dispute that ***BSN's Cellmass, Nitrix and N.O.-Xplode products have never contained CEM3.***

REDACTED

OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

1    In fact, according to Dr. Vennerstrom, it is chemically impossible for CEM3 to
2  even exist.  (*Id.* at ¶ 9).  The Vennerstrom, Harris and Chamberlin declarations –
3  consistent with the allegations of Plaintiffs' complaint – confirm that, contrary to the
4  evidence and arguments in Defendants' opposition to the motion for class certification,
5  the BSN products never contained CEM3 and Defendants never had any basis for
6  claiming that they did (rebutting Ferguson's attempt to point the finger at JNC in
7  China).  For Defendants to characterize these experts opinions as "previously-unknown"
8  and "rais[ing] several issues that . . . Defendants have had no opportunity to explore[,]"
9  (Defs. Mot. to Strike, at 8:26), is absurd.  Plaintiffs' complaint makes it crystal clear
10 that the gravamen of this putative class action is that Defendants uniformly labeled and
11 sold millions of bottles of product claiming they contained CEM3 when they clearly did
12 not.  Furthermore, the Vennerstrom, Harris and Chamberlin declarations further expose
13 the contradictions in the Ferguson opposition declaration.   Ferguson, the founder,
14 President, CEO and self-proclaimed creator of CEM3, testified:

15        Q.

16

17        A.                          **REDACTED**
18        Q.
          A.
19        Q.
          A.
20

21 (Wilson Reply Decl., Exh. 7 (Ferguson Depo.                    ).  Similarly, Michael Gao,
22 the representative of JNC, the Chinese supplier, testified:

23        Q.

24
          A.
          Q.                      **REDACTED**
25        A.
          Q.
26

27        A.

28 (Exh. 21 to Wilson Reply Decl. (Gao Depo., at                    ).

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:394890_1.DOC: 7.28.2008          - 11 -          Case No.  SACV07-1306 JVS (RNBx)
OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

1

2

3

        4.      **The Exhibits Attached To The Wilson Declaration Were Provided As Rebuttal Evidence To Various Evidence Submitted By Defendants**

4

5

6

7

8

      *Fourth* and finally, regarding the supposed "host of new exhibits and evidence" attached to the declaration of attorney Scot D. Wilson in connection with Plaintiffs' reply in support of the motion for class certification, as the following table demonstrates, the exhibits were submitted in rebuttal and direct response to various evidence submitted by Defendants in their opposition to the motion, for example:

9

| Defendants' Opposition Evidence | Plaintiffs' Reply Rebuttal Evidence |
|---|---|
| The BSN products have varied over time. (Defs. Opp. to Mot. for Class Cert., at 4:1-6:20; Ferguson Decl., Tracy Decl.).  <br><br>REDACTED | The declarations of renowned academics and experts Richard Chamberlin, Ph.D., Roger Harris, Ph.D. and Jonathon Vennerstrom, Ph.D., prove that BSN's Cellmass, Nitrix and N.O.-Xplode products have never contained CEM3 and Defendants *never* had any basis for their label claims. (Wilson Decl., Exh. 5 ( )). Defendants' emails and deposition testimony establishes their own testing labs could never find CEM3 in their products. Exh. 5, 7, 21 to Wilson Decl. |
| Consumers were not exposed to the same representations and bought the products for different reasons. (Defs. Opp. to Mot. for Class Cert., at 9:1-2; Tracy Decl.). | Defendants admit that the labels of Cellmass, Nitrix, and N.O.-Xplode claimed they contained CEM3. (Exhs. 1-3, 8 to Wilson Decl. (BSN's Resps. to RFAs Nos. 15-17)). |
| Consumers have confirmed that CEM3 was not a reason why they purchased the Cellmass, Nitrix and N.O.-Xplode products. (*See, e.g.,* Defs. Opp. to Mot. for Class Cert., at 2:18-20; Voisard Decl.; Roman Decl.; McCune Decl.; Lee Decl.; Ibach Decl.; Wolbers Decl.; Reilly Decl.; Caneda Decl.; Letchman Decl.; McCarthy Decl.; Bombaro Decl.; Ainslie Decl.). | Plaintiffs' declarations and deposition testimony as well as an additional 46 declarations from other consumers that confirm reliance on the CEM3 misrepresentation on product label. The declaration of Marvin E. Goldberg, Ph.D., also confirms that BSN's concerted emphasis on CEM3 caused consumers to rely on the uniform label claim. |

