## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 07-1306 JVS (RNBx) | Date | November 13, 2008 |

| | |
|---|---|
| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Karla J. Tunis | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**        (In Chambers)
Order Granting Plaintiff's Motion for Class Certification (Fld 2-1-08)

Order Denying Defendants' Motion to Exclude the Expert Declarations of Richard Chamberlin and Jonathan Vennerstrom (Fld 10-22-08)

Plaintiffs Michael Rivera et al. ("Rivera") seek class certification pursuant to Federal Rule of Civil Procedure 23. Defendants Bio-Engineered Supplements & Nutrition, Inc. et al. ("BSN") oppose the motion.

## I.    BACKGROUND

BSN develops, manufactures, and sells nutritional supplements. Rivera alleges that BSN has sold tens of thousands of bottles of Cellmass, Nitrix, and N.O.-Xplode based on false labels and false advertising. Rivera alleges that BSN has and continues to proclaim that its products contain a supposedly new and improved form of creatine called "Creatine Ethyl Ester Malate" or "CEM3." Rivera claims that not only did the products not contain CEM3, but that CEM3 does not exist and is impossible to manufacture.

Rivera requests that this Court (1) certify a nationwide Rule 23(b)(2) class for injunctive relief; (2) certify a nationwide Rule 23(b)(3) unjust enrichment class; (3) certify a nationwide fraud Rule 23(b)(3) class; (4) certify a California Unfair Competition Law ("UCL") Rule 23(b)(3) class; (5) appoint Plaintiffs Michael Rivera and Dan Abell as representatives for the class; and (6) appoint Robinson, Calcagnie & Robinson and Call, Jensen & Ferrell as class counsel pursuant to Fed. R. Civ. P. 23(g). Rivera also seeks class certification under Rule 23(b)(2) and 23(b)(3) of a California class. (Not. of Mot. p. 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 07-1306 JVS (RNBx)              Date    November 13,  2008

Title    Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al.

II.    LEGAL STANDARD

All class actions in federal court must meet the following four prerequisites for
class certification:

> (1) the class is so numerous that joinder of all members is
> impracticable, (2) there are questions of law or fact common to
> the class, (3) the claims or defenses of the representative parties
> are typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the
> interests of the class.

Fed. R. Civ. P. 23(a).

In addition, a plaintiff must comply with one of three sets of conditions set forth
in Rule 23(b).  Under Rule 23(b)(1), a class may be maintained if there is either a risk
of prejudice from separate actions establishing incompatible standards of conduct or
judgments in individual lawsuits would adversely affect the rights of other members
of the class.  Under Rule 23(b)(2), a plaintiff may maintain a class where the
defendant has acted in a manner applicable to the entire class, making injunctive or
declaratory relief appropriate.  Finally, under Rule 23(b)(3), a class may be maintained
where common questions of law and fact predominate over questions affecting
individual members and where a class action is superior to other means to adjudicate
the controversy.

The decision to grant or deny class certification is within the trial court's
discretion.  Yamamoto v. Omiya, 564 F.2d 1319, 1325 (9th Cir. 1977).  In doing so, a
trial court is only required to form a reasonable judgment.  Blackie v. Barrack, 524
F.2d 891, 901 n.17 (9th Cir. 1975).  In this regard, "[t]he court is bound to take the
substantive allegations of the complaint as true, thus necessarily making the class
order speculative in the sense that the plaintiff may be altogether unable to prove his
allegations." Id.  The Court may require the parties to provide additional material
from which the Court may make an informed judgment as to each requirement of class
certification. Id.

III.    DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 07-1306 JVS (RNBx)                Date    November 13,  2008

Title    Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al.

A.    Is a Nationwide Class Action Appropriate?

Rivera requests that this Court certify a nationwide Rule 23(b)(3) unjust
enrichment class, a nationwide Rule 23(b)(3) fraud class, and a nationwide Rule
23(b)(2) class.  (Mot. p. 2.)

1.    Fraud and Unjust Enrichment:  the Application of California Law
Rivera first argues that the Court should apply California law to the unjust
enrichment and fraud claims pursuant to Rule 23(b)(3).  (Mot. p. 23.)  This Court
disagrees. __

In Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 818 (1985), the U.S.
Supreme Court explained that the Due Process Clause and the Full Faith and Credit
Clause require "that for a State's substantive law to be selected in a constitutionally
permissible manner, that State must have a significant contact or significant
aggregation of contacts, creating state interests, such that choice of its law is neither
arbitrary nor fundamentally unfair."  In the present case, Rivera has not alleged nor
has it provided any evidence that California has significant contacts to the out-of-state
claims asserted.

The Supreme Court also found that a court "must first determine whether [the
relevant state] law conflicts in any material way with any other law which could
apply.  There can be no injury in applying [the state's] law if it is not in conflict with
that of any other jurisdiction connected to this suit."  Id. at 816.  "A material conflict
must have a significant possible effect on the outcome of the trial to bring into play
choice of law rules."  Simon v. Philip Morris Inc., 124 F.Supp.2d 46, 71 (E.D.N.Y.
2000).

This Court finds that there are material conflicts between the California law of
unjust enrichment and fraud and the laws of the other states.  For example, Rivera
concedes that "most states allow fraud where the defendant knew the statement was
false or made it recklessly or with indifference to its truth while a small minority of
states require actual knowledge."  (Trial Plan, p. 3.)  In addition, BSN correctly argues
that there are further fine distinctions between states regarding the knowledge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 07-1306 JVS (RNBx)                    Date   November 13,  2008

Title   Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al.

requirement.  Under Alabama law, for example, the tort of fraudulent deceit "results from either a willful or reckless misrepresentation or suppression of material facts with an intent to mislead." Ford Motor Co. v. Sperau, 708 So. 2d 111, 116 n.1 (Ala. 1997).  Yet under Arizona and Mississippi law, knowledge of the misrepresentation's falsity or ignorance of its truth is required.  Enyart v. Transamerica Ins. Co., 195 Ariz. 71, 77 (Ariz. Ct. App. 1998); Great S. Nat'l Bank v. McCullough Env. Servs., Inc., 595 So.2d 1282, 1288-89 (Miss. 1992).

