| | | | |
|---|---|---|---|
| Case No. | SACV 07-1306 JVS (RNBx) | Date | July 6, 2009 |
| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Nancy K. Boehme | Jane Sutton |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** Plaintiff's Motion for Preliminary Approval of Class Action Settlement (filed 06/15/09)

Cause called and counsel make their appearances. The Court's tentative ruling is issued. The Court GRANTS plaintiff's motion for preliminary approval of class action settlement and rules in accordance with the tentative ruling as follows:

Plaintiffs Michael Rivera et al. ("Rivera") move for an order granting preliminary approval of their class action settlement with Defendants Bio-Engineered Supplements & Nutrition, Inc. et al. ("BSN"). The motion is granted.

I. BACKGROUND

BSN develops, manufactures, and sells nutritional supplements. Rivera alleged that BSN sold tens of thousands of bottles of Cellmass, Nitrix, and N.O.-Xplode based on false labels and false advertising. Rivera alleged that BSN proclaimed that its products contain a supposedly new and improved form of creatine called "Creatine Ethyl Ester Malate" or "CEM3." Rivera claimed that not only did the products not contain CEM3, but that CEM3 does not exist and is impossible to manufacture.

On November 13, 2008, this Court certified: (1) a nationwide injunctive relief class for fraud pursuant to FRCP 23(b)(2): (2) a California-wide damages class for fraud pursuant to FRCP 23(b)(3); (3) a California-wide damages/restitution class for unjust enrichment pursuant to FRCP 23(b)(3); and (4) a California-wide damages/restitution class for violation of the UCL pursuant to FRCP 23(b)(3). The Court declined to certify nationwide damage/restitution classes for fraud and unjust enrichment, finding that Rivera had not met the burden of proving manageability given differences in the laws of

the fifty states.

On April 8, 2009, the parties signed a Memorandum of Understanding and on June 5, 2009, the parties signed a settlement agreement (the "Settlement"). Rivera now requests that this Court: (1) provisionally certify the proposed settlement class; (2) grant preliminary approval of the proposed Settlement; (3) approve the proposed notice plan and forms of notice; and (4) schedule a formal fairness hearing on final settlement approval on or after October 12, 2009.

II.     LEGAL STANDARD

Approval of a proposed settlement may be granted "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The private consensual agreement negotiated by the parties is entitled to deference, and the Court's role "is limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." Officers for Justice v. Civil Serv. Comm'n, 688 F.2d 615, 625 (9th Cir. 1982). The settlement as a whole, rather than its component parts, is the proper level of inquiry. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). "The settlement must stand or fall in its entirety," and the Court may not delete, modify, or rewrite particular provisions. Id. "Settlement is the offspring of compromise; the question . . . is not whether the final product could be prettier, smarter, or snazzier, but whether it is fair, adequate, and free from collusion." Id. at 1027.

In assessing a proposed settlement, the Court must consider a number of factors, including: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003); Hanlon, 150 F.3d at 1026. "Ultimately, the district court's determination is nothing more than an amalgam of delicate balancing, gross approximations and rough justice." Officers for Justice, 688 F.2d at 625 (internal quotations and citation omitted).

III. DISCUSSION

    A.    Preliminary Class Certification

Rivera requests that this Court provisionally certify the proposed settlement class, defined approximately as follows:

> Settlement Class includes all persons who purchased BSN's products purporting to contain CEM3 (Cellmass, Nitrix, and N.O.-Xplode) in the United States, its territories, or at any United States military facility or exchange for personal use and not for resale from November 6, 2003, through the date of preliminary approval. Excluded from the Settlement Class are: (1) all persons who validly opt out of the settlement in a timely manner; (2) counsel of record (and their respective law firms) for the parties; (3) the presiding judge in the case; (4) anyone who entered into a release with Defendants regarding the CEM3 products prior to the effective date of the Settlement; and (5) any one who received compensation from Defendants to endorse the CEM3 products. All class actions in federal court must meet the following four prerequisites for class certification:

(Hardin Decl., Ex. A, p. 3.)

Although somewhat unclear, it appears that Rivera is requesting that, in addition to the classes previously certified, the Court certify nationwide damages classes under Federal Rule of Civil Procedure 23(b)(3) for fraud and unjust enrichment. (Mot. p. 24.)

All class actions in federal court must meet the following four prerequisites for class certification:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 07-1306 JVS (RNBx)                    Date   July 6, 2009

Title   Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al.

