SCOTT J. FERRELL, Bar No. 202091
JAMES B. HARDIN, Bar No. 205071
SCOT D. WILSON, Bar No. 223367
CALL, JENSEN & FERRELL
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:  (949) 717-3000; Fax: (949) 717-3100
sferrell@calljensen.com
jhardin@calljensen.com

MARK P. ROBINSON, Bar No. 54426
KEVIN F. CALCAGNIE, Bar No. 108994
JEOFFREY L. ROBINSON, Bar No. 97852
ROBINSON, CALCAGNIE & ROBINSON INC.
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
Tel: (949) 720-1288
Fax: (949) 720-1292
mrobinson@rcrlaw.net
kcalcagnie@rcrlaw.net
jrobinson@rcrlaw.net

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RIVERA and DAN ABELL, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIO-ENGINEERED SUPPLEMENTS & NUTRITION, INC., d/b/a BSN, INC., a Florida Corporation, CHRISTOPHER FERGUSON, an individual, and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No.  SACV07-1306 JVS (RNBx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS**<br><br>Date:           October 19, 2009<br>Time:          1:30 p.m.<br>Courtroom:  10C<br>Judge:         Hon. James V. Selna<br><br>Complaint Filed:  November 6, 2007<br>Trial Date:           May 19, 2009 |

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:556477_2: 9.29.2009                                          - 1 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT
OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 1:30 p.m. on October 19, 2009, or as soon thereafter as the case may be heard, in Courtroom 10C of this Court, located at 411 West Fourth Street, Santa Ana, California, Plaintiffs will and hereby do move for an award of attorneys' fees, reimbursement of reasonable expenses, and award of class representative enhancement.

Plaintiffs seek an order awarding class counsel Call, Jensen & Ferrell, LLP and Robinson Calcagnie & Robinson ("Class Counsel") their reasonable attorneys' fees, costs, and incentive awards to class representatives Michael Rivera and Daniel Abell.

This motion is made on the grounds that Plaintiffs' request for attorneys' fees, reimbursement of costs incurred prosecuting this case, and the incentive awards for the class representatives are patently fair, objectively reasonable and appropriate in light of the significant amount of time, money, and risk expended in this case and the significant results obtained on behalf of the Class.

This motion is based on this notice, the accompanying Memorandum of Points and Authorities, the Declarations of James B. Hardin, Mark Robinson, Jr., James Skorheim, the complete records and file in this action, and any such other and further evidence and arguments as may hereafter be adduced.

Dated: September 29, 2009

CALL, JENSEN & FERRELL
A Professional Corporation


By: *s/James B. Hardin*
JAMES B. HARDIN
Attorneys for Plaintiffs and proposed class
E-mail: jhardin@calljensen.com

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................. 1

II. THE LODESTAR METHOD IS APPROPRIATE HERE BECAUSE THE PRIMARY RELIEF OBTAINED IS INJUNCTIVE AND THIS FEE APPLICATION IS NOT BASED ON THE PRODUCT REBATES IN THE PROPOSED SETTLEMENT ................................................................................................. 2

III. THE REQUESTED ATTORNEYS' FEE AND COST AWARD IS FAIR, OBJECTIVELY REASONABLE AND APPROPRIATE UNDER THE KERR FACTORS ........................................................... 3

   A. This Case Required Class Counsel To Reasonably Expend A Great Deal Of Time And Labor, Largely Due To The Zealous Defense Mounted By BSN And Ferguson ........................ 4

   B. This Case Involved Many Novel and Difficult Questions Of Fact And Law ................................................................................. 6

   C. This Case Required Counsel To Perform Skillfully ...................... 7

   D. This Case Precluded Class Counsel From Other Employment .................................................................................... 8

   E. The Request Is Consistent With Customary Fees And Consistent With Awards In Similar Cases ..................................... 8

   F. The Request Is Consistent With Customary Fees And Awards In Similar Cases ................................................................ 9

   G. The Fees And Costs Were Entirely Contingent ........................... 10

   H. Class Counsel Obtained A Substantial Result For The Class Under Difficult Circumstances ..................................................... 11

   I. The Experience, Reputation, And Ability Of Class Counsel Was Essential To The Success of This Litigation. ....................... 13

IV. CLASS COUNSEL SHOULD BE REIMBURSED FOR ITS REASONABLE COSTS INCURRED PROSECUTING THIS ACTION ........................................................................................................ 13