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:394890_1.DOC: 7.28.2008     - 12 -     Case No. SACV07-1306 JVS (RNBx)

OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

REDACTED

| | |
|---|---|
| Sales data fails to reflect a link between CEM3 and sales. The products generated millions in sales before CEM3 was added. (Defs. Opp. to Mot. for Class Cert., at 11:11-13; Tomko Decl.).<br><br>Retailers did not charge more for the BSN products because of CEM3. (Martinez Decl.; Serrao Decl.; Ho Decl.; Tomko Decl.; Letchman Decl.). | Defendants' sales of Cellmass increased ____ %, Nitrix ____ %, and N.O.-Xplode ____ % in the year *after* BSN touted CEM3 in its products. (Exh. 9 to Wilson Decl. (BSN's Resps. to Interrogatories Nos. 19-20)). BSN profited from every sale of every bottle of Cellmass, Nitrix, and N.O.-Xplode. (*See* Exh. 23 to Wilson Decl.). |
| Ferguson, who claims to have jointly developed CEM3 with BSN's Chinese supplier, JNC, claims that he merely believed that CEM3 would provide a better tasting creatine.<br><br>Ferguson also claims JNC provided Defendants with certificates of analysis stating that they were being provided CEM3. (Defs. Opp. to Mot. for Class Cert., at 3:15-27; Ferguson Decl., ¶¶ 11-14). | Ferguson predicted when he conceived of "CEM3" that:<br><br>REDACTED<br><br>Exh. 6 to Wilson Decl. ( ____ C. *See also* Exhs. 7, 21 to Wilson Decl.). The Vennerstrom declaration confirms that it is chemically impossible for CEM3 to even exist. |
| Plaintiffs admit that they based their purchase of the BSN products on information that did not appear on the labels. (Defs. Opp. to Mot. for Class Cert., at 6:21-22; Rivera Depo.; Abell Depo.). | Defendants' assertion that Plaintiffs "admitted that they based their decision to purchase BSN products on additional information that was not available to all class members" (Opp. 1:9-10) is flatly contradicted by Plaintiffs' declarations and deposition testimony. (*See, e.g.,* Rivera Decl., ¶ 3; *see also* Abell Decl., ¶¶ 5-6; Wilson Decl., Exhs. 11, 12). |

Nearly all of the exhibits and evidence attached to the Wilson declaration are simply *admissions* by Defendants which substantiate the allegations in Plaintiffs' complaint, (*see, e.g.,* Pl. Compl., ¶¶ 3-8, 15-18), and the evidence submitted with the original moving papers. Accordingly, these exhibits, like the other evidence that Defendants seek to strike, is purely rebuttal evidence – which incidentally confirm all of the allegations in Plaintiffs' complaint. As such, the motion to strike should be denied.

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:394890_1.DOC: 7.28.2008          - 13 -          Case No. SACV07-1306 JVS (RNBx)
OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

**C.**   **If The Court Feels That Any Of The Reply Materials Are Not Rebuttal Evidence, The Court May Either Disregard It _Or_ Allow Defendants To Submit A Sur-Reply Before The August 18, 2008 Hearing**

"[A] district court may consider new evidence presented in reply brief if the district court gives the adverse party an opportunity to respond[.]" _El Pollo Loco, Inc. v. Hashim_, 316 F.3d 1032, 1040-41 (9th Cir. 2003) (finding no abuse of discretion where district court heard and considered a response to new arguments and evidence raised for the first time in a reply brief). _See also Provenz v. Miller_, 102 F.3d 1478, 1483 (9th Cir. 1996) (same). _Compare Glenn K. Jackson, Inc. v. Roe_, 273 F.3d 1192, 1201-02 (9th Cir. 2001) (suggesting that district courts have discretion to simply consider issues raised for first time in reply brief).

If the Court feels that certain evidence submitted by Plaintiffs in connection with their reply in support of the motion for class certification was not proper rebuttal evidence, the Court is obviously free to disregard such evidence and not consider it in connection with the class certification decision. If, however, the Court feels that such material is necessary to form a reasonable judgment as to whether the Rule 23 requirements have been met, the Court can allow Defendants to submit a sur-reply along with declarations from their experts (_who have not yet been disclosed_) and test results which they claim establish that CEM3 exists and was present in the subject products (_which have never been produced despite Defendants' allusions to their existence_).