        Similarly, Rivera explained that a claim for unjust enrichment in twenty-two jurisdictions contains two elements including that (1) a benefit be conferred on defendant and (2) it would be unjust for the defendant to retain the benefit.  (Trial Plan, p. 4.)  Rivera also explains that twenty-five other states require that the defendant appreciated or knew of the benefit conferred and that the remaining four jurisdictions include a requirement that a plaintiff show (1) an absence of justification and (2) an absence of remedy at law.  (Id. at 5.)  This Court finds that these differences are material in that they could have a significant possible effect on the outcome of the trial.  Rivera argues that these differences are not material because they can be managed with appropriate subclasses and jury instructions.  (Reply p. 15.)  As discussed below, however, this Court finds that Rivera has not met its burden to show that the differences are manageable.

        Therefore, this Court declines to apply California law to a nationwide unjust enrichment and fraud class pursuant to Rule 23(b)(3).

            2.      Fraud and Unjust Enrichment:  the Application of the Laws of the
                    50 States

        Rivera also argues that if California law is not applicable, the Court should apply the laws of the 50 states to a nationwide unjust enrichment and fraud class pursuant to Rule 23(b)(3).

        Rule 23(b)(3) states that a class action may be certified where common questions of law and fact predominate over questions affecting individual members and where a class action is superior to other means to adjudicate the controversy. Rivera, as the party seeking class certification, bears the burden of showing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 07-1306 JVS (RNBx) | Date | November 13, 2008 |

| | |
|---|---|
| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. |

predominance and superiority.  Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180, 1189 (9th Cir. 2001).  Rivera argues that predominance is not destroyed and the case is still manageable as a class action despite the application of the laws of all 50 states.  (Reply pp. 8-10, 14.)  This Court disagrees.

As discussed above, there are material differences among the 50 states with regard to the law of unjust enrichment and fraud.  The Ninth Circuit has found that "when more than a few state laws differ, [the] court would be faced with [the] impossible task of instructing [the] jury on [the] relevant law."  Zinser, 253 F.3d at 1189  (quoting In re American Medical Systems, Inc., 75 F.3d 1069, 1085 (6th Cir. 1996).  In this case, there are relevant legal differences among several states.

Rivera claims that these differences may be managed through subclasses and jury instructions.  (Mot. p. 23.)  However, Rivera has failed to provide the Court with sufficient details regarding these subclasses and instructions.  The Zinser court explained that the plaintiffs in the Telectronics case "simply assert[ed] that any nuances or differences in state law that do exist '[could] be handled by the creation of subclasses and separate jury interrogatories.'  The [p]laintiffs, however, bear the burden of establishing appropriate subclasses and demonstrating that each subclass meets the Rule 23 requirements . . . The Plaintiffs must come forward with the exact definition of each subclass, its representatives, and the reasons each subclass meets the prerequisites of Rule 23(a) and (b)."  Zinser, 253 F.3d at 1190 (citing In re Telectronics Pacing Systems, Inc., 172 F.R.D. 271 (S.D. Ohio 1997)).  Rivera's trial plan surveys and charts legal differences between states but does not propose specific subclasses.  Therefore, Rivera has not met its burden of demonstrating "a suitable and realistic plan for trial of the class claims."  See Zinser, 253 F.3d at 1189.

Moreover, in determining superiority under Rule 23(b)(3), courts must consider four factors.  Id. at 1190.  The fourth factor is "the difficulties likely to be encountered in the management of a class action."  Fed. R. Civ. P. 23(b)(3)(D).  Given the complexity of applying the differing legal standards implicated in this case, this Court finds that a nationwide class action treatment is not the "superior" method of

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 07-1306 JVS (RNBx)                    Date    November 13,  2008

Title    Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al.

adjudication.[1]

     Accordingly, this Court declines to certify a nationwide Rule 23(b)(3) unjust enrichment or fraud class.

     3.     A Nationwide 23(b)(2) Class

     Rivera requests that this Court certify a nationwide Rule 23(b)(2) class but has not specifically stated the substantive legal theory that would support such a class. (See Mot. p. 2.)  Given that Rivera requests a California class with respect to the UCL claim and that injunctive relief is not applicable to a claim for unjust enrichment, the Court assumes that Rivera seeks a nationwide Rule 23(b)(2) fraud class.

     Pursuant to Rule 23(b)(2), a class action is proper where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2).  To fall within Rule 23(b)(2), the defendant's conduct must be generally applicable to the class, meaning the defendant has adopted a pattern or policy that is likely to be the same as to all class members.  Baby Neal v. Casey Co., 43 F.3d 48, 52, 63-64 (3d Cir. 1994). Additionally, class certification under Rule 23(b)(2) is not appropriate where the relief relates "exclusively or predominantly to money damages."  Nelsen v. King County, 895 F.2d 1248, 1255 (9th Cir. 1990).

     Rivera contends that BSN has acted on grounds applicable to all purchasers of the relevant products and thus final injunctive relief is appropriate.  (Mot. pp. 12-13.) The Court agrees with Rivera.  Rivera has alleged that BSN misrepresented that its products contained CEM3.  (Mot. p. 1.)  BSN's alleged misrepresentations on the bottle labels and through advertising are applicable to the class members who are all purchasers of the product.

---

     [1] The decision "whether to attempt to manage a class under differing laws is committed to the discretion of the trial court." In re Copley Pharm., Inc., 161 F.R.D. 456, 465 (D. Wyo. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 07-1306 JVS (RNBx)                    Date    November 13,  2008

Title    Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al.

In response, BSN argues that Rivera's main interest is in monetary damages and therefore certification under Rule 23(b)(2) is improper.  (Opp. p. 16.)  The Court finds, however, that Rivera's request for injunctive relief predominates over the request for monetary relief.  Given that it is unlikely that any named plaintiff or class member will recover more than a few hundred dollars, the Court presumes that the plaintiffs are primarily interested in injunctive relief.  Moreover, the Court's decision not to certify a nationwide Rule 23(b)(3) class leaves the theory of injunctive relief as the predominant one in terms of a nationwide class.

BSN also contends that Rivera seeks only monetary relief under the fraud claim and that this shows that Rivera is primarily interested in monetary relief.  (Opp. p. 17.)  This Court disagrees.  In the Prayer for Relief, Rivera requests "an injunction ordering [BSN] to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint."  (Compl. p. 14, ¶ 4.)  Rivera also requests "[a]ny and all such other and further relief that this Court may deem just and proper, including but not limited to punitive damages."  (Compl. p. 15, ¶ 9.)  This language is sufficiently broad to include a request for injunctive relief under the fraud claim.