In addition, a plaintiff must comply with one of three sets of conditions set forth in Rule 23(b). Under Rule 23(b)(1), a class may be maintained if there is either a risk of prejudice from separate actions establishing incompatible standards of conduct or judgments in individual lawsuits would adversely affect the rights of other members of the class. Under Rule 23(b)(2), a plaintiff may maintain a class where the defendant has acted in a manner applicable to the entire class, making injunctive or declaratory relief appropriate. Finally, under Rule 23(b)(3), a class may be maintained where common questions of law and fact predominate over questions affecting individual members and where a class action is superior to other means to adjudicate the controversy.

Certification of a class for the purpose of settlement is similar to certification for purposes of trial, except the Court "need not inquire whether the case, if tried, would present intractable management problems" under Rule 23(b)(3)(D). Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997).[1] However, the settlement context "demand[s] undiluted, even heightened, attention" to "unwarranted or overbroad class definitions." Id. The decision to grant or deny class certification is within the trial court's discretion. Yamamoto v. Omiya, 564 F.2d 1319, 1325 (9th Cir. 1977).

The Court finds that, for the reasons discussed in its November 13, 2008 Order (Docket No. 180), the requirements of Rule 23(a) are satisfied with respect to the proposed classes. The considerations set forth in the prior order regarding numerosity, commonality, typicality, and adequacy of representation are equally applicable here.[2]

Next, the Court considers whether the proposed classes satisfy the requirements of Federal Rule of Civil Procedure 23(b)(3). "Subdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Kamm v. Cal. City Dev. Co., 509 F.2d 205, 211 (9th Cir. 1975) (quoting Committee notes). A class action may be

---

[1] Thus, the Court's reasons for refusing to certify two nationwide damages / restitution classes are not necessarily an impediment.

[2] The Court assumes that, as with the previously certified classes, the proposed class representatives are Michael Rivera and Dan Abell and that Robinson, Calcagnie & Robinson and Call, Jensen & Ferrell are the proposed counsel. (See Docket No. 180.) The Court preliminarily approves the proposed representatives and counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 07-1306 JVS (RNBx) | Date | July 6, 2009 |
| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. | | |

certified where common questions of law and fact predominate over questions affecting individual members and where a class action is superior to other means to adjudicate the controversy. Fed. R. Civ. P. 23(b)(3).

In the November 13, 2008 Order, the Court declined to certify nationwide damage/restitution classes for fraud and unjust enrichment because Rivera had not met the burden of proving manageability given differences in the laws of the fifty states. (Docket No. 180.) In certifying a class for the purpose of settlement, however, the Court "need not inquire whether the case, if tried, would present intractable management problems" under Rule 23(b)(3)(D). Amchem Products, Inc., 521 U.S. at 620. Putting the manageability problems aside, the Court finds that common questions of law and fact predominate over questions affecting individual members and that the class action is superior to other means to adjudicate the controversy. Without the concern of applying different legal standards, the Court's analysis of predominance and superiority set forth in the section of the November 13, 2008 Order certifying California classes is applicable. The Court directs the parties to the reasoning in that section of the prior Order. (Docket No. 180.)

Accordingly, the Court finds that certification under Rule 23(b)(3) of the proposed nationwide classes is appropriate.

    B.    <u>Preliminary Approval of Settlement</u>

        1.    <u>Settlement Terms</u>

The proposed Settlement includes the following key components:[3]

        a.    <u>The Settlement Class</u>

The Settlement Class includes all persons who purchased BSN's products purporting to contain CEM3 (Cellmass, Nitrix, and N.O.-Xplode) in the United States, its territories, or at any United States military facility or exchange for personal use and not for resale from November 6, 2003, through the date of preliminary approval. Excluded from the Settlement Class are: (1) all persons who validly opt out of the settlement in a

---

[3] Settlement, Hardin Decl., Ex. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-1306 JVS (RNBx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. | | |

timely manner; (2) counsel of record (and their respective law firms) for the parties; (3) the presiding judge in the case; (4) anyone who entered into a release with Defendants regarding the CEM3 products prior to the effective date of the Settlement; and (5) any one who received compensation from Defendants to endorse the CEM3 products.

### b. Compensation to the Settlement Class

The Settlement provides for a permanent injunction prohibiting BSN from selling, marketing, advertising, and/or manufacturing any products claimed to contain CEM3.