V. THE REQUESTED INCENTIVE COMPENSATION FOR THE CLASS REPRESENTATIVES IS FAIR AND REASONABLE ................... 14

VI. CONCLUSION ................................................................................................ 15

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:556477_2: 9.29.2009                  - i -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT
OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

# TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*Barcia v. Contain-A-Way, Inc.*,
 2009 WL. 587844 (S.D. Cal. 2009) ................................................................. 15

*Bogosian v. Gulf Oil Corp.*,
 621 F. Supp. 27 (E.D. Pa. 1985) ..................................................................... 15

*In re Chiron Corp. Sec. Litigation*,
 2007 WL. 4249902 (N.D. Cal. 2007) ................................................................ 9

*Ingram v. The Coca-Cola Co.*,
 200 F.R.D. 685 (2001) ..................................................................................... 14

*In re Dun & Bradstreet Credit Services Customer Litigation*,
 130 F.R.D. 366 (S.D. Ohio 1990) ................................................................... 15

*Edmonds v. United States*,
 68 F. Supp. 1126 (D.S.C. 1987) ........................................................................ 7

*In re Equity Funding Corp. Sec. Litigation*,
 438 F. Supp. 1303 (C.D. Cal. 1977) .................................................................. 7

*Florida v. Dunne*,
 915 F.2d 542, 545 (9th Cir. 1990) ..................................................................... 3

*Glass v. UBS Finance Services*,
 2007 U.S. Dist. LEXIS 8476 (N.D. Cal. 27, 2007) ......................................... 15

*Grays Harbor*,
 2008 WL. 1901988 (2008) ............................................................................... 13

*Harris v. Marhoefer*,
 24 F.3d 16 (9th Cir. 1994) ............................................................................... 13

*Hanlon v. Chrysler Corporation*,
 150 F.3d 1011 (1998) .................................................................................... 1, 3

*Kerr v. Screen Extras Guild, Inc.*,
 526 F.2d 67 (9th Cir. 1975) ........................................................................ 2, 3 4

*In re King Resources Co. Sec. Litigation*,
 420 F. Supp. 610 (D. Colo. 1976) ............................................................... 7, 11

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:556477_2: 9.29.2009         - ii -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT
OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

*In re Medina Vision Tech. Sec. Litigation*,
  913 F. Supp. 1362 (N.D. Cal. 1996) ..................................................................13

*National Rural Telecomm. Cooperative*,
  221 F.R.D. 523 (2004) ......................................................................................12

*Stanton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ............................................................................13

*Van Vranken v. Atlantic Richfield Corp.*,
  901 F. Supp. 294 (N.D. Cal. 1995) ................................................... 8, 9, 14, 15

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) ............................................................ 3, 8, 9, 10

*In re Vitamin Cases*,
  107 Cal. App. 4th 820 (2003) ...........................................................................10

*In re Wash. Public Power Supply System Sec. Litigation*,
  19 F.3d 1291 (9th Cir. 1994) ..............................................................................3

**STATE CASES**

*Amaral v. Cintas Corp. No. 2*,
  163 Cal. App. 4th 1157 (2008) .........................................................................10

*Lealao v. Beneficial California, Inc.*,
  82 Cal. App. 4th 19 (2000) .................................................................................3

**FEDERAL STATUTES**

28 U.S.C. § 1712(b) ................................................................................................1, 2

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:556477_2: 9.29.2009                        - iii -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT
OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

With this motion, Class Counsel seeks an award of reasonable attorneys' fees, costs, and incentive compensation to class representatives Michael Rivera and Daniel Abell.[1]

The record demonstrates that Class Counsel undertook this litigation on a wholly contingent basis and reasonably spent over 5,600 hours and approximately $320,000 in costs in their successful effort to stop Defendants' false advertising of CEM3 in its products.  Many aspects of this case were subject to substantial dispute, including highly technical scientific issues and complex legal issues regarding causation and damages.  There was substantial doubt that a class could be certified and a significant risk at the end of the day that there would be little or no recovery by the class at trial.  Class Counsel skillfully overcame a resourceful and well funded defense team[2] – Defendants incurred over $6 million in attorneys' fees defending this case – and deftly structured a settlement that provides the greatest potential value to the Class while still allowing BSN to continue its operations in light of very real financial difficulties.