At some level, this motion is largely a reflection of what happens when a party attempts to treat a motion for class certification as a full-fledged evidentiary inquiry and analysis into the merits requiring a "complete record" which is a practice that _Eisen_ condemned and Local Rule 23-3 and Fed. R. Civ. P. 23(c)(1) were designed to guard against. There is no basis to further delay the hearing of Plaintiffs' motion for class certification which was filed on February 1, 2008. By the time of the August 18, 2008 hearing, the motion will have been pending for nearly seven (7) months.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:394890_1.DOC: 7.28.2008        - 14 -        Case No. SACV07-1306 JVS (RNBx)
OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

1    Thus, to the extent the Court feels that any of the evidence submitted in
2  connection with the reply was not proper rebuttal evidence, Plaintiffs submit that the
3  best course of action would simply be to decide on the class certification issues without
4  consideration of any evidence deemed "improper" evidence raised for the first time on
5  reply. ***Before spending hundreds of hours and thousands of dollars embarking on a***
6  ***global campaign to conduct depositions of Plaintiffs' experts worldwide (i.e., London,***
7  ***Pittsburgh, Omaha, and Irvine), and taking the depositions of up to twenty (20)***
8  ***absent class members nationwide*** – which is what Defendants currently seek to do in
9  order to present their "complete record" which will inevitably never be enough for
10 Defendants – Plaintiffs respectfully submit that ***the Court should determine whether***
11 ***this action should proceed as a class action at the hearing on August 18th***.

12    Based on the allegations of Plaintiffs' complaint as well as the evidence
13 submitted in connection with the motion, Plaintiffs believe that there is more than
14 enough information for the Court to form a reasonable judgment as to whether the class
15 certification requirements have been met. If the motion is denied, Plaintiffs would
16 obviously request that the motion be denied without prejudice so that they may be
17 allowed to present further information regarding the basis for class certification in this
18 case. Alternatively, if the motion is granted, Defendants are free to conduct further
19 discovery and, if they feel that such discovery yields information essential to the class
20 certification decision, they can obviously bring a motion for de-certification.

21    It is somewhat ironic that Defendants, having repeatedly attempted to
22 characterize a motion for class certification as an evidentiary motion which requires a
23 "complete record" which cannot be decided until all discovery is complete, object when
24 Plaintiffs merely submit rebuttal evidence to the evidence submitted with their
25 opposition and backs the allegations of the complaint. Regardless, the instant motion is
26 somewhat unnecessary as all of the evidence which Defendants seek to strike – while
27 submitted as rebuttal evidence – is entirely consistent with and merely confirms the
28 allegations of the complaint which must be taken as true at the class certification stage.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:394890_1.DOC: 7.28.2008          - 15 -          Case No.  SACV07-1306 JVS (RNBx)

OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

1    Thus, with or without the supposedly "new evidence," the hearing of Plaintiffs'

2  motion for class certification should proceed on August 18th. If the Court wants more

3  information or evidence, Plaintiffs will gladly provide it in response to the Court's

4  request.

5  **IV.    PLAINTIFFS HAVE ACTED IN GOOD FAITH IN DISCOVERY AND**

6  **NONE OF THE PENDING DISCOVERY ISSUES ARE GROUNDS FOR**

7  **FURTHER DELAY OF THE CLASS CERTIFICATION DECISION**

8    In an effort to leverage Magistrate Judge Block's ruling into another long

9  continuance, Defendants have peppered their motion with assertions that Plaintiffs have

10  engaged in "gamesmanship." There are several problems with Defendants' effort.

11    *First*, the issues before Magistrate Judge Block are not grounds for delaying the

12  decision whether to certify a class in this case. Indeed, Defendants did not even bring

13  their motion to compel before Magistrate Judge Block until six weeks *after* they filed

14  their opposition to the motion on May 21, 2008. Thus, Defendants' own conduct shows

15  such information was not essential to their opposition. Moreover, Magistrate Judge

16  Block ruled on a narrow discovery regarding only whether: (a) the private contact

17  information of absent California class members personally known by Plaintiffs Rivera

18  and Abell was subject to automatic disclosure; and (b) whether Defendants were

19  entitled to take a "sampling" of deposition of these unnamed class members.

20    *Second*, Plaintiffs have not engaged in any discovery abuse or "sandbagging," as

21  claimed by Defendants. Rather, Plaintiffs and their counsel have merely attempted to

22  zealously represent and protect the rights of Plaintiffs and the putative class members.