BSN also argues that the request for injunctive relief is moot because BSN has changed its labels and reformulated its products.  (Opp. p. 16.)  However, Rivera has submitted evidence that retailers are still advertising CEM3 in its products.  (Rivera's Supp. p. 11; Folia Decl. Ex. 1.)  Moreover, the U.S. Supreme Court has held that "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot . . ."  United States v. W.T. Grant Co., 345 U.S. 629, 632-34 (1953).  Therefore, the Court finds that the request for an injunction is not moot.

Furthermore, the Courts finds that it is proper to apply the laws of the 50 states to the nationwide Rule 23(b)(2) fraud class.  Although manageability concerns preclude a nationwide Rule 23(b)(3) fraud class, the Ninth Circuit has held that Rule 23(b)(2) does not require a determination of manageability.  Elliot v. Weinberger, 564 F.2d 1219, 1229 (9th Cir. 1977), rev'd on other grounds, Califano v. Yamasaki, 442 U.S. 682 (1979).  Moreover, there are fewer manageability issues when the Court, rather than a jury, applies differing legal standards.  The Court, rather than a jury, will

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-1306 JVS (RNBx) | Date | November 13, 2008 |
|----------|--------------------------|------|-------------------|

| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. |
|-------|---------------------------------------------------------------------------------|

apply the laws of the 50 states in a claim for injunctive relief. Similarly, there is no requirement that common issues predominate for a Rule 23(b)(2) class. Walters v. Reno, 145 F.3d 1032, 1047 (9th Cir. 1998). It is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole. Id. As discussed above, Rivera has met this burden.

Accordingly, certification under Rule 23(b)(2) of a nationwide fraud class is appropriate. The Court grants Rivera's request to define the class as:

> All persons residing in the United States who, from November 6, 2003 to the date of certification, purchased any BSN product labeled as containing "Creatine Ethyl Ester Malate" or "CEM3," including but not limited to "Cellmass," "Nitrix," and "N.O.-Xplode" products.

(Mot. p. 5.)

### B.    Is a California Class Action Appropriate?

The Court now turns to the issue of whether to certify California unjust enrichment, fraud, and UCL classes. The Court first examines whether such classes would satisfy the prerequisites of Rule 23(a).

### Rule 23(a) Prerequisites

### 1.    Numerosity

There are several factors a court may consider in determining whether a plaintiff has satisfied the numerosity requirement. First, a court may consider whether the size of the class warrants certification. Gen. Tel. Co. of the Northwest, Inc. v. E.E.O.C., 446 U.S. 318, 330 (1980). Though there is no exact numerical requirement, a class of fifteen or fewer has been rejected. Id.; Harik v. California Teachers Ass'n, 326 F.3d 1042, 1051 (9th Cir. 2003). "Although the absolute number of class members is not the sole determining factor, where a class is large in numbers, joinder will usually be impracticable." Jordan v. Los Angeles County, 669 F.2d 1311, 1319 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). In Jordan, the Ninth Circuit determined that the proposed class sizes in that suit of 39, 64, and 71 were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 07-1306 JVS (RNBx)                    Date    November 13, 2008

Title    Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al.

large enough such that the other factors need not be considered.  Id.

Here, Rivera alleges that BSN sold millions of dollars worth of its products to millions of customers and that a significant portion of these customers and revenues were based on California sales.  (Rivera's Supp. p. 10.)  "Where 'the exact size of the class is unknown, but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied.'"  In re Abbott Laboratories Norvir Anti-Trust Litigation, 2007 WL 1689899, *6 (N.D.Cal. 2007).  If a significant portion of BSN's sales are based in California, common sense indicates that the California class would be large.  Therefore, the Court finds that the numerosity requirement is satisfied.

　　　　2.    Commonality

Rule 23(a)(2) requires that questions of law or fact be common to the class. This requirement is permissively construed.  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998).  "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  Id.

In this case, the facts and legal issues of each class member's claim are similar. There is a common core of salient facts across the class.  Common questions of fact include (1) whether BSN claimed that CEM3 was in every bottle, (2) whether CEM3 was present in the products as claimed, and (3) whether plaintiffs were damaged and if so the nature and amount of damages.  (See Mot. p. 1.)  Given that the Court will apply California law, there are clearly common questions of law as well. Accordingly, there is a common core of salient facts and legal issues.  Hanlon, 150 F.3d at 1019; see also Staton v. Boeing Co., 327 F.3d 938, 957 (9th Cir. 2003).  The Court therefore finds that the proposed class members share sufficient commonality to satisfy Rule 23(a)(2).

　　　　3.    Typicality

Under Rule 23(a)'s "permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."  Hanlon, 150 F.3d at 1020.  There must be a demonstration that the "named plaintiff's claim and the class claims are so interrelated that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-1306 JVS (RNBx) | | Date | November 13, 2008 |
|---|---|---|---|---|

| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. |
|---|---|

interests of the class members will be fairly and adequately protected in their absence. . . ." General Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 157 (1982).

Here, Michael Rivera and Dan Abells' claims are reasonably co-extensive with those of absent class members. The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992). Here, the named plaintiffs allege that they purchased and used BSN's products because they believed that the products contained CEM3. The same alleged misrepresentations are at issue - namely that the products contained CEM3. The named plaintiffs also allegedly suffered the same injury as the proposed class - the loss of the purchase price. The Court is not persuaded by BSN's arguments that an inconsistency in Rivera's testimony and the issue of whether the class members learned of CEM3 from the labels or from a variety of advertisements is sufficient to render the named plaintiffs unsuitable representatives. (See BSN pp. 14-15.)

BSN also argues that Michael Rivera and Dan Abell are not adequate class representatives because neither purchased Nitrix. (Opp. p. 15.) However, "the typicality requirement is not particularly strict and may be satisfied even where there are some factual dissimilarities between the claim of the class representative and the claims of other class members." Tylka v. Gerber Products Co., 178 F.R.D. 493, 500 (N.D. Ill. 1998). "Typicality requires the named Plaintiffs to demonstrate that their claims 'arise from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" Id. For example, in In re Prudential Ins. Co. America Sales Practices Litig. Agent Actions, 148 F.3d 283 (3d Cir. 1998), the court found that typicality was satisfied even though the class members alleged a wide variety of fraudulent sales practices. In the present case, the allegations are based on the same purported misrepresentations and on the same legal theories - fraud, unjust enrichment, and unfair competition.