The Settlement provides that, within sixty calendar (60) days of the effective final approval, BSN shall: (a) for a period of no less than thirty-six (36) months, (i) affix a $5.00 mail-in rebate coupon to each bottle of Cellmass sold in the United States; and (ii) affix a $3.00 mail-in rebate coupon to each bottle of Nitrix sold in the United States; and (b) for a period of not less than twenty-four (24) months, affix a $3.00 mail-in rebate coupon to each bottle of N.O.-Xplode sold in the United States (collectively, the "Rebates"). With each redeemed coupon submitted, each consumer shall select and receive a free sample pack ($2.15 retail value) of either Cellmass, N.O. -Xplode or, at the discretion of BSN any other BSN product that BSN elects to make available. Rebates shall be capped at $50.00 per customer per year. The Parties estimate based upon historical retail sales of BSN's products, this portion of the Settlement could amount to approximately $23.5 million of value to the Settlement Class when fully utilized. If, by April 30, 2010, total redemption of the rebates does not exceed $2.5 million (including the retail value of all sample packs provided), BSN will offer, for the following 12 months, a 25% discount on all direct retail sales of any BSN product (excluding apparel, liquid beverages, sample packs, and promotional items or programs) to all of their customers. The Parties estimate based on historical retail sales of BSN's products, this portion of the settlement could amount to approximately $18.6 million of value to the Settlement Class when fully utilized.

The Settlement provides that class members who timely submit a valid claim form will be provided a refund check of $15.00 for each CEM3 Product purchased during the Class Period. Cash refunds will be limited to a maximum of $30.00 per Authorized Claimant. BSN's obligation to pay cash refunds is limited to the payment of valid claims received and subject to a maximum of $1,500,000.00.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 07-1306 JVS (RNBx)                    Date   July 6, 2009

Title   Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al.

The Settlement provides that BSN will donate a total of $1,000,000.00 (retail price) worth of BSN products to charitable causes selected by BSN and approved by Class Counsel over the next five years, with an annual donation obligation of no less than $200,000.00.[4]

      c.      Incentive Compensation

The Settlement further permits Rivera to apply for incentive compensation in an amount not to exceed $12,500 to Michael Rivera and in an amount not to exceed $6,250 to Daniel Abell.

      d.      Attorneys' Fees

In addition, the Settlement provides that BSN will not contest Class Counsel's application to this Court for payment of $6.25 million in attorneys' fees and costs. Rivera asserts that this amount reflects a multiplier of less than 1.5 of Class Counsel's approximate lodestar, plus actual costs of approximately $320,000.

      e.      Notice Plan

Finally, the Settlement provides that all costs of notice and claims administration will be paid by BSN. Within 20 days after the entry of the Preliminary Approval Order, the parties will, in compliance with the notice plan, provide direct notice by mail or email to Settlement Class Members for whom BSN has an address. BSN will also publish a summary publication notice in the national edition of USA Today twice. The Claims Administrator shall also create a website for the purpose of providing notice, claim forms, and other information to members of the Settlement Class.

      2.      Preliminary Approval Factors

The Court now turns to consider the merits of the proposed Settlement under the Staton factors listed above. Staton, 327 F.3d at 959.

---

[4] Although the proposed Settlement consideration is substantial, the Court has no measure of potential liability before it. The Court expects that counsel will provide such a benchmark showing prior to the final approval hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 07-1306 JVS (RNBx) | Date | July 6, 2009 |
| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. | | |

a. The Strength of the Plaintiff's Case

Courts have balanced the strength of the plaintiffs' case against the amount offered in the settlement. National Rural Telecommunications Cooperative v. DIRECTV, Inc., 221 F.R.D. 523, 526 (C.D.Cal. 2004). After reviewing the significant terms of the proposed Settlement, the Court finds that the settlement terms compare favorably to the uncertainties associated with continued litigation in this action. The Settlement provides Class Members with meaningful compensation, including the permanent injunction, rebates, and refunds. Thus, the Court finds that the Settlement is a fair resolution of the issues in this case.

b. The Risk, Expense, Complexity, and Likely Duration of Further Litigation

The Court finds that the risk, expense, complexity, and likely duration of further litigation weigh heavily in favor of approving the Settlement. "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." Id. at 526. Having already ruled on several pretrial motions, this Court is familiar with the facts and issues involved in this case and finds that this is a complex action, likely to involve significant expense and risk if the action were to proceed to trial. In addition, there is some indication that BSN's finances may present additional risk to the class members. The present Settlement provides meaningful compensation to the class while permitting BSN to effectively provide such compensation.

c. The Risk of Maintaining Class Action Status Throughout the Trial

The Court does not find that there is a great risk of maintaining class action status throughout the trial. As set forth above, the Court has already certified several classes in this action. However, the Court recognizes that it is at least conceivable that the class could be decertified or modified if the litigation were to continue. Nevertheless, this factor is largely neutral in the analysis.

d. The Amount Offered in Settlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 07-1306 JVS (RNBx)                          Date   July 6, 2009

Title    Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al.