The lodestar/multiplier method is appropriate for determining attorneys' fees here because a permanent injunction is the primary relief obtained in the Settlement and the value of the product rebate portion of the Settlement *is not* the basis for this fee application.[3]  An application of the relevant factors considered in the Ninth Circuit[4]

---

[1] The Court has already granted preliminary approval to the requested incentive payments and the proposed settlement agreement ("Settlement"), which provides that Defendants will not challenge an application for attorneys' fees and costs of $6.25 million or less.

[2] The Court may recall that at a March 2009 hearing, Defendants represented to the Court that they had over 40 attorneys and paralegals working on this case.

[3] See 28 U.S.C. § 1712(b) (in class action settlement with coupons, a fee application *not based* on recovery of coupons should be based on the lodestar method); see also Hanlon v. Chrysler Corporation, 150 F.3d at 1011, 1029 (explaining that courts often use a lodestar calculation where there is no way to gauge the net value of the settlement or any percentage thereof).

RIV03-01:556477_2: 9.29.2009    - 1 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

makes it clear that the attorneys' fees request here, based on a multiplier of just 1.5, is patently reasonable for various reasons.  As discussed herein, Class Counsel obtained an outstanding result for the Class in a case that required Class Counsel to expend a great deal of time and resources, involved many novel and complex factual and legal issues, required Class Counsel to use their experience to perform skillfully, precluded Class Counsel from other remunerative employment, the fees were entirely contingent, and this fee request is consistent with customary fees and attorneys' fee awards in similar cases in that Class counsel seeks only a 1.5 multiplier of their lodestar.

Class Counsel should also be reimbursed their reasonable costs of $319,585.15 incurred in prosecuting this action.

Class representatives Michael Rivera and Daniel Abell should receive reasonable incentive compensation awards of $12,500 and $6,250 for the risks they endured, time they spent on this case, and the results they achieved on behalf of the Class.

Therefore, Plaintiffs respectfully request that the Court issue an order awarding: (1) Class Counsel reasonable attorneys' fees of $5,779,660.50: (2) Class Counsel costs of $319,585.15; and (3) incentive payments of $12,500 to plaintiff Michael Rivera and $6,250 to plaintiff Daniel Abell.

## II. THE LODESTAR METHOD IS APPROPRIATE HERE BECAUSE THE PRIMARY RELIEF OBTAINED IS INJUNCTIVE AND THIS FEE APPLICATION IS NOT BASED ON THE PRODUCT REBATES IN THE PROPOSED SETTLEMENT

The lodestar method of calculating attorney's fees is appropriate here because an injunction is the primary relief obtained against Defendants and the Settlement contains a product rebate/coupon component.  See 28 U.S.C. 1712(b) (in class action settlement with coupons, a fee application *not based* on recovery of coupons should be based on

---

Continued from the previous page
[4] See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); see also Hanlon, 150 F.3d 1011, 1029 (1998).

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:556477_2: 9.29.2009     - 2 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

1  the lodestar method); see also Hanlon, 150 F.3d at 1029 (explaining that courts often use a lodestar calculation where there is no way to gauge the net value of the settlement or any percentage thereof).

The Ninth Circuit has held that when state substantive law applies, attorneys' fees are to be awarded in accordance with state law. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002). Because California is the forum state, California law should be applied to the determination of an appropriate fee award. Id. California law also recognizes the lodestar method as the favored method for determining appropriate attorneys' fees in a class action. See Lealao v. Beneficial California, Inc., 82 Cal. App. 4th 19, 49-50 (2000).

"Under the lodestar/multiplier method, the district court first calculates the 'lodestar' by multiplying the reasonable hours expended by a reasonable hourly rate." In re Wash. Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1295 n.2 (9th Cir. 1994). "The Court may then enhance the lodestar with a 'multiplier,' if necessary, to arrive at a reasonable fee." Id. (citation omitted); Lealao, at 40; see generally Vizcaino, 290 F.3d at 1052-54 (approving multiplier of 3.65 and citing a survey of class settlements from 1996-2001 indicating that most multipliers range from 1.0 to 4.0).[5]

### III. THE REQUESTED ATTORNEYS' FEE AND COST AWARD IS FAIR, OBJECTIVELY REASONABLE AND APPROPRIATE UNDER THE KERR FACTORS

The Ninth Circuit has enumerated factors to consider in determining the appropriateness of a fee using the lodestar method. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); see also Hanlon, 150 F.3d at 1029. In approving a fee request under the lodestar method, trial courts should consider:

---

[5] "Under the percentage method, the court simply awards the attorneys a percentage of the funds sufficient to provide plaintiffs' attorneys with a reasonable fee." In re Wash. Pub. Power Supply, 19 F.3d at 1295 n. 2 (citation omitted). The overriding principle is that the award be "'reasonable under the circumstances'" Id. (quoting Florida v. Dunne, 915 F.2d 542, 545 (9th Cir. 1990).