23  Regarding the contact information issue, Plaintiffs believed, and argued in the motion

24  to compel, that they had an obligation to protect the contact information of putative

25  class members known by Plaintiffs as required by *Pioneer Electronics (USA), Inc. v.*

26  *Superior Court*, 40 Cal.4th 360, 373 (2007). *See e.g.,* Schwarzer, Tashima &

27  Wagstaffe, Cal. Prac. Guide: Fed. Civ. P. Before Trial (The Rutter Group 2008), ¶

28  10:742.1 ("[T]o protect their privacy, the potential class members are given the right to

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:394890_1.DOC: 7.28.2008          - 16 -          Case No. SACV07-1306 JVS (RNBx)
OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

1    object in advance to disclosure of their contact information." (citing *Pioneer Elecs.*

2    *(USA), Inc.,*, 40 Cal. 4th 360 at 373).

3    Based on what they believed were their obligations under *Pioneer*, Plaintiffs'

4    counsel asserted that the unnamed California class members must be given an

5    opportunity to object to the disclosure of their contact information before it is turned

6    over to the other side. *See, e.g., Pioneer Elecs. (USA), Inc.*, 40 Cal. 4th at 373; *Valley*

7    *Bank of Nev. v. Superior Court*, 15 Cal. 3d 652, 658 (1975); *Colonial Life & Acc. Ins.*

8    *Co. v. Superior Court*, 31 Cal. 3d 785, 794-95 (1982). Plaintiffs also pointed that the

9    Defendants have refused to provide any information regarding the identity or contact

10   information of any California class members that Defendants possess, relying on

11   *Pioneer*. Magistrate Judge Block obviously disagreed with Plaintiffs' position and

12   granted the motion to compel. Plaintiffs will, of course, comply with the Court's order.

13   Regarding the request for an order allowing a "sampling" of unnamed class

14   member depositions, Plaintiffs' argued in their opposition to the motion to compel that

15   Defendants did not carry their burden of showing that a "sampling" of depositions of

16   unnamed class members was warranted as they failed to show that such "discovery is

17   both necessary and for a purpose other than taking undue advantage of class members."

18   *Baldwin & Flynn v. Nat'l Safety Assocs.*, 149 F.R.D. 598, 600 (N.D. Cal. 1993)

19   (citations omitted). In *Cornn v. United Parcel Service*, 2006 WL 2642540 (N.D. Cal.

20   Sept. 14, 2006), the court noted that four elements must be met in order to take

21   discovery from absent class members, reasoning:

22       Where such discovery has been allowed, courts have required the
23       proponent to demonstrate that (1) the discovery is not sought to take undue
         advantage of class members or with the purpose or effect of harassment or
24       altering membership in the class; (2) the discovery is necessary at trial of
         issues common to the class; (3) responding to the discovery requests would
25       not require the assistance of counsel; and (4) the discovery seeks
         information not already known by the proponent.
26

27   *Id.* at *2. (citations omitted).

28   / / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:394890_1.DOC: 7.28.2008          - 17 -          Case No. SACV07-1306 JVS (RNBx)

OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

1    "Applying these principles, courts have found the burden on the defendant to

2    justify discovery of absent class members by means of a deposition is particularly

3    heavy." *Id. See also Baldwin & Flynn*, 149 F.R.D. at 600 (noting that such depositions

4    are appropriate only in "special circumstances."). The thrust of Plaintiffs' position was

5    that because the parties could, and clearly were, conducting interviews, surveys, and

6    obtaining declarations, there was no provable need for Defendants (or Plaintiffs for that

7    matter) to take depositions of several putative class members, particularly before class

8    certification.

9         Plaintiffs believed, and so argued, that depositions were a qualitatively different

10   level of intrusion on the lives of putative class members, and that the parties' dispute

11   over reliance issues could be addressed with competing declarations, surveys, and

12   interviews of class members. Plaintiffs believed the law supported their position. *See,*

13   *e.g., In re Worlds of Wonder Sec. Litig.*, 1992 WL 330411, at *2 ("Absent a strong

14   showing of necessity, discovery of absent class members will generally be denied."").

15   Of course, Magistrate Judge Block did order these depositions and asked Plaintiffs to

16   brief the basis for their position in opposition to the motions to compel, which Plaintiffs

17   intend to do.