The case of In re Industrial Diamonds Antitrust Litigation, 167 F.R.D. 374 (S.D.N.Y. 1996), is also instructive. The defendants argued that the named plaintiffs were not adequate representatives because they each "purchased only a tiny percentage of the products that defendants sold during the proposed class period and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-1306 JVS (RNBx) | Date | November 13, 2008 |
|---|---|---|---|

| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. |
|---|---|

therefore ha[d] no incentive to offer proof of the effect of the alleged conspiracy on those products that [they] did not purchase." <u>Id.</u> at 380. The court found, however, that the named plaintiffs were adequate representatives because the "crucial inquiry is not how many of defendants' products each plaintiff purchased, but rather whether each plaintiff has sufficient incentive to present evidence that will establish the existence of the alleged conspiracy." <u>Id.</u> The court also stated that "a strong similarity of legal theories will satisfy the typicality requirement despite substantial factual differences" between their respective claims. <u>Id.</u> at 379. In the present case, this Court finds that the named plaintiffs have sufficient incentive to establish the existence of the alleged misrepresentations and that the similarity of the legal theories at issue outweighs any factual differences.

Accordingly, the Court finds that Rivera meets the typicality requirement.

4.    <u>Fair</u> <u>and</u> <u>Adequate</u> <u>Representation</u>

Representation is adequate if (1) class counsel are qualified and competent and (2) the class representative and his or her counsel are not disqualified by conflicts of interest. <u>Lerwill</u> <u>v.</u> <u>Inflight</u> <u>Motion</u> <u>Pictures,</u> <u>Inc.</u>, 582 F.2d 507, 512 (9th Cir. 1978).

When certifying a class, a Court is required to appoint class counsel, unless a statute provides otherwise. Fed. R. Civ. P. 23(g)(1). Rivera seeks the appointment of Robinson, Calcagnie & Robinson and Call, Jensen & Ferrell as class counsel. (Mot. p. 2.) Rivera asserts that both law firms have extensive experience in complex and class action litigation. (<u>Id.</u> at 11; Robinson, Decl. ¶¶ 2-10; Hardin, Decl ¶ 3.) Rivera explains that over the last five years, Call, Jensen & Ferrell has participated in at least fifty class action lawsuits in California state and federal courts and has obtained over $140 million in verdicts and settlements for its clients over the past several years. (Hardin, Decl ¶ 4.) Rivera also asserts that its counsel have met with the named Plaintiffs and other putative class members, conducted extensive interviews, retained several experts, hired several laboratories to test Defendants' products, conducted substantial research regarding the legal issues, and thoroughly investigated the factual issues in this action. (Mot. p. 23.) The Court is not persuaded by BSN's arguments that the class counsel are not adequate based on inconsistencies in the consumer declarations and information regarding Goldberg's testimony. (<u>See</u> BSN's Supp. pp. 20-21.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 07-1306 JVS (RNBx)                    Date    November 13,  2008

Title    Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al.

Therefore, the Court finds that the proposed class counsel are qualified, competent, and have no known conflicts of interest.

Rule 23(a)(4) also requires that "the representative parties fairly and adequately protect the interests of the class." This requirement is to ensure that the named plaintiff and his or her counsel will pursue each class member's claim with sufficient "vigor." Hanlon, 150 F.3d at 1021; see also Crawford v. Honig, 37 F.3d 485, 487 (9th Cir. 1994). The class representatives may not have interests antagonistic to the remainder of the class. Lerwill, 582 F.2d at 512. In this case, BSN does not allege that the named representatives have interests antagonistic to the remainder of the class. As discussed above, the Court finds that the named representatives are sufficiently typical of the class members. Therefore, the Court finds that the named plaintiffs and their counsel will pursue the members' claims with adequate vigor.

The Court accordingly finds that the requirements of Rule 23(a) are satisfied with respect to the proposed classes.

## Rule 23(b)(3)

Having satisfied the prerequisites of Rule 23(a), the Court now turns to the issue of whether to certify California fraud, UCL, and unjust enrichment classes pursuant to Rule 23(b)(3). "Subdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Kamm v. Cal. City Dev. Co., 509 F.2d 205, 211 (9th Cir. 1975) (quoting Committee notes). A class action may be certified where common questions of law and fact predominate over questions affecting individual members and where a class action is superior to other means to adjudicate the controversy. Fed. R. Civ. P. 23(b)(3).

1.    Predominance

The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods. v. Windsor, 521 U.S. 591, 623 (1997). The Court must rest its examination on the legal or factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 07-1306 JVS (RNBx) | Date | November 13, 2008 |

| | |
|---|---|
| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. |

questions of the individual class members. <u>Hanlon</u>, 150 F.3d at 1022. "To determine whether common issues predominate, this court must first examine the substantive issues raised . . . and second inquire into the proof relevant to each issue." <u>Jiminez</u> v. <u>Domino's Pizza, Inc.</u>, 238 F.R.D. 741, 251 (C.D. Cal. 2006) (citing <u>Simer</u> v. <u>Rios</u>, 661 F.2d 655, 672 (7th Cir. 1981)).

The primary point of disagreement between the parties with regard to the question of predominance is the issue of whether Rivera can demonstrate that the class as a whole relied on BSN's alleged misrepresentations.[2] BSN argues that individual issues of reliance and causation predominate over any common questions. (Opp. p. 17.)

This Court finds, however, that common questions of law and fact predominate over individual questions of reliance. In <u>Vasquez</u> v. <u>Superior</u> Court, 4 Cal. 3d 800, 814 (1971), the California Supreme Court found that if the plaintiffs "can establish without individual testimony that the representations were made to each plaintiff and that they were false, it should not be unduly complicated to sustain their burden of proving reliance thereon as a common element." BSN suggests that the representations were not necessarily "made" to each plaintiff because the purchasers may not have all seen the advertisements promoting CEM3. (Opp. p. 9.)

At this stage, however, the Court need not determine whether BSN in fact made false representations to each plaintiff. <u>See</u> <u>Blackie</u>, 524 F.2d at 901 n.17. The Court need only form a reasonable judgment as to this issue. <u>Id.</u> Here, Rivera has provided sufficient evidence to demonstrate that he may be able to prove the false representations at trial. Rivera has alleged that the product labels listed CEM3 as an ingredient. (Mot. p. 1.) These labels alone would constitute written representations to purchasers. Rivera has provided declarations from 46 individuals stating that they relied on the alleged misrepresentations.[3] This tends to indicate that the

---

[2] Neither party disputes that reliance is a required element of a fraud claim. The parties disagree as to whether reliance must be shown under the UCL and for a claim of unjust enrichment. Because the Court finds that individual issues of reliance do not predominate, the Court need not consider this matter.