"[I]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial." Id. at 527. Here, the Settlement provides for a permanent injunction prohibiting BSN from selling, marketing, advertising, and/or manufacturing any products claimed to contain CEM3. In the November 13, 2008 Order regarding class certification, this Court found that "Rivera's request for injunctive relief predominates over the request for monetary relief. Given that it is unlikely that any named plaintiff or class member will recover more than a few hundred dollars, the Court presumes that the plaintiffs are primarily interested in injunctive relief." (Docket No. 180.) Thus, the permanent injunction accomplishes a significant goal in this litigation.

In addition, the Settlement provides substantial benefits to the class in the form of rebates, refunds, and charitable contributions. "[C]ourts in numerous cases have recognized that coupon settlements can provide effective relief for class members." In re Mexico Money Transfer Litigation (Western Union and Valuta), 164 F.Supp.2d 1002, 1018 (N.D.Ill. 2000) (citations omitted). The Court also finds that the amount of incentive compensation and attorneys' fees is fair and reasonable, as discussed below.

Accordingly, the Court finds that the amount offered in the Settlement is fair and reasonable, particularly in light of the risks of litigation.

    e. The Extent of Discovery Completed and the Stage of the Proceedings

"A court is more likely to approve a settlement if most of the discovery is completed because it suggests that the parties arrived at a compromise based on a full understanding of the legal and factual issues surrounding the case. . . . A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair." National Rural Telecommunications Cooperative, 221 F.R.D. at 527-28 (citations omitted).

Here, the parties have completed extensive fact and expert discovery that included written discovery, depositions, document reviews, investigation, expert analysis of BSN's products, marketing practices, and finances. Rivera asserts that it "propounded at least 15 sets of written discovery and responded to the 26 sets of written discovery propounded by Defendants, took and/or defended over 28 depositions all over

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 07-1306 JVS (RNBx)                Date   July 6, 2009

Title   Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al.

the country, including New York, New Jersey, Florida, Georgia, and California, and reviewed and analyzed over 434,000 pages of documents produced by Defendants. Each side designated 4 expert witnesses and
[Rivera was] prepared to designate several other rebuttal experts when the Settlement was signed." (Mot. p. 20.)

The Court finds that the Settlement was reached after the parties had thoroughly examined the factual and legal bases of the disputed claims. The Court also finds that the Settlement is the product of months of arms-length negotiations. The Honorable Ronald M. Sabraw ("Sabraw") conducted two all-day mediations before a tentative settlement was reached in this case. (Judge Sabraw Decl. ¶ 4.) In between and following the two face-to-face mediation sessions, there were numerous telephonic conference calls and email correspondence between the parties and the mediator. (Id.) Judge Sabraw also declares that "[a]t all times the parties negotiated in good faith and at arms length." (Id. at ¶¶ 4-5) These factors strongly weigh in favor of the Court's approval of the Settlement.

### f.   The Experience and Views of Counsel

"Great weight" is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation. . . . Thus, the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel." National Rural Telecommunications Cooperative, 221 F.R.D. at 528.

The firms involved in this case are Robinson, Calcagnie & Robinson as welll as Call, Jensen & Ferrell. Judge Sabraw declares that, with respect to the mediation, "[a]ll parties were represented by very skilled, knowledgeable and thoroughly prepared lawyers. All lawyers were experienced in class actions and were vigorous advocates for their clients." (Id.) The Court finds that class counsel have demonstrated their competence during the course of this litigation.

Class Counsel have negotiated at arms length and have agreed that the proposed Settlement is a fair, adequate, and reasonable resolution of the dispute in this action. There is no evidence that the Settlement is the result of fraud or collusion.

Therefore, the Court finds that this factor weighs heavily in favor of granting the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-1306 JVS (RNBx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. | | |

settlement.[5]

Accordingly, pursuant to the Staton factors, the Court finds that the Settlement is fair, reasonable, and adequate.

### 3. Incentive Compensation and Attorneys' Fees

The Settlement permits Rivera to apply for incentive compensation in an amount not to exceed $12,500 to Michael Rivera and in an amount not to exceed $6,250 to Daniel Abell. In In re Mego Financial Corp. Securities Litigation, the court affirmed the trial court's award of an incentive award to the class representatives. 213 F.3d 454, 463 (9th Cir. 2000). "The criteria courts may consider in determining whether to make an incentive award include: 1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation and; 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." Van Vranken v. Atlantic Richfield Co., 901 F.Supp. 294, 299 (N.D.Cal. 1995).