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:556477_2: 9.29.2009                                    - 3 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

> (1) the time and labor required, (2) the novelty and difficulty of the question involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.

An analysis of the foregoing factors[6] shows that the fees requested by Class Counsel are reasonable and justified.

### A. This Case Required Class Counsel To Reasonably Expend A Great Deal Of Time And Labor, Largely Due To The Zealous Defense Mounted By BSN And Ferguson

Class Counsel has provided summary reports of the two firms' lodestar with this fee application and detailed time reports submitted for in camera review, which establish that the time Class Counsel spent on this case was reasonably spent.

First, Class Counsel spent over 5,600 hours in actual time litigating this case. Plaintiffs propounded at least 15 sets of written discovery and responded to 26 sets of discovery, took and/or defended over 28 depositions all over the country, including New York, New Jersey, Florida, Georgia, and California, and reviewed and analyzed over 500,000 pages of documents produced by Defendants. Plaintiffs engaged at least eight expert witnesses on various subjects and on February 18, 2009, each side designated four expert witnesses and were on the verge of conducting expert depositions when the Settlement was reached. The parties filed and/or opposed over 30 pretrial motions, extensively briefed matters related to class certification, and filed several dispositive motions, including Plaintiffs' motions for summary adjudication and preliminary injunction and Defendants' motion to dismiss and motion for summary

---

[6] Class Counsel believes that factors 7, 10, and 11 do not apply here.

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:556477_2: 9.29.2009                          - 4 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

judgment. Class Counsel's total fee request, even after applying the requested 1.5 multiplier, is still significantly less than the more than $6 Million in fees Defendants incurred in this case. (Hardin Decl., ¶ 16).

Second, most of Class Counsel's fees were incurred responding to or addressing the motions, moves, and stratagems of Defendants, including their motions for repeated continuances of class certification, additional briefing regarding certification, depositions of class members, discovery motions, expert motions, motion for summary judgment, petition to the Ninth Circuit to review the certification order, belated production of over 400,000 pages of documents, and claims of financial duress, to name just some. (Hardin Decl., ¶ 17).

Third, Class Counsel efficiently moved this case toward class certification and trial, despite the vigorous resistance of Defendants. Among other things, Class Counsel: (1) conducted a thorough pre-filing investigation; (2) moved for class certification within *three months of filing suit*, only to have the class certification hearing continued several times, and extensive supplemental briefing required, at the request of Defendants; (3) resisted (unsuccessfully) Defendants' efforts to obtain extensive discovery from Plaintiffs and absent class members; (4) received Defendants' belated production of over 400,000 pages of documents in January 2009 and promptly moved to hold the existing trial date and all pending deadlines; and (5) made early efforts to discuss possible settlement of this action – in a December 2007 meeting with defense counsel and an August 2009 letter proposing mediation – that were largely ignored by Defendants until January 2009. (Hardin Decl., ¶ 18).

Fourth, in an effort to reduce fees while maintaining high quality representation of the class, the vast majority of the case was litigated by well qualified junior partners, associates, and paralegals within the billing range of $600 to $200 per hour. (Hardin Decl., ¶ 32).

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:556477_2: 9.29.2009                - 5 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

Fifth, because the Settlement will require consideration to be paid to the Class for at least three years, Class Counsel will likely have to incur substantial fees overseeing this case in the future. (Hardin Decl., ¶ 33).

### B. This Case Involved Many Novel and Difficult Questions Of Fact And Law

As demonstrated by the various procedural and substantive motions filed, this case involved many complex scientific issues, factual issues regarding BSN's marketing, profits, and financial condition, and legal issues regarding causation, damages, and choice of law. Class Counsel engaged at least 10 experts from various disciplines, including experts in chemistry, marketing, and accounting.