18        ***Third***, the reality of the situation is that Plaintiffs have conducted themselves

19   properly throughout discovery while *Defendants have steadfastly refused to produce*

20   *information regarding the same two issues* – customer contact information and reliance

21   – on which they now attack Plaintiffs. In response to Plaintiffs' discovery requests in

22   March 2008, Defendants flatly refused to provide any contact information of putative

23   class members and any evidence to support their contention that consumers did not rely

24   on the CEM3 misrepresentation. The first time Defendants produced any evidence of

25   non-reliance – including customer names or declarations – was in their opposition to

26   Plaintiffs' motion for class certification. (*See, e.g.*, BSN's Resp. to Pl. Rivera's

27   Interrogatories Nos. 24, 25 ("

28

**REDACTED**

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:394890_1.DOC: 7.28.2008          - 18 -          Case No. SACV07-1306 JVS (RNBx)
OPPOSITION BY PLAINTIFFS TO DEFENDANTS' MOTION TO STRIKE NEW MATERIAL SUBMITTED WITH
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

1    The first time Defendants produced any customer contact information was about
2  one week after Defendants filed their opposition to the motion for class certification on
3  May 21, 2008, when they dumped a mass of documents on Plaintiffs that apparently
4  contain customer contact information for *non*-California consumers. Defendants have
5  never produced any contact information of any California customers.    Nor have
6  Defendants ever explained why they withheld this key information until after they filed
7  their opposition. In contrast, Plaintiffs evinced a good faith willingness to produce
8  names of putative class members, but only stopped short after Defendants asserted that
9  the *Pioneer* case required California class members to receive notice and the
10  opportunity to opt out of having their contact information turned over.

11    Erring on the side of protecting putative class members (who Plaintiffs' counsel
12  does not yet represent), Plaintiffs counsel asserted reciprocal privacy rights under
13  *Pioneer*.    Thus, Plaintiffs are hopeful that, when presented with the true background
14  regarding the discovery dispute, this Court and Magistrate Judge Block will conclude
15  that Plaintiffs have not actually engaged in any "gamesmanship" and have instead acted
16  in good faith and with substantial justification.

17    ***Fourth***, Defendants' inflammatory allegations about the 46 customer declarations
18  submitted by Plaintiffs are undercut by the fact that Defendants did not specifically
19  request in discovery that Plaintiffs produce communications with "putative class
20  members" until June 26, 2008, and Plaintiffs' responses are due July 31, 2008.
21  Although Defendants recently asserted that one or two vague discovery requests
22  seeking communications with "third parties' were sufficient, Defendants themselves
23  must not have thought so because they served clear and specific requests for contacts
24  with "putative class members" on June 26th.

25    ***Fifth***, Defendants' arguments also inconsistent with their own conduct – they
26  never disclosed their consumer declarants or expert declarations before using them in
27  their opposition on May 21, 2008 – while at the same time refusing to respond to
28  Plaintiffs' specific discovery requests for such information on March 24, 2008.

1   Similarly, there is nothing improper about a party obtaining expert declarations
2   from consultants and then later submitting such opinions in support of motions. This is
3   a common practice, and neither Defendants nor Plaintiffs had an obligation to disclose
4   their expert consultants. The deadline for expert designations and Fed. R. Civ. P.
5   26(a)(2) reports is not until January 9, 2009. (*See* Doc. No. 90). Thus, Plaintiffs were
6   not obligated to disclose the expert declarations at an earlier time as such declarations
7   were merely offered as rebuttal evidence. *See* Section III.B(2)-(3) *supra*. Accordingly,
8   despite Defendants' efforts to capitalize on a recent ruling by Magistrate Judge Block,
9   Plaintiffs have acted in good faith in discovery and none of the pending discovery issues
10  support further delay of the class certification motion.

11  **V.     CONCLUSION**

12  Based on the foregoing, Plaintiffs respectfully request that the Court issue an
13  order denying Defendants' motion to strike. In the alternative, if the Court feels that
14  any of the evidence was improperly submitted, the Court should either: (a) disregard
15  such evidence and not consider it in connection with the pending motion for class
16  certification; or (b) allow Defendants to submit a sur-reply before the hearing of the
17  class certification on August 18, 2008 which should not be delayed any further.

18  Dated: July 28, 2008                CALL, JENSEN & FERRELL
                                         A Professional Corporation
19
20                                       By: _____
21                                           SCOT D. WILSON
                                             Attorneys for Plaintiffs Michael Rivera, Dan
22                                           Abell and the proposed class
                                             E-mail: swilson@calljensen.com
23
24
25
26
27
28