[3] The Court is not persuaded that it should discount the declarations based on questions raised by BSN with regard to 5 of the declarations. (See BSN's Supp. pp. 6-10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 07-1306 JVS (RNBx) | Date | November 13, 2008 |

| | |
|---|---|
| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. |

representations were made and the plaintiffs actually saw and considered them.
Rivera has also provided evidence of a wide-spread advertising campaign which
claims that CEM3 is a superior form of creatine.  This suggests that the purchasers
were aware of the representations through a combination of the labels and
advertisements.  Finally, Rivera has provided sufficient evidence that the products did
not contain CEM3 to create a genuine issue for the trier of fact as to this issue.

Moreover, in In re First Alliance Mortgage Co., 471 F.3d 977, 989-91 (9th Cir.
2006), the Ninth Circuit upheld the district court's class certification of borrowers
alleging fraud.  The defendant, First Alliance, argued that class certification was
inappropriate because each class member would be required to demonstrate that First
Alliance's representations "were conveyed to borrowers in a uniform manner and that
the uniform misrepresentations came directly from the written, standardized sales
pitch."  Id. at 990.  Rejecting First Alliance's argument, the Ninth Circuit found that it
"is the underlying scheme which demands attention.  Each plaintiff is similarly
situated with respect to it, and it would be folly to force each bond purchaser to prove
the nucleus of the alleged fraud again and again."  Id. at 991.  The relevant test is
whether fraud claims stem from a "common course of conduct."  Id. at 990 (quoting
Blackie, 524 F.2d at 902) ("Confronted with a class of purchasers allegedly defrauded
over a period of time by similar misrepresentations, courts have taken the common
sense approach that the class is united by a common interest in determining whether a
defendant's course of conduct is in its broad outlines actionable, which is not defeated
by slight differences in class members' positions").

As discussed above, Rivera has provided sufficient evidence for the trier of fact
to reasonably conclude that BSN had an underlying scheme of promoting CEM3 as a
superior form of creatine.  As evidence of such an underlying scheme, Rivera points to
an email from Ferguson to JNC in which Ferguson states:

> If this new compound [CEM3] is possible (and can be done in a quick time
> frame), I can market this new compound better than creating ethyl ester, and we
> can capitalize at the right time.  We could make [CEM3] the most popular form
> of creatine for years to come . . .

(Reply p. 10; Wilson Decl. Ex. 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 07-1306 JVS (RNBx)                    Date   November 13,  2008

Title   Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al.

Thus, In re First Alliance Mortgage Co. stands for the proposition that it is not necessary for the Court to determine whether misrepresentations were made with precise uniformity to every purchaser of the BSN products.

Furthermore, with regard to reliance, the Vasquez Court explained that:

> The rule in this state and elsewhere is that it is not necessary to show reliance upon false representations by direct evidence.  The fact of reliance upon alleged false representations may be inferred from the circumstances attending the transaction which oftentimes afford much stronger and more satisfactory evidence of the inducement which prompted the party defrauded to enter into the contract than his direct testimony to the same effect. . . .
> The requirement that reliance must be justified in order to support recovery may also be shown on a class basis. If the court finds that a reasonable man would have relied upon the alleged misrepresentations, an inference of justifiable reliance by each class member would arise. It should be noted in this connection that a misrepresentation may be the basis of fraud if it was a substantial factor in inducing the plaintiff to act and that it need not be the sole cause of damage.[4]

Vasquez, 4 Cal. 3d at 972, 973 n.9 (internal quotations omitted; emphasis supplied).

Rivera has provided sufficient circumstantial evidence at this point for the Court to find that the trier of fact might reasonably infer that the plaintiffs relied on false representations.  In addition to the labels, advertising campaign, and declarations,[5] Rivera has put forth evidence that the year after BSN starting advertising CEM3 in its products, sales of Cellmass increased 1,578%, sales of Nitrix

---

[4]  BSN's argument that the consumers purchased the products based on a variety of factors is not relevant so long as Rivera can demonstrate at trial that the alleged misrepresentations were a substantial factor in inducing the plaintiffs to purchase the products.  (See Opp. pp. 10-11.)

[5]  The Court also notes that Professor Goldberg has asserted that BSN made CEM3 a "key differentiator" in consumers' decisions to purchase BSN's products.  This Court need not address BSN's claims that Goldberg's declarations are not valid because the Court is not relying on Goldberg's testimony in reaching its class certification decision.  (See BSN's Supp. pp. 16-17.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-1306 JVS (RNBx) | Date | November 13, 2008 |
|---|---|---|---|

| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. |
|---|---|

increased 512%, and sales of N.O.-Xplode increased 177%. (Reply p. 10; Wilson Decl. Ex. 9, Nos. 19-20.) The trier of fact might reasonably infer that the sales increase was due to BSN's representations regarding CEM3.[6]

In addition, the court finds that a jury could conclude that a reasonable person presented with a label listing CEM3 and/or advertisements regarding the superiority of CEM3 would have relied on those representations. Therefore, if the trier of fact finds that such representations were in fact made to the plaintiffs, an inference of justifiable reliance by each class member would arise. Thus, the Court cannot assume at this point that Rivera will not be able to establish reliance without the separate testimony of each individual plaintiff.

BSN argues in response that the Court should instead rely on <u>Poulos</u> v. <u>Caesars World, Inc.</u>, 379 F.3d 654, 664-66 (9th Cir. 2004), for the argument that the need for individual factual determinations respecting reliance on alleged misrepresentations would require thousands of mini-trials, and therefore make class certification inappropriate here. In <u>Poulos</u>, the Ninth Circuit affirmed the district court's denial of class certification on the basis that individual reliance issues would predominate over common questions were the parties to litigate the case as a class action. <u>Id.</u> at 664. <u>Poulos</u> concerned a proposed class of video poker machine users, who alleged that they were induced into using the machines with misrepresentations regarding the likelihood of winning. <u>Id.</u> at 659-662.