Here, Dan Abell spent over 50 hours and Michael Rivera spent more than 100 hours on this case. (Abell Decl. ¶ 6, Rivera Decl. ¶ 6.) The Court has reviewed the declarations of Abell and Rivera and finds that they have spent significant effort and time in connection with this action. Therefore, the Court approves the modest incentive awards in the proposed Settlement.

In addition, the Settlement provides that BSN will not contest Class Counsel's application to this Court for payment of $6.25 million in attorneys' fees and costs. Rivera asserts that this amount reflects a multiplier of less than 1.5 of Class Counsel's approximate lodestar, plus actual costs of approximately $320,000.

In the Ninth Circuit, the Hanlon lodestar calculation guides the determination of whether a fee award is reasonable:

---

[5] The presence of a governmental participant and the reaction of the class members to the proposed settlement are not applicable in this case because the government is not a participant and notice has not yet been provided.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-1306 JVS (RNBx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. | | |

> The lodestar calculation begins with the multiplication of the number of hours reasonably expended by a reasonable hourly rate. The hours expended and the rate should be supported by adequate documentation and other evidence; thus, attorneys working on cases where a lodestar may be employed should keep records and time sheets documenting their work and time spent. The resulting figure may be adjusted upward or downward to account for several factors including the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment.

Hanlon, 150 F.3d at 1029 (citations omitted). Here, Class Counsel has not provided the specifics of the lodestar calculation.[6] Nor has Class Counsel submitted time records or any other evidence to assist the Court in calculating the lodestar. See Harris v. Marhoefer, 24 F.3d 16, 18 (9th Cir. 1994) (discussing fee awards in the context of section 1988).

Accordingly, the Court expects when Class Counsel seeks final approval, they will adequately support their request for fees and costs with detailed evidence. The Court nevertheless makes a preliminary finding that the amount of attorneys' fees requested in the Settlement is within the range of reasonableness comparing requested fees to the value of the funds created. See Hanlon, 150 F.3d at 1029.

Therefore, the Court preliminarily approves the proposed plan regarding the incentive awards and attorneys' fees.

    4.    Notice Plan

"Adequate notice is critical to court approval of a class [action] settlement." Hanlon, 150 F.3d at 1025. Federal Rule of Civil Procedure 23(e)(1) provides that the

---

[6] Rivera asserts that its counsel has spent in excess of 5,800 hours in attorney's time and 1,600 hours of paralegal's time and incurred actual costs of aproximately $320,000. (Mot. p. 22.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-1306 JVS (RNBx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. | | |

Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal."

The Settlement provides the following with respect to the notice plan: All costs of notice and claims administration will be paid by BSN. Within 20 days after the entry of the Preliminary Approval Order, the parties will, in compliance with the notice plan, provide direct notice by mail or email to Settlement Class Members for whom BSN has an address. BSN will also publish a summary publication notice in the national edition of USA Today twice. The Claims Administrator shall also create a website for the purpose of providing notice, claim forms, and other information to members of the Settlement Class.

The Court finds that this proposed class notice is fair and reasonable. Therefore, the Court preliminarily approves the proposed notice plan.

SCHEDULING

In consideration of the parties' proposal, the Court adopts the following schedule:

| Class Counsel shall mail notice. | July 24, 2009 |
|---|---|
| Class Counsel shall publish notice. | July 24, 2009 |
| Last day for class members to submit claim forms, an opt-out form, or written objections. | September 22, 2009 |
| Last day for filling and service of papers in support of final settlement approval and request for attorney fees and expenses. | September 29, 2009 |
| Final settlement approval hearing. | Oct. 19, 2009 at 1:30 p.m. |
| Defendants to make all payments and structural changes per the proposed settlement. | (10 days after entry of judgment) |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-1306 JVS (RNBx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | Michael Rivera, et al. v. Bio Engineered Supplements & Nutrition, Inc., et al. | | |

IV.  CONCLUSION

For the foregoing reasons, Rivera's motion for preliminary approval of the class action settlement is granted. In summary, the Court orders that

1. The proposed class be preliminarily certified under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes;

2. Michael Rivera and Dan Abell be designated class representatives;

3. Robinson, Calcagnie & Robinson and Call, Jensen & Ferrell shall be appointed as class counsel;

4. The proposed Settlement is sufficiently fair, adequate, and reasonable to merit preliminary approval and notification to class members;

5. The Court preliminarily approves the proposed plan regarding the incentive awards, attorneys' fees, and notice.

|  | : | 03 |
|---|---|---|
| Initials of Preparer | nkb | |