First, the basic premise of this case – that Defendants marketed an alleged new form of creatine that did not chemically exist – required Class Counsel to master many complex chemistry issues, including the chemical bonding of key components of Defendants' products (i.e. Creatine Ethyl Ester and Malic Acid), the proper methods to test for the presence and amounts of these and other ingredients (e.g., High Performance Liquid Chromatography, Mass Spectrometry, and Fourier Transform Infrared Spectrometry), and the purported efficacy of various other components in Defendants' products. Such issues were already well known to Defendants and key employees who had already submitted patent applications regarding CEM3. Class Counsel's mastery of these concepts ultimately led to its successful resolution of this case.

Second, this case also required Class Counsel to analyze difficult factual issues regarding the scope and impact of BSN's marketing effects and complex forensic accounting issues regarding Defendants' financial condition, often with the aide of expert witnesses.

Third, this case posed complex and novel legal issues regarding causation, reliance, and choice of law. In obtaining certification of several classes in this case, Class Counsel was required to analyze and apply the laws of the fifty states, Federal and

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:556477_2: 9.29.2009               - 6 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

California law regarding classwide proof of reliance and/or inferring classwide reliance, and complex damage issues.

### C. This Case Required Counsel To Perform Skillfully

The "prosecution and management of a complex national class action requires unique legal skills and abilities." Edmonds v. United States, 68 F. Supp. 1126, 1137 (D.S.C. 1987). Class Counsel are prominent members of outstanding law firms who have outstanding educational backgrounds and legal experience, including extensive experience in complex and class action litigation. (Robinson Decl., ¶¶ 3-10; Hardin Decl., ¶¶ 25-31).

First, the exceptional work product submitted and results obtained in this case are persuasive evidence of Class Counsel's skill. Class Counsel thoroughly investigated Defendants' false CEM3 claim, amassed an array of evidence showing that CEM3 is absent from BSN's products based on the testimony of several of the world's top creatine experts and academics, obtained and presented compelling evidence of reliance in the form of 46 consumer declarations and the expert opinions of a top marketing expert, analyzed the potential damages in this case with several qualified experts in various fields, and analyzed the overall financial condition of Defendants when their solvency became doubtful in early 2009. Ultimately, Class Counsel was able to structure a settlement that was an outstanding result under difficult circumstances.

Second, Class Counsel was opposed by skilled and respected counsel from Reed Smith, who employed significant resources and experience to very zealously represent the interests of their clients. The quality of opposing counsel is also an important factor when evaluating the quality of the work done by counsel. See In re Equity Funding Corp. Sec. Litig., 438 F. Supp. 1303, 1337 (C.D. Cal. 1977); King Resources, 420 F. Supp. at 634.

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:556477_2: 9.29.2009                - 7 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

### D. This Case Precluded Class Counsel From Other Employment

Robinson, Calcagnie & Robinson and Call, Jensen & Ferrell are two of the most prominent firms in Orange County and Southern California. They are also relatively small firms, each with about 20 attorneys or less. Incurring over 5,600 hours in this very demanding case prevented Class Counsel from pursuing other valuable cases and opportunities.

For instance, Robinson, Calcagnie & Robinson has obtained verdicts and settlements of $4.9 billion in Anderson v. General Motors, a products liability action, County of Los Angeles v. R.J. Reynolds et al., which was resolved as part of a national settlement under which the County of Los Angeles will receive approximately $3.3 billion over 25 years, Barnett v. Merck, a $51 million verdict in a products liability action, Ereba v. The Geneva Companies, a $45 million consumer class action settlement, Anderson v. Snow Valley, a $30.8 million dollar verdict in a personal injury action, and over 30 other verdicts and settlements over $5 million.

Class Counsel's zealous representation of the Class in this case prevented it from taking other very remunerative employment.

### E. The Request Is Consistent With Customary Fees And Consistent With Awards In Similar Cases

The reasonable hourly rates and requested multiplier of 1.5 in this fee application are consistent with customary fees and awards in similar cases.

Class Counsel's hourly rates are consistent with the market rate for attorneys in Southern California with comparable expertise, experience, and qualifications. (Robinson Decl., ¶ 13; Hardin Decl., ¶ 34).