<u>Poulos</u> is inapposite. That case's reasoning, with respect to the predominance issue, focused on the peculiar nature of a civil RICO claim, and the unusual context of gambling:

> <u>Due to the unique nature of gambling transactions and the allegations underlying the class claims</u>, this is not a case in which there is an obvious link between the alleged misconduct and harm. Rather, linking the Casinos' alleged misrepresentations to plaintiffs' losses requires forging a

---

[6] BSN argues in response that sales following the removal of CEM3 from the product formulas remain robust and have reached record-breaking levels. (Opp. p. 11.) Removing CEM3 from the formulas, however, is not necessarily strong evidence that consumers did not rely on the labels and advertising campaign when they purchased the products.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 07-1306 JVS (RNBx) | Date | November 13, 2008 |

| | |
|---|---|
| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. |

> chain of inferences that, viewed together, amount to individualized
> reliance. . . . [G]ambling is not a context in which we can assume that
> potential class members are always similarly situated here. . . Thus to
> prove proximate causation in this case, an individualized showing of
> reliance is required. . . [W]e note that our holding is both narrow and
> case-specific, and that we have been careful to frame the controlling issue
> in terms of causation, not reliance. . . As the unique facts of this case
> demonstrate, "the infinite variety of claims that may arise make it
> virtually impossible to announce a black-letter rule that will dictate the
> result in every case."

Id. at 665 (emphasis supplied).  For the reasons described above, the chain of causal
reasoning required here is not nearly so attenuated, nor are the alleged
misrepresentations as various or ambiguous.

BSN also contends that Poulos stands for the proposition that any presumption
of reliance applies only in cases primarily involving a failure to disclose rather than
affirmative representations.  This Court finds, however, that Vasquez, rather than
Poulos, controls.  The issue here is the reliance element of a fraud claim under
California state law.  Therefore, the California Supreme Court decision in Vasquez,
rather than a federal case interpreting a RICO claim, is binding precedent.  The Court
also notes that Vasquez involved an affirmative misrepresentation and not a failure to
disclose.  Moreover, even if Poulos is controlling and no presumption of reliance
applies, the Court finds that Rivera may be able to demonstrate class-wide reliance
through circumstantial evidence as discussed above.

BSN also points to a variety of other cases in an attempt to distinguish Vasquez
and to demonstrate that Rivera must show individual reliance.  In Caro v. Proctor &
Gamble Co., 18 Cal. App. 4th 644, 652 (1993), the Court denied plaintiff's motion for
class certification based on allegedly false statements on orange juice labels.  The
court found that the plaintiff's claims were not typical of those class members because
the plaintiff did not allege that he thought the orange juice was fresh, yet the
complaint alleged that the class believed that the juice was fresh.  Id. at 664.  In the
present case, the named plaintiffs allege that they purchased products in reliance on
the representation that the products contained CEM3.  (Mot. p. 9.)  The complaint in
this case alleges that the class made purchases based on the same faulty belief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 07-1306 JVS (RNBx)                    Date   November 13,  2008

Title    Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al.

(Compl. ¶¶ 5-6.)

The <u>Caro</u> court further found that the plaintiff did not meet his burden to show that class treatment would have substantially benefitted both the litigants and the court.  <u>Caro</u>, 18 Cal. App. 4th at 657, 660.  The court emphasized that any benefits to the litigants would be minimal or nonexistent because individual claims were based on purchases of at most $3 for orange juice.  <u>Id.</u>  The court explained that a class action would likely not benefit the courts because given the insignificant potential individual benefit, it was highly unlikely that the court would face a "glut of" individual cases. <u>Id.</u> at 657.  The court also found that a class action did not contravene the policies of disgorgement or deterrence because of other proceedings that were going on regarding the same alleged misrepresentations.  <u>Id.</u> at 660.

In the present case, however, Rivera alleges that the plaintiffs each lost $50 or more.  (Mot. p. 2.)  Given that the court in <u>Caro</u> characterized the issue of predominance in that case as a "close one," it is significant that the products at issue in this case are worth substantially more than the $3 purchases at issue in <u>Caro</u>.  <u>Caro</u>, 18 Cal. App. 4th at 667.  In contrast to <u>Caro</u>, the Court in this case is also unaware of any other current proceedings addressing the alleged misrepresentations.  Therefore, <u>Caro</u> lends supports to this court's finding.

BSN also points to <u>Gonzalez v. Proctor & Gamble Co.</u>, 247 F.R.D. 616, 623 (S.D. Cal. 2007), in support of its argument.  In <u>Gonzalez</u>, a consumer brought a claim alleging that a company falsely represented that its hair products were effective for strengthening hair and moved for class certification.  <u>Id.</u> at 619-20.  The district court found that individual reliance issues predominated.  <u>Id.</u> at 624.  The court explained that in <u>Poulos</u>, the court found that a presumption of reliance typically is only permitted in securities fraud cases, and only in cases based on omissions.  <u>Id.</u> at 623. As discussed above, this Court declines to apply this standard.

The court in <u>Gonzalez</u> also found that <u>Vasquez</u> was not controlling because in <u>Vasquez</u>, plaintiffs could demonstrate that the same representations were made to each class member by showing that salesmen memorized a standard statement and recited the same rote to every member of the class.  <u>Id.</u> at 623-24.  The court explained that in <u>Gonzalez</u>, class members received a variety of different representations from defendant, some of which made hair strengthening claims and some which did not.  <u>Id.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-1306 JVS (RNBx) | Date | November 13, 2008 |
|---|---|---|---|

| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. |
|---|---|

at 624. However, in the present case, the alleged misrepresentations are not as various or as ambiguous as assertions of "hair strength." Here, the plaintiffs allege that the product labels listed CEM3 as an ingredient. This comes closer to the standardized statements in Vasquez than do generalizations about hair strength. Also, the Gonzalez court did not specifically state whether each hair care product label claimed hair strengthening properties. In the present case, Rivera alleges that "every bottle" of Cellmass, Nitrix, and N.O.-Xplode carries a label proclaiming that the product contains CEM3. (Mot. p. 1.) Therefore, this Court declines to follow the ruling in Gonzalez.[7]

BSN also cites to Osborne v. Subaru of Am., Inc., 198 Cal. App. 3d 646, 661 (1988), in support of its argument. (BSN's Supp. p. 4.) In Osborne, the court found that unlike in Vasquez and Occidental Land, plaintiffs failed to show that representations were made to each class member. Id. at 660-61; see Occidental Land v. Superior Court, 18 Cal. 3d 355, 363 (1976). The Osborne court points out that, in contrast, written representations were made to each class member in Occidental Land and that the Court in Vasquez determined that identical oral representations were made to the class members. Osborne, 198 Cal. App. 3d at 660-61. Indeed, in Occidental Land, the California Supreme Court upheld a class certification where buyers relied on a written report. Occidental Land, 18 Cal. 3d at 363. Similarly, the court in Gibbs Properties Corp. v. Cigna Corp., 196 F.R.D. 430, 440 (2000), explained that "class certification has generally been rejected in fraud cases where the alleged misrepresentations were oral, due to the predominance of individual reliance issues," but that "certification can be appropriate where the misrepresentations have been in writing." In the present case, Rivera alleges that written representations were made to each class member in the form of a label in conjunction with a pervasive advertising campaign. Therefore, Osborne is distinguishable.[8]

Finally, the Court notes that "[t]he fact that questions particular to each individual member of the class may remain after the common questions have been

---

[7] The Court also notes that Gonzalez is not binding precedent.