Moreover, the modest 1.5 multiplier requested by Class Counsel falls well within the range of multipliers approved by Ninth Circuit Courts. See Vizcaino, 290 F.3d at 1052-54 (approving multiplier of 3.65 and citing a survey of class settlements from 1996-2001 indicating that most multipliers range from 1.0 to 4.0); Van Vranken v. Atlantic Richfield Corp., 901 F. Supp. 294, 298 (N.D. Cal. 1995) ("Multipliers in the 3-

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:556477_2: 9.29.2009  - 8 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

4 range are common in lodestar awards for lengthy and complex class action litigation"); In re Chiron Corp. Sec. Litig., 2007 WL 4249902, *8 (N.D. Cal. 2007) ("In almost every scenario, the multiplier is greater than one and often in the order of two to four."). In light of the range of multipliers commonly approved by courts within the Ninth Circuit, the fee request is reasonable.

### F. The Request Is Consistent With Customary Fees And Awards In Similar Cases

The reasonable hourly rates and requested multiplier of 1.5 in this fee application are consistent with customary fees and awards in similar cases. As an initial matter, and as set forth more fully herein, Class Counsel's hourly rates are consistent with the market rates for attorneys in Southern California with comparable expertise, experience, and qualifications. (Robinson Decl., ¶ 13; Hardin Decl., ¶ 34).

Likewise, the modest 1.5 multiplier requested by Class Counsel falls well within (and generally below) the range of multipliers approved by Ninth Circuit Courts. See Vizcaino, 290 F.3d at 1052-54 (approving multiplier of 3.65 and citing a survey of class settlements from 1996-2001 indicating that most multipliers range from 1.0 to 4.0); Van Vranken v. Atlantic Richfield Corp., 901 F. Supp. 294, 298 (N.D. Cal. 1995) ("Multipliers in the 3-4 range are common in lodestar awards for lengthy and complex class action litigation"); In re Chiron Corp. Sec. Litig., 2007 WL 4249902, *8 (N.D. Cal. 2007) ("In almost every scenario, the multiplier is greater than one and often in the order of two to four.").

Indeed, much larger fee requests have been approved in cases with similar fact patterns where the benefits to class members fell far short of those provided to the class here. For example, in the In re Vitamin Cases the Court approved a settlement, including a $16 million attorney fee request, where no compensation was paid to consumer class members whatsoever. Rather, in that case the Court identified four factors that militated in favor of payment of the consumer class compensation to third parties "that collectively are, as nearly as practicable, representative of the interests of

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:556477_2: 9.29.2009                                - 9 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT
OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

injured consumers....." In re Vitamin Cases, 107 Cal. App. 4th 820, 825 (2003). In that litigation, the Court found the following factors relevant to its decision: (a) an impracticability of processing the potential claims of millions of individuals who purchased the products during the relevant period; (b) the expense and inconvenience to individual class members associated with having to document specific purchases of the products over a span of many years; (c) the potential unfairness to class members who are unable to provide evidence of their purchases during the relevant period; and (d) the high cost of administering direct cash payments to millions of consumers relative to the average likely award to those consumers. Id., at 825.

The four factors identified by the Court in In Re Vitamin Cases (as well as several others; including BSN's precarious financial state) are applicable here. However, contrary to the In re Vitamin Cases, the settlement here provides, in addition to valuable consideration paid indirectly to likely class members in the form of rebates, free product, donations, and potential discounts, direct compensation to class members who claim they were harmed by the alleged conduct of BSN.

### G. The Fees And Costs Were Entirely Contingent

A determination of a fair attorneys' fee award must also include consideration of the contingent nature of the fee and the difficulties which were overcome in obtaining the settlement. Vizcaino, 290 F.2d at 1049-50; Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1217-1218 (2008) ("[contingent risk] is not simply that counsel turned away paid work for a time in order to represent the class, but that counsel risked never receiving compensation *at all*. . . . The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of these services . . . . A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid for only the second of these functions." (emphasis in original) (internal citations omitted).

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:556477_2: 9.29.2009    - 10 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

This litigation was undertaken by Class Counsel on a wholly contingent basis. Class Counsel initiated complex, expensive, and lengthy litigation, with no guarantee of compensation for the significant amount of time, money, and effort that it did invest to prosecute this case. Class Counsel dedicated ample resources of attorneys and other personnel to this action and incurred over 5,600 hours in attorney time and approximately $320,000 in expenses necessary to prosecute the case.