[8] BSN also points to several other cases which are distinguishable because they do not involve written representations to every class member. (Opp. p. 19.) In the present case, Rivera alleges that every bottle contained a label with the alleged misrepresentation. (Mot. p. 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-1306 JVS (RNBx) | Date | November 13, 2008 |

| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. |

resolved does not dictate the conclusion that a class action is not permissible." <u>Gibbs Properties Corp.</u>, 196 F.R.D. at 440. Thus, to the extent that there are individual questions, common questions nevertheless predominate. As discussed above, common questions of fact include (1) whether BSN claimed that CEM3 was in every bottle, (2) whether CEM3 was present in the products as claimed, and (3) whether plaintiffs were damaged and if so the nature and amount of damages. (<u>See</u> Mot. p. 1.) Given that the Court will apply California law, common questions of law clearly predominate. The Court accordingly finds that common questions of law and fact predominate over individual differences between proposed members of the class with regard to a California fraud, UCL, and unjust enrichment class.

        2.    <u>Superiority</u>

Next, the Court must consider if a class action is superior to individual suits. <u>Amchem</u>, 521 U.S. at 615. "A class action is the superior method for managing litigation if no realistic alternative exists." <u>Valentino</u> <u>v.</u> <u>Carter-Wallace,</u> <u>Inc.</u>, 97 F.3d 1227, 1234-35 (9th Cir. 1996). The following matters are pertinent to the finding of superiority:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in a particular forum; (D) the difficulties likely to be encountered in the management of the litigation.

Fed. R. Civ. P. 23(b)(3)(A)-(D).

First, this Court notes that no realistic alternative exists in this case and that class members would likely prefer to pursue this matter as a class action given that the products sell for approximately $50. This is likely not substantial enough to warrant individual actions. Second, this Court is not aware of any other litigation currently pending against BSN on this matter. Third, this is an appropriate forum for the litigation. Fourth, the Court concludes that a California class action pursuant to Rule 23(b)(3) is manageable. The Court will apply California law uniformly and, as discussed above, common factual issues predominate. Therefore, this Court concludes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 07-1306 JVS (RNBx)                Date   November 13,  2008

Title      Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al.

that a class action is superior to individual suits.

Accordingly, Rivera has fulfilled the requirements of Rule 23(b)(3) with regard to California fraud, unjust enrichment, and UCL classes.  The Court grants River's request to define the class as including:

> All persons residing in the State of California who, from November 6, 2003 to the date of certification, purchased any BSN product labeled as containing "Creatine Ethyl Ester Malate" or "CEM3," including but not limited to "Cellmass," "Nitrix," and "N.O.-Xplode" products.

(Mot. p. 5.)

C.    Ferguson's Liability

_____    BSN argues that Rivera has not alleged any facts to support class certification as to Christopher Ferguson ("Ferguson").  (Opp. p. 24.)  This Court disagrees.  Rivera has provided the Court with a list of fourteen different points suggesting that Ferguson may reasonably be held liable by the trier of fact.  (Reply pp. 21-22.)  Moreover, the Court stated the following in its Order denying Ferguson's Motion to Dismiss for lack of personal jurisdiction dated February 1, 2008:

> "A corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf."  Coastal Abstract Service, Inc. v. First American Title Ins. Co.,173 F.3d 725, 734 (9th Cir. 1999).  Rivera's complaint names Ferguson as a defendant in his individual capacity, and alleges that he "is the founder, Chief Executive Officer, and President of BSN," as well as "a managing agent and/or principal of or in defendant BSN."  (Compl. ¶ 10.)  Claim one alleges that the "Defendants," (a term which clearly includes Ferguson) "reaped substantial profits by misrepresenting and/or concealing" facts regarding BSN's products.  (Id. ¶ 31).  Further, the fraud allegations in claim two state that the "Defendants" made "material misrepresentations" regarding BSN's products to consumers.  (Id., ¶¶ 35-36.)  These claims are sufficient to demonstrate that Ferguson could be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 07-1306 JVS (RNBx)                     Date   November 13,  2008

Title      Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al.

_____

subject to individual liability for his role in the allegedly fraudulent
scheme.

(February 1, 2008 Order, pp. 5-6 (emphasis supplied).)

Therefore, this Court finds that Rivera has provided sufficient evidence demonstrating
that Ferguson should be included as a defendant in this action.

D.    Motion to Exclude Expert Declarations of Richard Chamberlin & Jonathan
      Vennerstrom

      BSN moves to exclude the expert declarations of Richard Chamberlin
("Chamberlin") and Jonathan Vennerstrom ("Vennerstrom") pursuant to Federal Rule
of Evidence 702 and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).
BSN argues that:  (1) Chamberlin is not qualified to opine on creatine because he lacks
the requisite knowledge, skill, experience, training, and education; (2) Chamberlin's
opinions are not supported by reliable scientific analysis or methodology; and (3)
Vennerstrom's opinions are not supported by reliable scientific analysis or
methodology.  (Mot. to Excl. p.1.)

      1.    Legal Standard

      Rule 702 governs the admission of expert testimony, a decision in which the
Court has "broad latitude."  Elsayed Mukhtar v. Cal. State Univ., Hayward, 299
F.3d 1053, 1064 (9th Cir. 2002).  Under Rule 702, in order for expert testimony to
be admissible, the party offering such evidence must show it to be both reliable
and relevant.  Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999); Daubert
v. Merrell Dow Pharms., Inc., 509 U.S. 579, 590-91 (1993).