Class Counsel undertook significant risk in taking and pursuing this case. Many aspects of this case were subject to substantial dispute, including highly technical issues regarding scientific matters, causation, and damages. There was substantial doubt that a class could be certified given all of these disputed factual and legal issues. Even if Plaintiffs obtained certification and prevailed on the liability issues, there was a significant risk that the recovery would be substantially less than that achieved by the Settlement. See In re King Resources Co. Sec. Litig., 420 F. Supp. 610, 636-37 (D. Colo. 1976) ("In evaluating the services rendered in this case, appropriate consideration must be given to the risks assumed by plaintiffs' counsel in undertaking the litigation").

In short, throughout this case there was a substantial risk that Class Counsel would not prevail and would lose all the time and money spent on this case.

### H. Class Counsel Obtained A Substantial Result For The Class Under Difficult Circumstances

Despite a vigorous and resourceful defense, Class Counsel skillfully litigated this case through the end of discovery and then leveraged Defendants' financial difficulties and Plaintiffs' pending motions for preliminary injunction, summary adjudication, and evidentiary sanctions into a very favorable settlement under the circumstances.

When viewed in light of the particular facts and issues in this case, the Settlement is clearly fair and reasonable. As set forth in Plaintiffs' Motion for Final Approval, the Settlement provides substantial benefits to the Class in the form of: (1) a permanent injunction prohibiting BSN from ever selling, marketing, advertising, and/or manufacturing any products claimed to contain CEM3; (2) cash rebates ranging from

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

RIV03-01:556477_2: 9.29.2009               - 11 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

$3.00 to $5.00 on future purchases of the Cellmass, Nitrix, and N.O.-Xplode products; (3) free product based on future purchases of Cellmass, Nitrix, and N.O.-Xplode products; (4) as a cross-check, a 25% discount on all direct sales of most BSN products if by April 30, 2010, total redemption of the cash rebates does not exceed $2.5 million; (5) a cash fund of up to $1.5 million to satisfy valid claims submitted by the Class; and (6) charitable donations worth $1 million (retail price) over five years.

It is an indisputable financial fact that in April 2009, when the Memorandum of Understanding regarding this Settlement was reached, BSN was in grave financial crisis that effectively ***required the settlement of this case***. As explained in the Declaration of James Skorheim, Class Counsel was forced to confront a real and significant risk that BSN would become insolvent if this litigation continued. (Skorheim Decl., ¶¶ 3-4). Class Counsel thoroughly evaluated BSN's financial condition, understood the genuine risks it posed to the Class, and deftly structured a settlement centered around not only the permanent injunction but also product rebates and potential price discounts that would allow BSN to continue operations and the Class to obtain significant compensation. (Hardin Decl., ¶ 12). Class Counsel submits they were able to leverage BSN's financial duress, along with Plaintiffs' pending motions for summary adjudication, preliminary injunction, and evidentiary sanctions to require Defendants to enter into a settlement that is very favorable under the circumstances.

To do otherwise – i.e., to seek "a flock of birds in the bush" rather than settle for a "bird in the hand"[7] – would have exposed the Class to a very significant and unjustified risk of receiving nothing except an unsecured claim in BSN's bankruptcy proceeding.

---

[7] See Nat'l Rural Telecomm. Coop., 221 F.R.D. 523, 526 (2004) ("It has been held proper to take the bird in the hand instead of a prospective flock in the bush.").

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:556477_2: 9.29.2009                - 12 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

## I. The Experience, Reputation, And Ability Of Class Counsel Was Essential To The Success of This Litigation.

Here, Class Counsel's experience, reputation, and ability were key factors in its ability to avoid a BSN bankruptcy and obtain a Settlement that is very favorable to the Class.

First, as the court docket attests, rather than be cowed by BSN's very aggressive and well-funded defense of this case, Class Counsel aggressively moved forward with class certification, discovery, and toward trial in a very successful effort to apply unceasing pressure on Defendants throughout this case.

Second, Class Counsel was savvy enough to thoroughly investigate, understand, and heed the very real financial duress of BSN and the risks this posed to the Class. Less experienced or capable class counsel may have failed to strike the delicate balance needed to extract a favorable settlement from Defendants that still gave BSN the best chance of survival in difficult economic times.