      Specifically, Rule 702 permits expert testimony if "(1) the testimony is
based on sufficient facts or data; (2) the testimony is the product of reliable
principles and methods; and (3) the witness has applied the principles and methods
reliably to the facts of the case."  Fed. R. Evid. 702.  In addition, the Court must
determine whether the expert testimony fits the facts of the case and will assist the
trier of fact.  Daubert, 509 U.S. at 591-92.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 07-1306 JVS (RNBx)                    Date   November 13, 2008

Title     Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al.

"In <u>Daubert</u>, the Supreme Court gave a non-exhaustive list of factors for determining whether scientific testimony is sufficiently reliable to be admitted into evidence, including: (1) whether the scientific theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether there is a known or potential error rate; and (4) whether the theory or technique is generally accepted in the relevant scientific community." <u>Domingo</u> ex <u>rel.</u> <u>Domingo</u> v. <u>T.K.</u>, 289 F.3d 600, 605 (9th Cir. 2002).

2.    <u>Discussion</u>

BSN argues that Chamberlin is not qualified to opine on creatine because he is not an expert on creatine, has no experience working with creatine, has never done any research on creatine, and has never published on the subject of creatine. (Mot. to Excl. p. 13.) This Court disagrees.

In order to testify as an expert, a witness must be qualified by "knowledge, skill, experience, training, or education." <u>See</u> Fed. R. Evid. 702. The question is whether the witness is "qualified in the <u>specific</u> subject for which the testimony is offered." <u>Whiting</u> v. <u>Boston</u> <u>Edison</u> <u>Co.</u>, 891 F. Supp. 12, 24 (D. Mass. 1995). Professor Chamberlin recently served as the Chair of the Chemistry Department at the University of California, Irvine and is currently a tenured professor and researcher there. (Chamberlin, Decl. ¶ 4.) Rivera asserts that although Chamberlin is not an expert on creatine, he is "one of the foremost experts in the study of small molecules and what they contain or could possibly contain." (Opp. to Mot. to Excl. p. 5.) In his deposition, Chamberlin explained that he is "an expert in analyzing molecules like creatine" and that he is "an expert at knowing whether something is in there or not." (Chamberlin Depo. 27:6-28:13.) He is testifying as to whether a particular product contains CEM3 and is therefore testifying according to his expertise.

Next, BSN argues that Chamberlin's opinion that there was never any CEM3 in any BSN products sold to customers is not supported by reliable scientific analysis or methodology. (Mot. to Excl. p. 10.) BSN contends that Chamberlin did not conduct any independent research and supports his opinion only with one article from the 1950s he found online, one email from BSN, a review of BSN's patent application, and one page of Chris Ferguson's deposition transcript. (<u>Id.</u> at 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 07-1306 JVS (RNBx)                    Date    November 13,  2008

Title    Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al.

Chamberlin testified, however, that "if the method outlined in the patent was used in an attempt to make CEM3, it almost certainly would produce none" and that "[y]ou'd get a mixture of creatinine and creatine." (Chamberlin Depo. 34:2-36:4.) BSN has not provided the Court with sufficient reason to assume that Chamberlin did not properly rely on the information listed above or that Chamberlin did not also bring his experience and expertise to bear in forming his opinion.

BSN also argues that it is improper to assume that every one of BSN's products did not contain CEM3 over a period of four years based solely on the testing of a limited number of samples. (Mot. to Excl. p. 1.) At his deposition, Chamberlin conceded that he did not believe that the evidence necessarily establishes that BSN's products <u>never</u> contained CEM3. (Chamberlin Depo. 76:10-14) The Court may elect to so limit Chamberlin's testimony at trial. This is, however, not relevant to the issue of class certification. The Court considers only Chamberlin's testimony regarding specific tests and samples for class certification purposes.

In addition, BSN argues that Vennerstrom's opinion that there was never any CEM3 in any BSN products sold to customers is not supported by reliable scientific analysis or methodology. (Mot. to Excl. p. 14.) BSN points out that "Vennerstrom claims to have tried following the CEM3 patent application . . . but out of the 17 processes described in the patent application, he selected just one, and the one he chose involved fumeric acid, not malic acid which is used to make CEM3." (<u>Id.</u> at 7.) However, Vennerstrom testified that:

Because to form CEM3, one would first have to form the free base of creatine ethyl ester. And to do that you would probably start with the hydrochloride salt. In so doing, unfortunately, what instead happens is cyclization to form creatinine. So they you really – it's really not possible to access or to form the creatine ethyl ester free base from which one would form these various salts, such as the salt with malic acid, which is the claimed structure for CEM3.

<u>[I]t is impossible to form the free base of creatine ethyl ester. Since you cannot form the free base, it is therefore not possible to make various salts out of the free base.</u>

(Vennerstrom Depo. 47:5-53:15; emphasis supplied).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 07-1306 JVS (RNBx) | Date | November 13, 2008 |

| | |
|---|---|
| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. |

Vennerstrom testified that he based his opinion on his interpretation of a variety of laboratory test results produced by BSN and on his own test in which he followed the process described in the patent application filed by BSN.  (Vennerstrom Decl. ¶ 7; Vennerstrom Depo. 48:9-49-13, 62:6-65:18, 75:2-24, Hardin Decl. Ex. D).  The Court finds that Vennerstrom's interpretation of these test results in combination with his experience and expertise provides an adequate basis for his opinion.

BSN also claims that Vennerstrom's testimony is the product of financial bias. (Mot. to Excl. p. 15.)  BSN has not provided sufficient evidence for the Court to exclude Vennerstrom's testimony on this basis.  BSN is free to attempt to impeach Vennerstrom's testimony at trial.

Therefore, this Court denies BSN's request to exclude the declarations of Chamberlin and Vennerstrom.


IV.    <u>CONCLUSION</u>

For the aforementioned reasons, the Court certifies the following classes pursuant to Federal Rule of Civil Procedure 23:

(1)    a nationwide Rule 23(b)(2) fraud class for injunctive relief

(2)    a California Rule 23(b)(3) UCL class

(3)    a California Rule 23(b)(3) fraud class

(4)    a California Rule 23(b)(3) unjust enrichment class


The Court also appoints Plaintiffs Michael Rivera and Dan Abell as representatives for the above classes.   Finally, the Court appoints Robinson, Calcagnie & Robinson and Call, Jensen & Ferrell as class counsel pursuant to Fed. R. Civ. P. 23(g).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 07-1306 JVS (RNBx)                    Date    November 13,  2008

Title    Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al.

|     | 1 | : | 20 |
|-----|---|---|----|

Initials of Preparer        kjt