## IV. CLASS COUNSEL SHOULD BE REIMBURSED FOR ITS REASONABLE COSTS INCURRED PROSECUTING THIS ACTION

Class Counsel also request that it be reimbursed for $319,585.15 in expenses that it incurred prosecuting this action. (Hardin Decl., ¶ 36). The Ninth Circuit allows recovery of pre-settlement litigation costs in the context of class action settlements. See Stanton v. Boeing Co., 327 F. 3d 938, 974 (9th Cir. 2003); In re Medina Vision Tech. Sec. Litig., 913 F. Supp. 1362, 1366 (N.D. Cal. 1996); Grays Harbor, 2008 WL 1901988, at *4. Expenses of the type normally charged to hourly paying clients are reimbursable. See e.g., Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994) (recovery of "those out-of-pocket expenses that 'would normally be charged to a paying client'" are reimbursable). Here, Class Counsel seeks reimbursement for filing fees, legal research, necessary travel costs, photocopies, postage, delivery and messenger fees, deposition transcripts, and experts. All of these charges are commonly accepted as reimbursable.

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:556477_2: 9.29.2009                    - 13 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

## V. THE REQUESTED INCENTIVE COMPENSATION FOR THE CLASS REPRESENTATIVES IS FAIR AND REASONABLE

The Class representatives Michael Rivera and Daniel Abell are entitled to incentive compensation awards of $12,500 and $6,250 because they endured substantial risk bringing this case, spent a great deal of time overseeing it, and achieved a great result on behalf of the Class.

Factors to consider for an incentive award are: (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation. See e.g., Van Vranken v. Atlantic Richfield Co., 901 F. Supp. 294, 299-300 (N.D. Cal. 1995).

Applied here, Plaintiffs endured risk of financial harm, not only in serving as a party to a lawsuit, but also to their personal training business as a result of their participation. Indeed, in response to a discovery ruling by Magistrate Block in this case, Plaintiffs were forced to produce to Defendants the personal contact information of many of their customers and inform said customers that they may be deposed by Defendants solely because of Plaintiffs' participation in this case. Plaintiffs were also subject to extensive criticism and negative notoriety on the Internet by serving as class representatives. Despite that, Plaintiffs spent a great deal of time overseeing the litigation in this case. In addition to being deposed and responding to many sets of discovery, Plaintiffs reviewed all significant filings and documents in the case, received regular updates from counsel regarding the case, and Mr. Rivera attended the mediation. In all, Mr. Rivera spent more than 100 hours on this case and Mr. Abell over 50 hours, without any hope of personal benefit.

Thus, the incentive awards requested here -- $12,500 for Rivera and $6,250 for Abell – are well within the reasonable range. See e.g., Ingram v. The Coca-Cola Co.,

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

RIV03-01:556477_2: 9.29.2009    - 14 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

200 F.R.D. 694 (2001) (approving incentive awards of $300,000 to each named plaintiff for responding to discovery, participating in the mediation process and taking the risk of stepping forward on behalf of the class, and $3,000 for each person who executed an affidavit, in recognition of contribution to litigation that entailed risk and effort); <u>Van Vranken v. Atlantic Richfield Co.</u>, 901 F. Supp. 294, 299-300 (N.D. Cal. 1995) (approving $50,000 participating award); <u>Glass v. UBS Fin. Servs.</u>, 2007 U.S. Dist. LEXIS 8476 (N.D. Cal. 27, 2007) (court approved $25,000 incentive award to class representatives); <u>Barcia v. Contain-A-Way, Inc.</u>, 2009 WL 587844, *5 (S.D. Cal. 2009) (Court approved $12,000 incentive award for each class representative); <u>In re Dun & Bradstreet Credit Servs. Customer Litig.</u>, 130 F.R.D. 366, 376 (S.D. Ohio 1990) (compensating class representatives for "time, risk and expenses" in amounts ranging from $35,000 to $55,000); <u>Bogosian v. Gulf Oil Corp.</u>, 621 F. Supp. 27, 32 (E.D. Pa. 1985) (stating "the propriety of allowing modest compensation to class representatives seems obvious," and awarding $20,000 to two named class representatives.

## VI. CONCLUSION

Therefore, Plaintiffs respectfully request that the Court issue an order awarding: (1) Class Counsel reasonable attorneys' fees of $5,779,660.50: (2) Class Counsel costs of $319,585.15; and (3) incentive payments of $12,500 to plaintiff Michael Rivera and $6,250 to plaintiff Daniel Abell.

Dated: September 29, 2009       CALL, JENSEN & FERRELL
                                A Professional Corporation


                                By: *s/James B. Hardin*
                                    JAMES B. HARDIN
                                Attorneys for Plaintiffs and proposed class
                                E-mail: jhardin@calljensen.com